IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| MEGAN MASON; A.D.M, a minor; and T.M.M. a minor,<br><br>                    Plaintiffs,<br><br>v.<br><br>THE CIRCUIT COURT OF COOK COUNTY et. al.. | Case No. 1:22-cv-02315<br><br>Judge Charles R. Norgle |

## ORDER

      The Court dismisses *sua sponte* Plaintiffs' amended complaint [8] without prejudice for failure to comply with Rule 8, which requires a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). All pending motions [10] [29] [34] are denied as moot. The Court admonishes Plaintiff, Megan Mason, that under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, she cannot bring suit as next friend of her minor children, Plaintiffs A.D.M. and T.M.M., if she is not represented by an attorney. Elustra v. Mineo, 595 F.3d 699 (7th Cir. 2010). Plaintiffs' prolix 299-page amended complaint alleges, *inter alia*, violations of no less than thirteen statutes (at least seven of which are under Title 18 of the United States Code, *i.e.* the Criminal Code, and which do not provide civil remedies). Dkt. 8 ¶¶3-4; Dkt. 30. Plaintiffs seek various forms of injunctive relief and damages exceeding $20,000,000 based on claims of "corruption" and "abusive practices" related to Mason's divorce proceedings in the Domestic Relations Division of the Circuit Court of Cook County. Dkt. 8 ¶¶1-3, 59, 65, 76, 116. Plaintiffs' 90-page motion for preliminary injunction asks this Court to intervene in Mason's pending state court divorce proceeding. Dkt. 10. Plaintiffs' lack of basic coherence and organization create an unintelligible web of factual assertions and legal theories that make it impossible for the fifteen named defendants or the Court to ascertain which facts are relevant to which claims and to which defendant(s). Plaintiffs' blunderbuss complaint is emblematic of the "kitchen sink approach" to pleading that frustrates Rule 8's objective of framing the issues and providing the basis for informed pretrial proceedings. See Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d 939, 947 (7th Cir. 2013); Stanard v. Nygren, 658 F.3d 792, 798 (7th Cir. 2011). "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). Given this morass, the Court dismisses the amended complaint.

IT IS SO ORDERED.                    ENTER:

                                                              CHARLES RONALD NORGLE, Judge
                                                              United States District Court

DATE: July 14, 2022