# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MEGAN MASON,<br>Plaintiff; | Case Number: 1:22-CV-2315 |
| **Vs.** | |
| IRIS MARTINEZ, personally and as Clerk for the Circuit court of Cook County, Illinois, December 1, 2020 to the present, Defendant; | |
| DOROTHY A. BROWN, personally and as Clerk for the Circuit court of Cook County, Illinois December 1, 2000–December 1, 2020 Defendant; | |
| TYLER TECHNOLOGIES, based in Plano, Texas, Defendant; | |
| JAMES MURPHY-AGUILU, Inspector General for the Clerk of the Circuit Court of Cook County, personally and in his official capacity, Defendant; | |
| ROBERT JOHNSON, personally and as an individual in the role of employee supervisor to Kaye Mason, employee of the Clerk of The Circuit Court of Cook County, Illinois; Defendant; | |
| MICHAEL BENDER, personally and as Guardian Ad Litem for the Domestic relations Division of the Circuit Court of Cook County, Illinois Defendant; | |

DR. JOHN PALEN, personally and as
Parenting Coordinator for the Domestic
Relations Division of the Circuit Court of
Cook County,
Defendant;

BRADLEY TROWBRIDGE, personally,
Defendant;

CHRISTOPHER WEHRMAN, personally,
Defendant;

KAYE MASON, personally and as an
employee of the The Clerk of the Circuit
Court of Cook County, Illinois, Defendant;

LORI GARNER, personally in the office of
The Clerk of the Circuit Court of Cook
County, Illinois, Defendant;

TALITHA MILLER, personally and as
supervisor in the office of The Clerk of the
Circuit Court of Cook County, Illinois,
Defendant;

UNKNOWN CLERK EMPLOYEE 1
personally, Defendant;

UNKNOWN CLERK EMPLOYEE 2,
personally, Defendant;

UNKNOWN CLERK EMPLOYEE 3,
personally, Defendant;

**TRIAL BY JURY IS REQUESTED**

**EXPEDITED HEARING IS REQUESTED**

## AMENDED COMPLAINT AND REQUEST FOR INJUNCTION

### I.   OVERVIEW

Acting as pro se plaintiff I, Megan Mason, present this amended complaint seeking injunctive relief to stop continuous and ongoing civil rights violations  by persons acting under color of law in the Circuit Court of Cook County Illinois and in the office of The Clerk of the Circuit Court of Cook County, Illinois ("The Clerk"). With this complaint I have presented exhaustive evidence of harassment and interference with my First Amendment right to petition the government and my Fourteenth Amendment right to due process. Specifically I have been denied the right to be informed about and attend hearings; face continued denial of my right to file petitions, motions or responses; do not have the ability to correct my digital identity in the Clerk's e-filing software, despite informing employees of The Clerk  of errors a year ago; and continue to be denied access to secret ex parte email conversations between the court and opposing counsel related to Illinois domestic relations case 2016 D 9534, in which I am respondent.

  These constitutional deprivations have wreaked havoc on my family. I am a devoted mother to two boys who were removed from my home two weeks ago, and barred from being alone with me,  in retaliation for my whistleblowing activity. This removal was ordered by Robert Johnson acting in the role of presiding judge whom I have repeatedly and publicly accused of conspiring in criminal deprivations of my civil rights. Robert Johnson issued this order five years after I was divorced and entered into a duly enacted parenting plan. No evidence was submitted to support the motion. No police or DCFS report of abuse has ever been made and no facts were raised to suggest I am an abusive parent prior to this spontaneous forced

separation. I have incurred massive amounts of debt due to legal bills and recently filed bankruptcy and face the potential loss of my career as a licensed financial advisor due to my shattered finances. My boys ask me every time I talk to them why they can't come home. I do not have a reason to tell them.

  I am not alone. Abusive practices by and within The Domestic Relations Division of The Circuit Court of Cook County Illinois under the leadership of Presiding Judge Grace Dickler have allowed for systemic sexual exploitation of vulnerable mothers in her court as well as what some have called "a cottage industry" of court appointees who receive kickbacks and generous fees ordered by by judges in exchange for political favors or lucrative appointments for the judges themselves. Although my case is based on specific, distinct criminal acts committed against me by the individuals named in my suit, acting personally,  it is my sincere belief that the corrupt structure and culture of this Division is what must be addressed. I have suffered excruciating abuse by the parties named in this case for years, but I know there are women and children who have been and will be hurt even worse than I have.

  I ask that this Court please make sensible consideration on the impact of the abuse I have described herein on individuals for whom English is a second language, individuals who are unsophisticated about the law, to vulnerable people of all kinds. Consider the added stress such abuse brings to families struggling with poverty and addiction and generational violence. Consider the impact of this type of judicial abuse on vulnerable children. The people of Illinois have given these defendants tremendous power over precious children and families.  However I see a shocking lack of accountability, or frankly even any sense of shame, among the individuals working in the institutions in charge adjudicating matters impacting   Chicago area families. This must change. Please help us

## II.     BASIS FOR JURISDICTION

3.  This  court has jurisdiction under **28 U.S.C. § 133**1, a case arising under the United

States Constitution or federal laws or treaties is a federal question case. All events

described here took place in Cook County Illinois so the Northern District is the

appropriate venue.

4.  Under **28 U.S. Code § 1367**  this court also has authority to consider state laws and

rules where such rules are intertwined with the federal question raised as is the case

with the issues raised here.

## III.    LAWS

3.  This Complaint and request for injunctive relief is based on violations of the

following federal statutes, federal treaties, and/or provisions of the United States

Constitution that are at issue in this case:

**The 1st and 14th Amendments of the United States Constitution**

**42 U.S. Code § 1983**

**28 U.S. Code § 1331**

**18 U.S. Code § 1028**

**18 U.S. Code § 1028A**

**18 U.S. Code § 1343**

4.  Under **28 U.S. Code § 1367**  the following state and local rules are intertwined with

the matters of this case:

**Ill. Sup. Ct. R. 2.9, Ex Parte Communication**

**720 ILCS 5/31-3, Obstructing Service of Process**

## IV.    PARTIES

5.  I, Megan Mason, am the pro se Plaintiff in this Complaint and mother to A.D.M., age thirteen, and T.M.M., age ten. I reside in the village of Wilmette in Cook County, Illinois. I am a dual licensed registered investment advisor/FINRA registered broker employed as a Vice President of Wealth Management by Jefferies Financial Group based in New York, New York.

6.  A.D.M. is a minor child, aged fourteen, who resides in the village of Wilmette in Cook County, Illinois. A.D.M. has various intellectual, motor and developmental disabilities and is several years behind grade level in terms of academic ability, spending the majority of his school day in intensive, specialized education classes. A.D.M.'s doctors, parents, therapists, family and friends anticipate that A.D.M. will remain dependent on the direct care and support of a guardian after the age of eighteen. A.D.M. is my son and an interested party in this suit. I understand that I may not litigate on A.D.M.'s behalf on a pro se basis but ask that this court consider A.D.M.'s beneficial interest and well being to the extent that the law allows including, if appropriate, joining him in this action at a future date.

7.  T.M.M. is a minor child, aged ten, who resides in Wilmette, Illinois in Cook County, Illinois. T.M..M. is my son and an interested party in this suit. I understand that as his mother I may not litigate T.M.M.'s behalf on a pro se basis but ask that this court consider T.M.M.'s beneficial interest and well being to the extent that the law allows including, if appropriate, joining him in this action at a future date..

8.  Upon information and belief, Defendant Iris Martinez is a citizen of the United States and a resident of Cook County, Illinois. She is sued in her individual capacity and as

Clerk for the Circuit Court of Cook County, Illinois. From December 1, 2020, Ms. Martinez has been Clerk for the Circuit Court of Cook County.

9. Upon information and belief, Defendant Dorothy A. Brown is a citizen of the United States and a resident of Cook County, Illinois. She is sued in her individual capacity and as Clerk for the Circuit Court of Cook County, Illinois. From December 1, 2000 to December 1, 2020, Ms. Brown was Clerk for the Circuit Court of Cook County.

10. Upon information and belief, Defendant Gretchen Peterson is a citizen of the United States and a resident of Cook County, Illinois. She is sued in her individual capacity and as Deputy Clerk for the Circuit Court of Cook County, Illinois.

10. Upon information and belief, Defendant Tyler Technologies is a corporation based in Plano Texas and the developer of Odyssey File and Serve software used for electronic filing of legal documents across the state of Illinois, specifically for civil matters including Domestic Relations matters in the Circuit Court of Cook County, Illinois. Although Tyler Technologies is a private entity, it is inherently entwined with government policies in that the Odyssey File Software performs the essential duties of controlling, auditing and processing legal filings on behalf of the Clerk of the Circuit Court of Cook County. Perhaps most significantly, Tyler Technology has been delegated the authority and assumed the responsibility to verify, manage, protect identities of litigants using their system, an essential function of The Clerk.

11. Upon information and belief James Murphy-Aguilu is a citizen of the United States and a resident of Cook County, Illinois.Mr. Murphy-Aguilu is sued personally and in his official capacity;

12. Upon information and belief Defendant Robert Johson is a citizen of the United

States and a resident of Cook County, Illinois. He is sued in his individual capacity including as a supervisor to employee Kaye Mason, employee of The Clerk of the Circuit Court of Cook County. Judge Johnson has been the presiding trial judge in the underlying domestic relations case 2016 D 9534 from August 13, 2018 to present.

14. Upon information and belief Defendant Michael Bender is a citizen of the United States and a resident of Cook County, Illinois. He is sued personally and as Guardian Ad Litem for the Domestic Relations Division of the Circuit Court of Cook County, Illinois. Mr. Bender is a former Circuit Court Judge who has been appointed in the capacity of permanent Guardian Ad Litem to A.D.M. and T.M.M. from June 6, 2019 to present.

15. Upon information and belief, Defendant Dr. John Palen  is a citizen of the United States and a resident of Cook County, Illinois. He is sued personally and as Parenting Coordinator for the Domestic Relations Division of the Circuit Court of Cook County, Illinois. Dr. Palen is a psychiatrist who was appointed in the capacity of Parenting Coordinator between August 28, 2020 and  May 25, 2021.

16. Upon information and belief, Defendant Bradley Trowbridge is a citizen of the United States and a resident of Cook County, Illinois.  He is sued personally. Mr. Trowbridge is a member of the Illinois bar as well as a court appointed child advocate, in The Circuit Court of Cook County, Illinois. I issued payment to Mr. Trowbridge and signed a retainer agreement on June 11, 2019. Mr. Trowbridge filed an appearance as my attorney on July 5, 2019 and withdrew as my attorney on October 2, 2020. Mr. Trowbridge is sued personally.

18. Upon information and belief, Defendant Christopher Wherman is a citizen of the United States and a resident of Cook County, Illinois. Mr. Wehrman is a member of the Illinois bar and has served as the attorney for the plaintiff in underlying case 2016 D 9534, my ex husband and Peter Matt, from the fall of 2016 to present. Mr. Wehrman is sued personally.

19. Upon information and belief Defendant Kaye Mason is a citizen of the United States and a resident of Cook County, Illinois. She is sued personally and as an employee of the Clerk of the Circuit Court of Cook County, Illinois.

20. Upon information and belief Defendant Lori Garner is a citizen of The United States and a resident of Cook County, Illinois. She is sued personally and as a supervisor in the office of the Clerk of the Circuit Court of Cook County.

22. Upon information and belief Defendant Talitha Miller is a citizen of The United States and a resident of Cook County, Illinois. She is sued personally and as a supervisor in the office of the Clerk of the Circuit Court of Cook County.

23. Upon information and belief, Unknown Clerk Employees 1 and 2 are citizens of The United States and residents of Cook County, Illinois.

**V.  Plaintiff's Argument That Judicial Immunity Does Not Apply**

24. Although I am pro se and inexperienced in federal law, I do understand the concept of judicial immunity and the importance of maintaining a judiciary that is free to conduct its work without fear of undue outside influence or pressure. I understand that judges are generously and consistently shielded from lawsuits and as a rule generously assumed to be performing an official duty that confers immunity. However, I ask that this court please consider my claim that defendants named in this

suit committed acts that could only be seen as personally motivated or as part of a bureaucratic or administrative duty outside official judicial acts.

25. "Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

26. A main issue of contention and sign of misconduct in this case is a secret email thread between Kaye Mason, Judge Johnson's clerk, Christopher Wehrman (opposing counsel), Michael Bender (Guardian Ad Litem), and Jonathan Palen (former parenting coordinator). Illinois law does not allow secret emails between the court and an attorney for one party, from which another party is explicitly excluded. So this email thread cannot be official court business and must be personal in nature.

27. The second reason that I ask this court to allow my complaint against Robert Johnson in particular is because many of the acts in question relate to administrative duties, specifically his role as an employee supervisor to Kaye Mason, employee of the Clerk of the Circuit Court of Cook County, "his" scheduler. ""Administrative decisions, even though they may be essential to the very functioning of the courts," are not within the scope of judicial immunity. *Forrester v. White*, 484 U.S. 219, 228-30 (1988).

28. Finally, I'm filing this lawsuit to stop individuals from abusing the authority bestowed upon them by the State of Illinois in violation of my civil rights. All municipal entities, judges and other persons are subject to injunctive relief for actions taken outside or beyond their judicial duties. It is my hope that my claims may be

heard by this court so that I may have the benefit of necessary and appropriate injunctive measures that might protect me and my children from ongoing abuse. And it is my belief that it would be almost impossible to determine issues of immunity in this case without an astute and thorough understanding of the facts that can only be achieved through this legal action.

## VI. Plaintiff's Assertion of Monell Liability for The Clerk of the Circuit Court of Cook County, Illinois

31. I am suing Ms. Brown and Martinez personally and in their official capacities as Clerk of the Circuit Court of Cook County, which I understand to be a municipal entity. By separate motion for preliminary injunction I am seeking to stop ongoing violations of my civil rights which are caused by customs and practices unique to the office of the Clerk of the Circuit Court of Cook County. While I do understand that municipal entities are not generally levied financial penalties, other than symbolic, I do believe there are a number of clear policies and customs in the office of The Clerk that are appropriate for injunctive action.

## VII. FACTS

## Background

32. All matters raised in this complaint concern my divorce case 2016 D 9534 in the Domestic Relations Division of the Circuit Court of Cook County, Illinois. I was married to Peter Matt in 2017 in New York, New York and during our ten year marriage we had two children, A.D.M. and T.M.M.. Mr. Matt and I were divorced and entered into a parenting plan on September 27, 2017. Judge Robert Johnson was

assigned as the trial judge on our case post-decree on August 13, 2018 . On June 6,

2019 Judge Johnson appointed his mentor and friend Michael Bender as Guardian

Ad Litem to my children A.D.M. and T.M.M. against my opposition, with no

underlying proceeding pending, such as a motion by a parent to modify the parenting

plan. Mr. Bender has been in this position for three years and it is my understanding

that his appointment is permanent according to the unique customs of The Domestic

Relations Division of The Circuit Court of Cook County, Illinois.

33. At the time of Mr. Bender's appointment I had been introduced to a family law

attorney named Bradley Trowbridge through a referral from a Domestic Violence

Advocacy group called Lifespan after my former husband, Mr. Matt, had made

threatening phone calls and emails to my church, Lake Street Church of Evanston.

Because of the threats and erratic behavior by Mr. Matt, Lake Street's Head of Youth

Programming, Jillian Westerfield, was concerned about my well being so she referred

me to congregant Kathe Morris Hoffer, Executive Director of the Chicago Alliance

Against Sexual Exploitation. Ms. Hoffer and I had a call and she was concerned about

my history of domestic violence and lack of legal representation so she referred me to

Lifespan, a nonprofit providing legal services to impoverished survivors of physical

and sexual abuse . Because I did not qualify for their services, they in turn referred

me to Mr. Trowbridge as a private attorney specializing in domestic violence.

34. During our first call Mr. Trowbridge informed me he was a former social worker and

this added a deeper level of trust and disclosure than a normal attorney relationship.

He said he specialized in victims like me. He knew that during this time I was also in

treatment for PTSD with Farah Baig, addressing issues related to childhood and adult

trauma. I have an ACE score of six. A specific focus of my treatment and issue for recovery was a tendency to become involved in exploitative relationships.

35. Although I had been pro se because of finances, when Mr. Bender was appointed I contacted Mr. Trowbridge  and borrowed money to retain him to have Mr. Bender removed. However Mr. Trowbridge told me at our first meeting that he knew Mr. Bender and he was a good guy, that the best strategy for me would be to tell Mr. Bender I originally opposed his appointment but now I was happy to have him.

36. Mr. Trowbridge also told me early on it would be good for me to not go to court so often, that strategically it would be better for the judge to see him fighting the battles and for me to stay away so that the judge could think of me as a likable woman.

37. Prior to March 8, 2020 someone I believe to be Mr. Trowbridge, created a fake email address and, purporting to be me, logged into the Circuit Court's e filing system Odyssey File and Serve which the Court has purchased from Tyler Technologies based in Plano Texas. Because there are no security features in the Circuit Court's version of Odyssey File to verify the identity of pro se litigants anyone can log into Odyssey file and click a box attesting to be "me" and then, receiving a "confirmation" email at the fake email address, the individual can "confirm" they are "me". I confirmed this for myself by testing out the computer system to see if I could use a fake email address and create a login for myself as a pro se litigant. Although I never submitted or actually created a fraudulent login I confirmed I was able to go through the steps to create a user id that would enable me to file documents purporting to be me acting pro se, without a single valid authentication feature (EXHIBIT J)

38. Once he had created the fraudulent login details the individual I believe to be Mr.
Trowbridge was able to change my service contact address. Since October, 2016,
when my case began, I had been living at 423 Lind**en** Avenue in **Wilmette** in the
**60091** zip code. Someone I believe to be Mr. Trowbridge changed my mailing
address to 423 Lind**a** Avenue in **Chicago** with a **6089**1 zip code. After this change
two announcements sent to me from the court were returned "Addressee Not Found".
Notably I would not receive any notice about the postponement of a court date that I
did not actually know was pending due to subsequent fraud **(EXHIBITS A, B, C)**

39. I would not learn about this and the other acts of fraud until much later but throughout
this time Mr. Trowbridge mentioned "problems with the court software". I have never
heard anyone else mention problems with the court computer system though it is a
claim Mr. Trowbridge still repeats. And the only software problem I am aware of in
Odyssey File and Serve is my address being fraudulently changed and other acts to
steal my digital identity and impede my access to service of process.

40. I did not at this time know that I could look at a record of activity in my case online in
the form of an online docket or that I could go to the office of The Clerk of the Circuit
Court of Cook County to find out what had been filed or happened in my case. When
I eventually had occasion to learn what a docket is and that I could look at it, in the
summer of 2021, I began to discover some of these irregularities. In June, 2021 I
visited the clerk's office and spoke  to the woman who handles requests for printouts
from the Docket, Defendant Unknown Clerk Employee 1. I learned that my address
had been changed from Linden Avenue in Wilmette to a nonexistent address at Linda
Avenue in Chicago and that mailings were not delivered to me for this reason.

Unknown Clerk Employee 1 told me that the change to my address was made by "me". I said, "No, *I* didn't make the change". She said, it was your email. I said it was not *my* email. She said it is because it has y*our* name. I said I had a driver's license and could prove I am me, would she please tell me what email was used purporting to be mine and what IP address was used in the events where my information was fraudulently changed. She refused to give me the email address or IP address used.

41. Unknown Clerk I also told me that I had filed a pro se appearance on July 21, 202. I did not. When I received the printout of the activity in the docket there was no actual document called Appearance. This was confusing to me because I had learned when Mr. Trowbridge left that to have my appearance entered on the record I was required to file a document and appear in court. I used the statewide approved legal aide form "Appearance". Clerk I would not or could not provide to me an actual document where someone purporting to be Megan Mason requested the court to file her appearance. Clerk I said it was simply an event on the docket and, being even more unsophisticated in the law then, I assumed nothing had been filed. But since that time I have tested the Odyssey File software and do not see how an individual outside the clerk's office could file an appearance and have it appear on the docket without an actual document being submitted. It is my belief that Iris Martinez and her staff either allowed a fraudulent appearance to be filed - with a false signature and attestation - or created an event that suggested an appearance was filed knowing that no such document was ever presented to them. I believe I am entitled to everything "I" filed and every aspect of "my" digital identity but The Clerk obstinately refuses to provide transparency, including any document associated with "my" appearance.

42. In June, 2021 I called Tyler Technologies to ask for the IP address and email used to make changes purporting to be me in Odyssey File. These changes were made by someone attesting to be me so I believe I own this information. I asked the person on the phone if I could please have the email address and IP address and a log of all activity associated with my digital identity in the Clerk of the Circuit Court of Cook County version of Odysely File. The support person at Tyler Technologies said they would not give me this information without a subpoena. At this time I did not know how to create a subpoena in Texas. I still don't.

43. On March 8, 2020 Mr. Trowbridge was served with a Petition for Rule to Show Cause against me, or contempt allegation, filed by Mr. Matt through his attorney Christopher Wherman. Mr. Trowbridge aggressively hid this petition and associated court appearances over the next four months, making efforts on two occasions to actively dissuade me from being suspicious, confirming "nothing was happening" .

   a. Mr. Trowbridge billed me for reading the PRTSC on March 10, 2020 (EXHIBIT F) but I would not see the four word line item on the March bill until a year later. Neither Mr. Trowbridge nor any other appointee or partee in this case informed me of a contempt allegation over the next four months. Mr. Wehrman submitted a notice of filing to the court attesting to having emailed the PRTSC to Mr. Trowbridge at the email address I know to be Mr. Trowbridge's email address on March 10, 2020.

   b. On March 26th, 2020 a postcard with an update on this matter was mailed to the fraudulent address for me in Odyssey File ("Linda" Avenue). On that same date an email was sent to Brad Trowbridge at his verified email. Mr.

Trowbridge did not inform me of a notice from the court and still did not inform me there was a PRTSC filed. (EXHIBIT A)

c. On April 6th, 2020 a continuance was allowed due to Covid.

d. On April 10th a post card was mailed to the fraudulent address for me in Odyssey File ("Linda" Avenue). On that same date an email was sent to Brad Trowbridge at his verified email. The notice was to inform me of the continuance of a court date I did not know about. Mr Trowbridge still did not inform me of a PRTSC or a scheduled court date. (EXHIBIT B)

e. Mr. Matt, my former husband, is a vexatious litigant and I mistakenly believed that during the early Covid lockdowns there was no court activity so on April 22, 2020 I wrote to Mr. Trowbridge to express relief that "no motions were being filed". At this point in time I would have referred to any written court pleading as a "motion", including a petition for rule to show cause. On April 22, 2020, I wrote to Mr. Trowbridge: *"I hope you're well and your clients are not suffering too badly from quarantine. I'm personally quite pleased that no motions are being filed right now, a nice break =)."* (EXHIBIT K)

f. On April 22, 2020, Mr. Trowbridge wrote back: *"Megan. Yes, unfortunately it took a pandemic to stop Peter's abuse of you!"*. (EXHIBIT L)

g. On May 26th, 2020 a continuance was allowed due to Covid.

h. On May 27th, 2020 a post card was mailed to the fraudulent address for me in Odyssey File and returned "addressee not found". On that same date an email was sent to Brad Trowbridge at his verified email. The notice was to inform

me of the continuance of a court date I did not know about. Mr Trowbridge still did not inform me of a PRTSC or a scheduled court date. (EXHIBIT C)

i. On July 6, 2020 a status call was held. I have no idea who was there or what was said. Nobody has ever informed me that there was a matter in my case before Judge Johnson or that a court date had been scheduled in any matter.

j. I learned of the status call a week later on July 12, 2020 when I noticed a reference to court on Michael Bender's bill for the court appearance on July 6, 202. I emailed Mr Trowbridge, "Zoom Court? What?" (EXHIBIT D)

k. On July 12, 2020 Mr. Trowbridge wrote back, he did not disclose the contempt allegations and even made a ruse of not knowing what the court date was about. He wrote:

> *"We had a zoom court date of July 6 that I had on my calendar as July 7. That could have only have been for a short time. I also don't know how much preparation there could have been. It looks like a lot of activities have been lumped into one line item. The next zoom date is July 20 at 9 AM. Anything I need to know?"* (EXHIBIT D)

l. On July 14, 2020 I wrote to Mr. Trowbridge:
> *"I'd like to do anything in my power to get Michael off my payroll. I thought he was going to step down. There are a couple issues, but if I raise them I'm worried this will keep going on. Does Peter have anything filed against me?"* (EXHIBIT D)

Mr. Trowbridge did not disclose a PRTSC filed against me.

m. On July 20, 2020 there was a status call which Mr. Trowbridge attended. At that time I believed it was simply a call for Michael Bender to step down from the GAL appointment. My understanding was that Mr. Bender had agreed to step down the fall before. Presumably the PRTSC was discussed at this time but it had not yet been disclosed to me. (EXHIBIT F)

n.  Following Mr. Trowbridge's instructions I did not attend this status call. I do not know if parties expressed surprise at Mr. Trowbridge's absence from the prior status call. I don't know if Mr. Trowbridge had in fact been absent from the July 6 court date, as this is based on Mr. Trowbridge's statement and he has lied to me many times.  I do not know if Mr. Trowbridge was asked why he did not file a response or indicate he had received the contempt allegation received four months before.

o.  On July 20, 2020 I wrote to Mr. Trowbridge, "Did Michael make a motion to be removed? Anything filed against me?" (EXHIBIT F)

p.  On July 20, 2020 Brad Trowbridge emailed me a ten page document called Peter Matt's Petition for Rule to Show Cause stamped March 10, 2020. There was a single attachment called Exhibit C, a copy of a November 20, 2019 order which I already had in my files. Mr. Trowbridge did not and never has provided any other evidence or any notice of filing to me, though a notice of filing was filed with The Clerk and Mr. Wehrman attested to sending the notice of filing to Mr. Trowbridge on March 10, 2020.

q.  When he emailed the PRTSC, Mr. Trowbridge wrote simply:

*"Peter filed this and it was supposed to be up in April when courts were closed. We were given time today to respond to it so I need input from you about how to respond."* (EXHIBIT D)

I believe this language was intentionally deceitful because he notably said "Peter filed this" as opposed to ``I was served this on your behalf" or "Chris Wherman emailed me this". Usually attorneys do not refer to opposing counsel's filing activity but rather service to their client. I believe this was a

subtle way to avoid the issue of when he received it. Being unsophisticated in the law at this time I did not think to inquire as to service details or really know what service of process meant except for people on tv saying, "You've been served". I did not notice that no certificate of service was presented, though I now know one would have been sent to him and should have been provided to me. He still refuses.

r.  In fact at this time it was my belief that Mr. Trowbridge only received the PRTSC from opposing counsel at this status hearing on July 20, 2020. I maintained this belief and did not question Mr. Trowbridge's activity until nearly a year later. When I became suspicious of other factors in this case I looked at the emails from Mr. Trowbridge and realized there was a line item about "PRTSC" on Mr. Trowbridge's March invoice.

s.  When I was finally given the PRTSC which Mr. Trowbridge had so aggressively sought to hide, it contained no evidence other than a copy of a handwritten court order from November 20, 2019. In fact I dismissed the allegation out of hand because of the lack of evidence, writing to Mr. Trowbridge on July 20, 2020, "I didn't see any evidence. I don't understand what he wants."  (EXHIBIT D)

t.  Mr. Trowbridge instructed me to respond to all of the points in Mr. Matt's complaint, but I was confused how without evidence or facts, writing, *" I do have a lot of evidence but have not seen what he's presenting and don't want to get involved in digging through emails if it's not necessary".*

> At no point did Mr. Trowbridge apprise me of a specific fact, eg "he said you
>
> stole five dollars", or show me a document being used as evidence.
>
> (EXHIIBIT D)

    u.   I knew I hadn't and would not intentionally defy a court order.

    v.  A trial was held on August 21, 2020 which I attended having never seen or
received a piece of evidence being used to suggest I violated a court order.
Because there were no facts or evidence it was a very fast trial and I was held
in contempt of court at this time.

    w.  Because the contempt ruling was so shocking to me, Mr. Trowbridge said he
would file a motion to reconsider. He did not.

44. It is not normal for a litigant to decline to answer a petition, to decline to appear at court, and for her attorney to do likewise for four months. I have attended many status calls during my entanglement with the Domestic Relations Division of the Circuit Court of Cook County, Illinois. In my experience when any division judge, including Judge Johnson, sees one party missing he will ask the attorney or pro se litigant in attendance if he has spoken to the party and he will ask any other court official such as a GAL if he has spoken to the party. Usually they will call the person immediately, particularly now that one can call into a Zoom hearing, to avoid having to schedule another date. Often, from what I've observed, attorneys are held up in other courtrooms (or zoom rooms) and the judge has always in my experience asked the other attorney to contact the missing attorney.

45. I have raised the issue of Mr. Trowbridge's malfeasance and my confusion as to why nobody informed me of the contempt allegation and court for four months. Judge

Johnson, Mr. Bender and Mr. Wehrman have all refused to acknowledge my requests for explanation.

46. The most obvious lack of action is any inquiry by Michael Bender during this time. The Court's appointment of Mr. Bender is based on the Domestic Relations Division custom of placing a GAL as the adjudicator of all matters relating to the minor children. No matter what Illinois law says, all Domestic Relations Division attorneys I've spoken to have told me that Mr.Bender has the final decision making authority for the children on all matters and acts as the eyes and ears of the court. It seems impossible that Mr. Bender could be concerned about my parental actions enough to support an allegation and, ultimately, a ruling of contempt, but not contact me to inform me he thought I was violating a court order regarding the children or instruct me to follow the order.

47. Mr. Bender has had every opportunity to provide to me dates of calls, emails or other proof that he was in contact with Mr. Trowbridge regarding the allegation of failure to comply with parenting orders. Which is to say, that he was doing his job. He has provided no explanation or evidence.

48. Mr. Trowbridge refuses to tender to me his emails with Mr. Bender and Mr. Wehrman

49. Mr. Wehrman refuses to provide the email showing the date and delivery of the PRTSC to Mr. Trowbridge or any response, such as an email stating "received".

50. The main allegation in the PRTSC, which Judge Johnson ruled I had committed, was that I violated an order by Judge Johnson that "ABA shall continue with both parents participating" on the handwritten court order, referring to a form of therapy for my son called Applied Behavioral Analysis or ABA. The PRTSC alleging that I failed to

provide ABA was filed in March, 2020 a time when all in-home therapy was stopped in the state by law. At no point did anyone tell me, particularly Mr. Bender or Mr. Trowbridge, that there was a concern about me not providing therapy at this time, when in-home therapy was largely unavailable.

51. However I recall at trial Mr. Wehrman screenshared an email from me to A.D.M.'s ABA therapist provider. I wrote this email because A.D.M. had reported to me that when his father supervised ABA therapy over Zoom he was holding down A.D.M. in the chair and kicking and dragging him back when he tried to escape. His brother T.M.M., who is neurotypical, confirmed this. I reported the violence surrounding Zoom therapy to DCFS, to Mr. Bender and to A.D.M.'s school in the summer of 2020.

52. I had also purchased a home license for the ABA software, Teach Town, designed to be more appropriate for virtual ABA for children like ADM who struggle to attend over video conferencing tools. At this time I was delivering the program to him. Motivated primarily by a desire to stop A.D.M.'s mistreatment by his father, in this email that was flashed on the screen in court, I told the therapy provider I did not need Zoom therapy because the school provided another online ABA alternative. At no point did anyone, including Mr. Matt, Mr. Bender, or Mr. Trowbridge inform me there was a concern about me administering TeachTown as an accommodation to COVID lockdowns. I certainly wasn't told I should be allowing in home therapy because in home therapy was not happening.

53. On July 21, 2020 at 3:20 pm I wrote to Mr. Trowbridge to explain that I'd filed an ethics complaint about MichaelBender to the ethics committee of the Illinois Bar, The ARDC. (EXHIBIT D)

54. On July 21, 2020 someone I believe to have been Mr. Trowbridge used the fake email to again log in to Odyssey File and file a "pro se" appearance on my behalf, though Mr. Trowbridge had not told me he quit or filed a motion to withdraw. This was also told to me by a clerk at the Division Clerk's office in June of 2021. I believe Mr. Trowbridge, who clearly had an interest in me being found in contempt of court, may have been seeking to create a fraudulent court record that would indicate I had been acting on my own, defiantly ignoring court dates and judges.

55. I have also considered that Mr. Trowbridge filed the false pro se appearance as a way to break privilege. I believe that on July 21, 2020  Mr. Trowbridge informed Mr. Bender that I had complained about him to the ARDC  because the next day Mr. Bender, who had not spoken to me in almost a year, had his assistant contact me to schedule a meeting to check in.

56. The Clerk of the Circuit Court of Cook County maintains a public docket which has changed curiously since I first became aware of it in June of 2021. When I first printed a version of the Docket on June 8, 2021 it indicated the fraudulent pro se appearance filed on my behalf as:

> *Activity Date: 07/21/2020*
>
> *Participant: Matt Megan*
> *FIILE APPEARANCE OR JURY DEMAND, ANSWER OR PLEAD - Allowed*
> *Judge: Johnson, Robert W.*

Then on the docket printed September 30, 2020 it reads:

> *Activity Date: 07/21/2020*

*Participant: Matt Megan*
*FIILE APPEARANCE OR JURY DEMAND, ANSWER OR PLEAD - Allowed*
*Judge: Johnson, Robert W.*
**Attorney: Jonathan Merel PC**

I retained an attorney named Alexandra Brinkmeier, an associate at Jonathan Merel PC, in June, 2021. I did not know her in July, 2020. I did not know anyone associated with Jonathan Merel PC before June, 2021. Alexandra Brinkmeier most certainly was not representing me at this time, when I believed Mr. Trowbridge to be my attorney. In fact, as I reviewed the docket on September 30, 2022 I see that Jonathan Merel PC is listed as my attorney going back to 2016 when this divorce action commenced.

57. Notably, Bradley Trowbridge, who is running as the Democratic nominee in an uncontested Chicago race, seems to have his name scrubbed from the Docket of The Clerk of the Circuit Court of Cook County.

58. It is my belief that an employee using the software of The Clerk of the Circuit Court of Cook County, UNKNOWN CLERK EMPLOYEE 3, has made and is continuing to make fraudulent changes to The Docket.

59. The period for filing an appeal or motion to reconsider in Illinois is thirty days after ruling. I know this now, but I did not know this then. Mr. Trowbridge quit forty days after ruling with no motion to reconsider filed. When he quit he again referred to ongoing issues with Odyssey File and health issues. Because of what appeared to me to be profound incompetence and a reference to health issues during a stressful time geopolitically, I assumed Mr. Trowbridge had an addiction of some kind and so I did not look into his malfeasance in 2020, though it was obvious to me that he had "blown" my case.

60.  I was ordered extremely high attorneys fees as part of my sanction for the baseless contempt ruling. This contempt ruling continues to be raised as a primary basis to attack my character before the Court, and "evidence" of parental unfitness.

61. This contempt ruling, clearly based on multiple acts of fraud, was used in an order issued by Judge Robert Johnson on September 13, 2022 to revoke my parenting rights completely. In an order following no trial of fact, again a motion from Mr. Wehrman with no exhibits or facts, Judge Johnson removed my parental decision making authority and parenting time as codified in the Parenting Plan entered in 2017. Until this time I had 50% parenting time per a five year old parenting plan. There has never been a police or DCFS complaint against me. I am currently not allowed to be alone with my children or have any parenting time with them until a visitation supervisor is assigned.  I must pay this supervisor $55 an hour to hug my children and they cannot sleep in their beds. I have been the  primary caregiver to A.D.M. and T.M.M. for their entire lives and am known to be a loving, devoted mother. The only thing I've ever wanted to do is be a mom.  These actions have devastated my family.

62. Mr. Trowbridge still vehemently persists in the fraud scheme and persists in ongoing acts of deceit and obfuscation intended to curb my efforts to access justice and to hide his crimes and the crimes of others. On April 13, 2022, Mr. Trowbridge responded to a document subpoena with a continued refusal to provide: the certificate of service he received with the PRTSC emailed to him on March 10, 2020 or the email from opposing counsel delivering the PRTSC to Mr. Trowbridge at that time. Mr. Trowbridge wrote, knowing full well that he had received filings and correspondence from the court on a continued basis between March and August of 2020:

"I did not fail to disclose communications and notifications to you. Courts shut down on March 17, 2020 for several months due to the pandemic."... "Clearly, you were aware of the existence of that PRTSC. To say you were not aware of it is ot only inaccurate, but also bizarre".

82. Obviously the Courts were impacted like all workplaces in the spring of 2020 and live hearings paused, but they did not "shut down" in that notifications, pleadings and correspondence were made during this time. Notably the PRTSC was, according to Mr. Wehrman, emailed to Mr. Trowbridge seven days before March 17, 2020.

83. It is my belief, because of his at least eight other acts to hide the contempt allegation, that Mr. Trowbridge is also the individual who created an email address and user id purporting to be me acting pro se and who filed the fraudulent pro se appearance following my complaint about Mr. Bender to the A.R.D.C..

84. Although from the time of his appointment I had felt Mr. Bender was at best taking advantage of the court to get unnecessary business while failing to do literally any meaningful work, I did not understand Mr. Trowbridge's corruption until May, 2021, when I realized that Robert Johnson would never allow any pleading that demonstrate Mr. Matt's unfitness as a parent and his ongoing criminality and tax evasion to be heard in his courtroom. I reached out to my pastor, Michael Wolf of Lake Street Church in Evanston for help. Reverend Wolf referred me to two congregants who were attorneys, though not family law or civil rights attorneys. These congregants referred me to two Cook County divorce attorneys, one of whom explained she would "pull the docket" so I understood I could do the same. It was when I learned what a docket is and how to look at it that the corruption in my case, until then a feeling, became a fact.

85. Neither of the attorneys I was referred to by my church community in June, 2021 would consider representing me. One said she would not consider working with a client who was disliked by a guardian ad litem, the other said she would not consider taking on a case presided over by Judge Robert Johnson and Michael Bender as GAL.

86. On August 28, 2020 Mr. Trowbridge attended a status hearing when he agreed with Mr. Bender to have Mr. Bender's friend Dr. John Palen, a psychologist, appointed as parenting coordinator   in order to facilitate communication and decision making between me and Mr. Matt. I have no idea what was discussed at this status hearing or what Mr. Trowbridge may have stated to the court ostensibly on my behalf because he had encouraged me not to attend. Dr. Palen was appointed as parenting coordinator and served in the capacity of parenting coordinator until May 25, 2021.

87. On December 5, 2020 I learned that Mr. Bender, Mr. Wehrman, Dr. Palen and Judge Johnson, via his clerk Kaye Mason, maintain a secret email thread with the heading, "IRMO Matt; 2016 D 9534; COURT ORDER", which is to say, "In regards to the matter of Matt, my married name, case number 2016 D 9534,  my divorce case number. This is an ex parte communication with neither me or anyone representing my interest privy to participating in. Although all parties and Judge Johnson refuse to share the emails with me I believe it is an ongoing conversation about my court case intentionally excluding me or anyone representing my interest.

88. I learned about this email conspiracy because Dr. Palen accidentally copied me, then pro se, on an email intended for Judge Johnson's clerk, Kaye Mason, who shares my last name. In the December 5, 2020 email he wrote, "I want to be paid. It is as simple

as that." (EXHIBIT H) At this time Dr. Palen had a positive retainer balance, no unpaid invoices and, legally, was already "paid".

89. I was copied accidentally. Dr. Palen thought I was Ms. Kaye Mason, Judge Johnson's clerk. Dr. Palen then wrote, "Sorry- this was meant for another case. I had not noticed Ms. Mason on the list of recipients." (EXHIBIT I)

90. Dr. Palen lied. The subject line was my case number and married name and all parties, including Kaye Mason, are involved in my family's case.

91. There are more ex parte emails in this thread but all parties including Judge Johnson refuse to tender to me the other emails in this ongoing thread. I have attempted to subpoena the emails from Brianna Steger, an attorney for the Court, from Iris Martinez and from all parties in the email thread but have not received a response or a motion to quash.

92. On February 17, 2022 I emailed a subpoena to Ms. Kaye Mason herself requesting the emails from the secret email thread with the subject, "IRMO Matt; 2016 D 9534; COURT ORDER". Ms. Mason then wrote to me by email on Friday, February 18, 2022, "The court would like to check your availablity to log on briefly on Tuesday February 22, 2022." (EXHIBIT N) Because I already had a planned international vacation, flying the next day to Mexico, I indicated I was not available and would like a date after February 28 (EXHIBIT O). I then turned on my vacation auto reply, which gave an automated message indicating I would be offline for a week; Ms. Mason replied to my vacation auto reply and tried to order me to attend court from Mexico, saying, "As this will be via zoom and not in person, the court is requesting that you log on at the requested time" (EXHIBIT P). I did not.

93.  When I returned from Mexico I did attend a zoom hearing shortly thereafter in March, 2022 at which time Judge Johnson told me, "The reason I called you here is because you can't subpoena my clerk". I said to Judge Johnson it is my belief that Ms. Mason does not own the emails she wrote on the server owned by the people of Illinois, that they were ex parte communications and that she should be made to give them to me. Judge Johnson said, "You can't subpoena an employee of the court" and, "I looked at the emails and they are fine. You don't need to see them".

94. When Dr. Palen was appointed I had hoped that Mr. Bender would finally be removed because the costs were crippling to me. So I moved to have Mr. Bender removed. The motion was denied.

95. Since leaving Mr. Matt in the summer of 2016 my goal had always been to get on my feet financially. Having experienced unrelenting abuse and crippling expenses related to court, I never raised any issues because I thought doing so would delay Mr. Bender's removal. I also was hoping to someday have enough money to hire an attorney to advocate for me. When I realized Mr. Bender's appointment is permanent, I tried to force him to consider the facts of the case, which show Mr. Matt has very disturbing tendencies and little capacity for sound parenting decisions.

96. With Judge Johnson in firm opposition to Mr. Bender's leaving, I tried to find a way to move the process toward a better outcome for my children. At that time my main concerns were obtaining sole medical and educational decision making authority. I had documented extensively with the court actions Mr. Matt had taken in such decision making capacity to the harm of the children, most notably Mr. Matt's

adamant opposition to the use of psychiatric medications. Although I consider myself quite conservative about the administration of medication myself, all A.D.M.'s doctors, teachers and myself are in agreement that A.D.M. needs medication at the present time to meet important life goals. Most notably, A.D.M. has displayed aggression and impulsivity while untreated for his severe ADHD, requiring him to be relocated from two different schools. Further, I had been warned by friends with older children with developmental disabilities that some adult living homes and facilities do not accept adults with a history of behavior problems. I don't know what kind of living arrangement A.D.M. will need or want in the years to come but I don't want him to lose any opportunities for a good quality of life due to medical neglect. At this point medication is the only tool we've found to consistently reduce physical violence such as hitting and biting, loud and profane outbursts and property destruction (he has thrown large rocks at my windows and at his father's car, breaking the window of his father's car). If medication is what is needed to keep A.D.M. safe and in his home with his family, he deserves to have it.

97. I was told by some attorneys I consulted with that the only way to stop some of Mr. Matt's misconduct was to ask for a Custody Evaluation or Section 604.10 b. Unable to afford one, I moved for a hearing on financial allocation as well as the appointment of a Section 604.10 b evaluator of my choosing. I was not and am still not allowed a hearing on my motion for allocation of expenses.

98. I filed a motion to allocate medical and educational decision making to me through a post-decree custody evaluation or 604.10 b evaluation. Judge Johnson ruled on my motion and denied it completely, stating at that time that there were no issues with the

parenting plan. I explained to him that I had urgent issues about the children's well being while under the care of Mr. Matt. Judge Johnson said, "You're going to have to file something if you want me to do something."

99. I then learned how to draft a PRTSC to try to raise the issues impacting the children by asking the court to stop Mr. Matt from violating the parenting plan. The main concerns were robustly documented and the facts uncontested. Some of the issues were repeated persistent child neglect, unsafe living conditions, harassment of me, persistent and intentional violations of parenting time, refusing to get background checks on boarders in his home or to tell me their name as required by plan. I included exhaustive evidence including police reports.

100.   I had anticipated, having very clearly laid out for the court some of the concerns about Mr. Matt's behaviors and parenting choices, there would be a change in the case and some actions might be taken for the children's well being. I thought Mr. Bender in particular would be embarrassed to be seen as a champion for a parent with so many distasteful tendencies as Mr. Matt, as exhibited repeatedly in my pleadings, as supported by all the children's doctors and teachers. However it was immediately clear that my pleadings were unwelcome by Judge Johnson and Mr. Bender.

101.   In March, 2021 I first attempted to schedule a hearing on my petitions.  First Judge Johnson delegated the pleadings to Mr. Bender to rule on them informally, which is to say if Mr. Bender liked them they could be heard and if he did  not like them they would be buried forever. Outsourcing litigation to GALs is a longstanding custom in the Domestic Relations Division of the Circuit Court of Cook County

under the leadership of Grace Dickler. Though explicitly prohibited under Illinois law, Judge Johnson and other division judges reduce their workload by assigning pleadings to GALs to review and rule upon. The GALs are then handsomely compensated by parents. Judges like Judge Johnson, an associate judge, receive the further benefit of assurances of a future appointment as a GAL or child rep, or a nomination as a circuit court judge, and are therefore motivated by future kickbacks to provide more cases and compensation to their friends in the role of GAL.

102.    Shortly after Mr. Bender was assigned to rule on whether my PRTSCs could be heard, Mr. Bendeer ordered Dr. Palen to call me. One allegation was harassment by Mr. Matt and I had documented the harassment in a large volume of emails and other writings from Mr. Matt demonstrating abusive tendencies. Dr. Palen said, "I spoke to Mr. Bender who obviously knows the case a lot better than I do. He wanted me to tell you no harassment happened."

103.    I nevertheless persisted with seeking to have Judge Johnson hear and rule upon my pleadings. I was particularly concerned with Mr. Matt's tenement scheme wherein he built three illegal apartments in his home, each with an unpermitted bathroom, kitchen, washer and dryer. No fire escapes or widened halls were added. They violated all local codes and no permits were used. Also all tenants had access to the children's unlocked living quarters. Mr. Matt stated this was not an issue because the tenants had locks on their doors. The children do not. Mr. Matt also refused to get background checks on the tenants or to tell me their names, as required by parenting plan.

104.    On April 23, 2021, I again pushed to have a hearing scheduled on my petitions, Judge Johnson addressed Mr. Wehrman and said, "You're going to have to agree to a 604.10 B or she's just going to keep doing this." An order was issued that parties would confer. Mr. Bender and Mr. Wehrman did discuss the matter of a Custody Evaluator but I was not invited to attend a call or consulted for my opinion.

105.    Mr. Wehrman and Mr. Bender decided between them to initiate a 604.10b evaluation with Dr. Gerald Blechman, Mr. Bender's choice, a friend of his whose office is more than an hour from my home, in DuPage County, Illinois. On May 25, 2021 Judge Johnson ordered Dr.Blechman's appointment. Because there was no new 604.10 b motion seeking an appointment I asked Mr. Wehrman to draft the order with the verbage from my previously denied 604.10b motion, which limited the scope to parental decision making rights, not parenting time. Mr. Wherman insisted on drafting it without scope and it was so entered.

106.    Parties consistently block my right to present any pleading to the court out of a wish to avoid disclosure of information damaging to themselves or to Mr. Matt. On May 27, 2021 I emailed Ms. Kaye Mason, Judge Johnson's clerk, to schedule my hearing on my petitions. She scheduled a presentment date in July, 2021.

   a.   However, later in the day on May 27, 2021 Mr. Wehrman requested Ms. Mason ask Judge Johnson to deny me a hearing on these matters . Mr. Wehrman emailed Ms. Mason,

        *"Kaye: When we were before the Judge on Monday, he appointed a 604 evaluator and set everything for status on July 13, 2021. I do not believe Judge Johnson is having any hearings on this case at this time."*

b.  Ms. Mason relayed a message from Mr. Wehrman to Judge Johnson asking him to personally cancel the hearing. Judge Johnson verbally told Ms. Mason to cancel the hearing and she relayed that she had done so to Mr. Wehrman and me. (EXHIBIT Q)

104.    Since this time Mr. Wehrman has been allowed to file many pleadings and have a hearing on them, including a recent motion to completely revoke my parenting rights, filed without notice (instanter) without any supporting evidence on September 13, 2022. My petitions from the year before and my motion for allocation of fees are still "pending". Although in the May 25, 2022 conversation Mr. Wehrman had used a custody evaluation as a basis to prevent hearings, the custody evaluation is still not completed and, like the Guardian Ad Litem appointment, I assume it will never end. I believeAnd so Mr. Wehrman was able to first argue that a custody evaluation was ongoing and so no pleadings would be heard and then, later, without the presentation of a custody evaluation was allowed to plead and prevail on a motion to destroy my parental rights without submitting evidence or facts in support of the action.

105.    I am unable to retain counsel due to my status as a target of corruption. This was made evident when I emailed my most recent attorney, Alexandra Brinkmeier an email with the subject line, "Crimes I've reported to you" on November 8, 2021, and asked for help in stopping ongoing crimes against me and bringing these facts to court. At the order of senior leadership at her firm, Ms. Brinkmeier abruptly resigned three days later on November 11, 2021, the reason being "philosophical differences". At the status hearing on November 15, 2021 at which Ms. Brinkmeier withdrew I asked Judge Johnson to please deny Ms. Brinnkmeier's motion until counsel could be found

to replace her and stated that her abrupt departure would cause me material harm and imperil me and my children. Judge Johnson ignored my request and allowed Ms. Brinkmeier to resign with no attorney to replace her. I submitted an affidavit stating my concern because I didn't know what motion or action to file to try to stop her. (Exhibit X)

106.     At this same appearance Michael Bender asked Judge Johnson to order me to pay his outstanding fees. In the winter and spring of 2021 I had filed a motion for allocation of fees but Judge Johnson prevented it from being ruled upon at the request of Mr. Wherman because my motion presented voluminous evidence of Mr. Matt's tax evasion and money laundering, specifically the account names and numbers used to pay his bills with funds laundered from his native Germany, including Mr. Wehrman's own bills. Mr. Matt does not disclose these resources in affidavits to the court or to the IRS. So it would be uncomfortable for him to have these facts heard in a court.

107.     At her final appearance, when Mr. Bender was seeking an order for payment of his fees, Ms. Brinkmeier pointed out that I cannot afford the fees, that Judge Johnson first told me (and entered in the original order) that there would be a hearing to allocate Mr. Bender's fees and that I have submitted a motion seeking allocation through trial of fact but that this motion has not been heard or ruled upon. Judge Johnson refused to hear the allocation of fees motion and ordered me to pay Mr. Bender $500 per month, which has contributed to me filing bankruptcy.  Even as Judge Johnson was ordering this monthly payment I knew that it was impossible to make the payments being ordered, but I knew if I said anything else he might take the children or put me in jail immediately. On November 16, 2021 Judge Johnson fraudulently

entered an order saying Michael Bender's fees are necessary and reasonable. Because Judge Johnson has refused to hear my arguments for three years about Michael Bender's fees bankrupting me, as he ordered me to pay these fees it's impossible that he had formed an opinion that they are reasonable.

108.    On June 21, 2022 Michael Bender filed a Petition for Rule to Show Cause alleging that I am in contempt for not paying his fees in full. In this pleading he asks that the court, "Find Megan Mason in willfull indirect civil contempt and set a $2,950 purge" and to "Remand Megan Mason to custody of the Sheriff of Cook County". Having dispensed with all opportunity to have my just and true motion for financial allocation even heard, much less ruled upon, Mr. Bender is now seeking to have my physical body detained. Because I do not have $2,950, I do not "have the keys to my own jail cell" as a civil contempt ruling assumes. This fact and other matters of law do not comfort me because I have not generally experienced lawful conduct by parties in this case, at least according to the way the laws are written in Illinois and federally.

109. As of this writing, my service contact in the Circuit Court of Cook County's version of Odyssey File is Megan **Matt**, represented by **Alexandra Brinkmeier** and three unknown parties at 423 **Linda** Avenue in **Chicago**, Zip code **68091**. In fact my name for mailing purposes (and legally) is Megan Mason. I do not receive electronic service form the court so the email address for service is an email address unknown to me and undisclosed to me by the court or Tyler Technologies. My address is no longer on Linden and never was on Linda, that is not my zip code, Ms. Brinkmeier is no longer my attorney and never represented me with

other counsel so I have no idea who the other names are indicated by +3 more.

(EXHIBIT R)

110. On the afternoon of February 10th I visited the Record Division of the Circuit Court of Cook County to try to speak to someone who could fix my user information. I spoke to Ms. Chevon Edmondson who brought over her supervisor, Ms. Lori Garner. I asked Ms. Garner for contact information for the person who handles internet security for the court because I had reason to fear my identity had been stolen and fraudulent actions made. I told Ms. Garner that someone had changed my mailing address from 423 Linden Ave. in Wilmette to 423 Linda Ave. in Chicago. I told Ms. Garner that my prior attorney changed my mailing address.. I asked Ms. Garner if I could have a phone number for someone to help me or a supervisor, Ms. Garner would not give me a contact phone number. Ms.Garner wrote down my name and telephone number on a sheet and indicated "her Chief" would call me. Nobody has called me as of this filing.

111. On the evening of February 10th, 2022 I logged into Odyssey File again and noticed the corrupted primary service contact by expanding the field with Ms. Brinkmeier's name. Ms. Brinkmeier had previously listed a phone number in her contact information and her firm's address: 180 N Stetson Ave Ste 1300, Chicago, IL 60601 and she had no other attorneys listed when working for me. At this time the address for service was 423 Linda Avenue in Chicago, a fictional address.

112. On  February 10th, 2022, I wrote to Ms. Brinkmeier to ask if she could please remove the contact. On this same date Ms. Brinkmeier wrote back and affirmed that her contact was indeed altered in the Odyssey File  profile but informed me

that they had to be made by an employee of the clerk's office and that she knew no way to remove herself as a service contact. (EXHIBIT S)

113. On March 23, 2022 I wrote to Iris Martinez personally using certified mail, asking her to intervene to correct my service contact and to allow me access to the services of the Clerk's office. I have also emailed Ms. Martinez and had served on her a federal complaint containing these facts on two occasions. I have received no response and know of no effort rectify this issue..

114. Through an online search, for the first time I learned there existed an Office of the Inspector General for the Clerk, now headed by James Murphy-Aguilu. I wrote to Mr. Murphy-Agilu on March 29th, 2022. Shortly thereafter Shaun Hallinan, Deputy Chief of the Inspector General wrote back that case number 2022-3-145 had been opened. I have heard no response since. (EXHIBIT T)

115. As of September 26, 2022 my primary service contact still shows the fake address entered by someone I believe to be Brad Trowbridge in March of 2022, with Ms. Brinkmeier and three other attorneys listed as the primary contact and an unknown email registered for court notices. I still do not receive email notifications of service and updates on my case from the court because I cannot get the clerk to tell me what email is associated with my identity in Odyssey File or change my email to reflect my actual email address. (EXHIBIT R)

116. Since I first began reporting abusive practices in the office of The Clerk of The Circuit Court of Cook County Illinois around November of 2021 I have faced unrelenting harassment and obfuscation by various unnamed employees of The Clerk of the Circuit Court of Cook County Illinois as I try to engage in necessary

activities with the clerk's office. The delays and refusals by these employees to allow me access to justice has made it almost impossible to respond to or initiate any legal pleading in the Circuit Court of Cook County Illinois. As of this filing my First Amendment right to petition the government and my Fourteenth Amendment right to due process are systematically denied by Iris Martinez and her employees:

a. On March 18, 2022 I attempted to file "Exhibit A", "Exhibit B", "Exhibit C' and "Exhibit D" individually under the filing code "Exhbits Filed". All were rejected by an anonymous employee of The Clerk of The Circuit Court of Cook County with the comment, "The Correct Code is Proof of Service". (EXHIBIT U)

b. On April 1, 2022 I attempted to file six Proof of Service (POS) Documents with the title names "POS Trowbridge", "POS Blechman Subpoena", "POS Martinez", "POW Wehrman" and "POS Bender Doc Subpoena". Each were filed as individual documents with the code "Proof of Service" selected. All were rejected with no reason given. (EXHIBIT V)

c. On July 5th I attempted to file in Odyssey File a response to a motion by Michael Bender for fees called, "Defendant's Response to Michael Bender's PRTSC filed 20 June 2022" with exhibits attached, under the filing code "Answer/Response/Reply/Filed". It was rejected with the note, "Exhibit has its own filing code".

d.  On August 30, 2022 I made a second attempt to file a Section 2-1401 Petition to vacate a prior ruling with an affidavit and other exhibits attached. This petition was filed under the code "Petition" and rejected with the note, "Each filing has its own filing code affidavits and exhibit".

e.  On September 9, 2022 I submitted a pleading "Megan Masons Section 2-1401 Petition to Vacate the August 28, 2022 Finding of Contempt and Order" under the code "Petition". It was rejected by an anonymous employee of The Circuit Court of Cook County, Illinois with the return reason, "Rejected" and returned comments, "This Petition is a Fee". I replied to the Domestic Relations Clerk email to inquire what this means and how to remedy this and still have received no response. (EXHIBIT CC)

f.  On September 9, 2022 I submitted a Legal Aide Notice of Filing (NOF) Form called "NOF Megan Mason's Section 2-1401 Petition" under the code "Notice of Filing Filed". It was rejected by an anonymous employee of The Circuit Court of Cook County, Illinois with the return reason, "Rejected" and returned comments, "This Petition is a Fee". I replied to the Domestic Relations Clerk email to inquire what this means and how to remedy this and still have received no response. (EXHIBIT AA)

g.  On September 9, 2022 I submitted an Affidavit with the file name "Affidavit in Support of Megan Mason's Section 2-1401 Petition" and

the filing code "Affidavit" selected. It was rejected by an anonymous employee of The Circuit Court of Cook County, Illinois with the return reason, "Rejected" and returned comments, "This Petition is a Fee". I replied to the Domestic Relations Clerk email to inquire what this means and how to remedy this and still have received no response. (EXHIBIT BB)

h.  On September 9, 2022 I submitted three exhibits, for each document I selected the filing code "Exhibit" and the documents were named, "Exhibit E (Notice of Bankruptcy Stay of Proceedings) Response to Michael Benders PRTSC Fees", "Exhibit A Response to Bender's PRTSC Fees", and "Exhibit F (Meeting of Creditors Scheduled) Response to Michael Bender's PRTSC Fees" . They were rejected by an anonymous employee of The Circuit Court of Cook County, Illinois with the return reason, "Rejected" and returned comments, "The first page of the first pdf is blank, we do not file blank documents. Also, multiple documents were filed with the lead document". (EXHIBIT DD) I did not submit a blank page and, because I have been harassed and told that I cannot submit exhibits affixed to lead documents (this is not policy) I submitted these documents individually with the individual filing code "Exhibit".

i.  I believe that this harassment and confusion is ultimately intended to corrupt and distort the actual activity and facts of case 2016 D 9534.

114.   Because of the abusive practices by employees of The Clerk of the Circuit Court of Cook County I cannot exercise my right to subpoena documents from other parties.

  a.   In order to issue a subpoena in Cook County, a pro se litigant must have an employee of The Clerk of the Circuit Court of Cook County stamp a subpoena. Attorneys may simply issue subpoenas.  I first encountered challenges getting a subpoena stamped because I could find no option in Odyssey File. On February 17, 2022, I wrote to the Domestic Relations Division Clerk email DomesticRelDivServices@cookcountycourt.com:

  > *"Dear Domestic Relation Division Clerk, Please stamp the attached document subpoenas, urgently required in support of my Motion to Transfer Venue. As a pro se litigant I am unable to self certify and therefore rely upon your timely support in this matter.Kind Regards, Megan Mason 2016 D 9534"*

  Unknown Employee of the Clerk 2 wrote back to me by email:

  > *"Ms. Mason, Thanks for your email request.  Your request has been forwarded to the Customer Care.  Once completed you will be notified regarding further instructions.  Please allow two to three weeks to process. Sincerely,"*(EXHIBIT W)

  No employee of the clerk has ever responded to this request or subsequent efforts to follow up. I believe in fact this message was intended to mock me and curb my efforts to access the resources of the office of The Clerk of the Circuit Court of Cook County. I do not believe there is an entity, person or department called "The Customer Care".

  b.   When my efforts to follow up by email were unsuccessful I then drove to the Skokie office of The Clerk of the Circuit Court of Cook County Illinois, ten minutes from my home, and asked an employee named  Anna Zurawska to stamp my subpoenas. She said that because my case was heard by a judge in

Chicago I could not have a subpoena stamped in Skokie, though she agreed it was an office of Clerk Iris Martinez, as is the Chicago branch. I then had to drive almost an hour both ways and pay for expensive parking to go to The Clerk of the Circuit Court at The Daley Center in Chicago to get my subpoenas stamped.

c. Once I had served the subpoenas on individuals in this case to request important documents I filed them in Odyssey File, individually, under the code "Supboena Returned Personally Served", they were rejected en mass with no basis given. (EXHIBIT V)

115. A significant and impactful policy of Iris Martinez's office is systematic denial of access to the appeals process:

a. As part of the Appeals process in Illinois, in the event there is not a Court Reporter, under Ill. Sup. Ct. R. 323 the Appellant may submit a Bystander Report which is a summary of the facts of the trial. According to statewide rules this must be filed in the trial court and entered by the presiding judge. When in January, 2022 I initiated an appeal, the clerks refused to certify my Motion for hearing on Bystander Report and notification of service for Bystander Report three times on January 25, 2022. Each time they provided the erroneous instruction, "This is for appellate court". (EXHIBIT FF, EXHIBIT GG).

b. On one occasion I submitted my "Bystander Brief" and "Motion for Hearing on Bystander Report in Odyssey File, at the same time I uploaded the

instructions for preparing a Bystander Brief from the Illinois state court

website, which includes the following:

> *"on the same date you serve yourBystander's Report, you must*
> *schedule a hearing in front of the trial court to approve the*
> *Bystander's Report. The hearing needs to occur between 14 and 21*
> *days after you serve your Bystander's Report. To schedule the hearing,*
> *fill out a **circuit court Motion** and Notice of Court Date for Motion*
> *and file it with the **trial court**."* (EXHIBIT EE)

c.  On January 25th, 2022 I then emailed Ms. Brianna Steger, attorney for The

Circuit Court of Cook County and wrote to ask her to compel employees of

The Court to comply with the law and allow me to file a Bystander Brief, a

Bystander Motion, and schedule a hearing. This same day Ms. Steger wrote

back asking me to please not ask her for legal advice.

d.  On January 26th at 8:22am I wrote back to Ms. Steger that I was not asking

for legal advice I was asking her, in her role as attorney for The Court to

ensure that employees follow the law and do not violate my civil rights. Ms.

Steger did not respond. However at 11:20am on January 26th I received a

notice that my filing was accepted, without comment or modification.

e.  The week of February 28th, 2022 I received a call from Ms. Janice Thompson

who works for The Clerk of the Circuit Court of Cook County, preparing the

record on appeal for the Appellate Division. Ms. Thompson informed me that

she had received the request to prepare the record on appeal on Monday,

February 28th, 2022. She confirmed that I had filed the request on January

24th, 2022 and committed no errors. She said that due to mistakes by Clerk

employees she did not get the request to prepare the record on Appeal until

February 28th, 19 days after the deadline to have it transferred to the
Appellate Court. (EXHIBIT HH)

f.   I am currently desperately seeking to have Judge Johnson's September 13,
2022 order revoking my parenting rights appealed because it is on the face of
it unsupported by law or fact and the impact on my family is devastating. So
on September 15, 2022 I filed a Notice of Appeal seeking to overturn Judge
Johnson's September 13 order and served it on opposing counsel and Mr.
Bender, who is still Guardian Ad Litem. I also uploaded the "***Request*** for
Record on Appeal", prepared using a statewide standard Legal Aide form into
Odyssey File using the item description "Request" (EXHIBIT JJ)

g.   I then emailed Mr. Richard Lugo, who was the individual in charge of
preparing the record on appeal with my last appeal, copying Janice Thompson
who had prepared the last record on appeal. I attached a copy of the Notice of
Appeal (prepared on statewide form from Legal Aide) and the Notice of
Appeal, also from Legal Aide. I wrote:

> "Hi Mr. Lugo,I just filed the attached documents within the last day. I
> know with the last appeal I filed there was some confusion or delay
> between the time I submitted my request to prepare the record. I'm
> attaching the Notice of Appeal, Request for Record and Docketing
> Statement here." (EXHIBIT JJ)

h.    I then received a voicemail from an individual named Tony, calling from the
Cook County Circuit Court, who said he would like to talk to me about my
appeal and that I could call back and speak to either Tony or Gretchen
Peterson and instructed me to call back at phone number (312) 603-5426, the
general number for the Clerk of the Circuit Court of Cook County.

i.  I attempted to call Tony at (312) 603-5426 and reached a menu with no option to ask to speak to a person. I pressed 0 to reach the switch board, though it was not a menu option, and the phone rang and was not answered.

j.  On September 15 I then emailed Gretchen Peterson, Deputy Clerk, attaching the Request for the Record on Appeal and Notice of Appeal and  and wrote:

> *"Hi Ms, Peterson, I tried returning a call regarding the below appeal. I am awaiting confirmation of filing. Please let me know if a correction needs to be made in a filing code. I have not received confirmation if filing of the notice of appeal, docket and request for record. Please advise."* (EXHIBIT JJ)

k.  At 11:00am on September 16 I had not received a response from Ms. Peterson so I tried a second time to call Tony or Gretchen Peterson  but was unable to reach a person.

l.  On September 16 I then emailed Ms. Peterson again:

> *"I'm writing to request the status on my request for record on appeal in a Rule 311(a) appeal case. I'm attaching my previously filed record request, notice of appeal, and Notice of Appeal Received Letter from the Apellate Court. I've received a message from your office regarding my recently requested record on appeal and have attempted to phone twice but I haven't been able to reach you. Please advise if anything needs to be corrected or is outstanding. This is an urgent matter impacting the well being of young children."* (EXHIIBT JJ)(

m.  On September 16 Ms. Peterson wrote back to me:

> *"You record will be due to the Appellate Court 10/12/22. We need your Request to Prepare the Record on Appeal. You can file it in person  or efile it. If the request for this appeal is not filed we will not begin preparing the record. Please be advised there is a filing fee of $70.00 that is to be paid at the time the request is filed; unless you have a court issued fee waiver."*

n.  On September 19, 2022 at 12:25pm an individual called me from telephone number 312-603-5500 and said she was calling from The Clerk of the Circuit

Court of Cook County. I asked her her name and she said Mrs. Sung.   She

informed me that she had received a filing from me and that she would not be

able to assist me. She said, "your request was filed in the Domestic Relations

Court, this is for the Apellate Court". I informed her that no, the trial court (in

this case Domestic Relations Division of the Circuit Court) prepares the

record on appeal. I, as the appellant am required under Illinois to file a request

with The Clerk of the Circuit Court and The Clerk of the Circuit Court  is

required to prepare the record.". (EXHIBIT II, EXHIBIT JJ

116.    I have been particularly surprised and confused by actions by supervisors in the

office of The Clerk of the Circuit Court of Cook County that seem to be intended to

delay, confuse and harass me while stating policies that are contrary to the actual

filing rules of the court.

   a.   On July 3, 2022 I submitted a document called "Defendant's Response to

Michael Bender's PRTSC filed 20 June 2022". I erroneously used the word

defendant instead of respondent, but to my knowledge this did not cause any

issue with the clerk. I filed it under the tab Answer/Response/Reply Filed,

with exhibits affixed.

   b.   On July 6, 2022 the filing was rejected with an anonymous note, "Exhibit has

its own filing code".

   c.   On July 7, 2022 I wrote to the email address for the Domestic Relations

Division of the Clerk of the Circuit Court,

DomesticRelDivservices@cookcountycourt.com: "Please confirm this filing

was received and accepted on July 5th, 2022, the first business day after it was filed. It is a response in good order and ought to have been accepted"

d.   On July 7, 2022 an anonymous respondent wrote, "Your filing was rejected".

e.   On July 8, 2022 I wrote to ask to speak to a supervisor. On that same day, someone wrote to me, "You have to file the exhibits separately. That's the reason your filing was rejected.", I replied:

> *"You're wrong. This is clearly not policy. Exhibits may be attached to the main pleading. I have seen many pleadings accepted by your office from other parties' attorneys with the…exhibits attached.*
> *Again, please provide me with a supervisor contact. Again, please provide your name. Again, please provide the rule on which you base your rejection. Again, stamp the document on the date it was received in good order."*

f.   On July 11, 2022 Talitha Miller wrote to me, "I am a supervisor that reviewed your filing. However it may have been accepted in error." I'm genuinely not sure what is meant because I still don't think this document has been accepted.

g.   On September 23, 2022 I downloaded the "E-Filing Guide for Self Represented Litigants: How to E-File in Odyssey". On page 7 it reads:

> **What are Attachments?**
> *A category of filing that is only an option in some counties and for some types of Filing Codes.* **If you don't see Attachments as an option, file everything in the Lead Document section. You can do that by making the Lead Document and any attachments/exhibits one PDF, and upload as a Lead Document. Any document that you reference in your Lead Document, but is not technically part of the Lead Document. <u>They are usually called exhibits</u> or attachments.**
> *For example, if you write an Answer in an eviction case saying why you shouldn't be evicted, that written explanation is the Lead Document. In the Answer, you reference a receipt for paying rent.* **<u>The copy of the receipt could be labeled Exhibit or Attachment 1 and would be an Attachment, not a Lead Document.</u>** (EXHIBIT LL)

h.   On multiple occasions I have sought to have Gretchen Peterson or Talitha Miller provide to me the written policy that bars me from attaching exhibits to

a pleading. Ms. Miller has asked me to call her to "explain" the process but, because I believe I am being singled out either for my pro se status or my status as a whistleblower, it is vital for me to have a written policy in the form of a supreme court rule or a statement that, "Nobody is allowed to attach their exhibits to their pleadings, even attorneys". Telling me on the phone what the rules are for me would do nothing to dissuade me that I am not being discriminated against.

i.    On September 23, 2022 I wrote to Gretchen Peterson:

*"I don't believe I should have a separate policy for filing documents than that of others. I know from common practice among attorneys that I've observed, Odyssey File Users often submit documents as one PDF with the exhibits appended to the file. In fact, if you refer to the attached document from The Illinois Court Website, called, "E-filing Guide for Self-Represented Litigants", it reads on page 3: "What are Attachments?  A category of filing that is only an option in some counties and for some types of Filing Codes. If you don't see Attachments as an option, file everything in the Lead Document section. You can do that by making the Lead Document and any attachments/exhibits one PDF, and upload as a Lead Document.  Any document that you reference in your Lead Document, but is not technically part of the Lead Document. They are usually called exhibits or attachments.  For example, if you write an Answer in an eviction case saying why you shouldn't be evicted, that written explanation is the Lead Document. In the Answer, you reference a receipt for paying rent. The copy of the receipt could be labeled Exhibit or Attachment 1 and would be an Attachment, not a Lead Document." Please clarify the exact policy and assure me that I am given appropriate acccess to justice."*

117.    On September 27, 2022 I received an email from Ms. Turiya Clay, Chief Deputy Clerk of The Circuit Court of Cook County. Ms. Clay also asked me to call her so that she could explain. Again I demanded a written policy that applies to users, including attorneys, in Odyssey File. I maintain that we are allowed and, given that it's been used as a basis to reject multitudinous pleadings, and that I now feel I am forced to conduct a laborious process of filing separate exhibits one at a time. (EXHIBIT MM)

118.    On September 13, 2022 I appeared before Judge Johnson and happened to mention that employees of the Clerk of the Circuit Court of Cook County are not accepting my e filed documents. Judge Johnson said, "Did you go there?" I said it is policy to e file and was going to explain my efforts but Judge Johnson interrupted and said, "But did you go there? Because I've never heard of that, of anyone going to the clerk and them not letting you file documents". I was not allowed to speak so I could get no further clarification, but it was my understanding that Judge Johnson, as an individual authorized to supervise and instruct employees and the public on proper filing procedures, was instructing me that I must go to have filings personally stamped, whereas other litigants may use Odysssey File. I know for a fact this is not an official law or policy of The Clerk, having used e-filing for two years, part of which time was during Covid when parties could not go to the courthouse to have paper documents stamped. To impose a different set of standards on me due to my pro se status is on the face of it burdensome, discriminatory and in violation of my First and Fourteenth Amendment rights.

**This Abuse is Ongoing**

119.    The abuse I've experienced in The Circuit Court of Cook County has been happening for six years. When I left my ex husband my younger son was four years old and my older son, as is the case now, required constant care due to his disabilities. Now I find myself insolvent, in $80,000 in high interest debt and facing an actual motion to have me incarcerated with no obvious way to pay the fee necessary to leave jail and the very likely possibility that I will lose employment once incarcerated.

120.    From the time the children and I first left Mr. Matt in August, 2016 I have had to find

a way to support my children and myself with no family support and while under constant,

expensive vexatious litigation by Mr. Matt and other parties in this case. For the first five

years of my separation and divorce my average income was under $50,000. But I earned a

Series 7 securities license and built a career for myself, a good job with flexibility and

good health care for the children. My income grew to over $120,000 annually. I am well

liked by my supervisors and have been promoted to Vice President at Jefferies Bank where

I now work. I have been told by supervisors at both Morgan Stanley, my prior employer,

and Jefferies that I should expect to earn at a minimum $400,000 annually in the next few

years. But now I can't even take on new clients because I genuinely don't know if I'll be

incarcerated or otherwise prevented from performing my fiduciary duties. This abuse has

virtually stopped all possibility of career growth and I fear termination due to my shattered

financial reputation.

121.    I am devastated and humiliated by the loss of my most basic civil rights and in fear

for my family's and my own safety and well being. I fear for the women and children of

the Chicago area if someone does not take the civil rights abuses in the office of The Clerk

of the Circuit Court of Cook County seriously and in the court itself seriously.

122.    The most important goal for me is injunctive relief. I want my life back. I want the

right to trials of fact and access to justice. Even where this court might be inclined to

believe that a defendant I have named might be immune from lawsuit, every defendant

named has had intimate, personal knowledge of the events that form the basis of this suit.

They must necessarily be seen as potential witnesses. I should not have to be under the

power of individuals against whom I've given testimony related to their serious misconduct.

123.     Whether as witness or defendant, no judge, clerk, clerk employee, court appointee, attorney or court employee ought to be involved in a case with a party who is also a party in another lawsuit where this practitioner is a defendant or witness. Frankly, no litigant should ever have to take the time to write this obvious fact of legal ethics down and no judge should ever have to take the time to tell another judge or clerk to follow this basic principle of legal ethics. Nevertheless, as of this writing, I am currently under the authority of a judge, clerk, guardian ad litem and numerous other staff and employees against whom I have alleged corruption and continue to allege the same, and whom I'm suing or attempting to sue. I don't even know if there is case law in matters that are so obviously distasteful and anathema to justice.

124.     I should point out that I have attempted to remove my case from Cook County Circuit Court and to specifically remove the individuals Robert Johnson, Michael Bender and Kaye Mason from any involvement in this case. I have submitted multiple motions as well as a prior federal complaint that lays out all the significant facts here and parties simply refuse to step down, transfer or otherwise stop this entanglement. It is my understanding that my legal adversary in Illinois case 2016 D 9534 is Mr. Peter Matt, who is not named here. "The Court" according to every principle of our justice system, most notably the principle of judicial immunity, assumes that every employee, appointee or judge who comprises "The Court" is neutral. A neutral court does not have anything to hide by transferring a case to another neutral court. A neutral court would never seek power over

an individual woman who has very reasonable reason to believe she is unsafe under the authority of these individuals.

125.    As of this filing, again with no evidence in support, Mr. Wehrman and Mr. Bender have had my parenting rights revoked by Judge Johnson, have had me sanctioned by Judge Johnson for my public testimony about their federal crimes, are seeking to have nearly $100,000 in new fines imposed on me and are seeking to have me imprisoned. They have the power bestowed upon me by the color of law of the State of Law to destroy my life for whistleblowing and they are doing so.

**CLAIMS**

**Claim 1. First and Fourteenth Amendment Violations and Violations of Illinois Service of Process Law (720 ILCS 5/31-3, Obstructing Service of Process), Federal Wire Fraud and Identity Theft Laws (18 U.S. Code § 1028, 18 U.S. Code § 1028A, 18 U.S. Code § 1343)**

**(**42 U.S. Code § 1983 DEFENDANTS - Trowbridge, Johnson, Mason, Bender, Wherman)

120.    Plaintiff incorporates by reference all preceding allegations as if fully set within.

121.    Defendant Bradley Trowbridge was ostensibly acting as my private attorney, though I now believe him to have been engaged in acts of fraud, during the events in question. In such capacity he was inherently intertwined with multiple state functions and delegated authorities and powers by the state itself. Namely, Mr. Trowbridge was responsible for receiving communications from the Clerk of the Circuit Court of Cook County and the Court itself on my behalf. Mr. Trowbridge was responsible for receiving legal communications from other parties as part of legal activities in state

court on my behalf. These actions are subject to 42 U.S. Code § 1983 because the state believed they had delegated important functions of communication from and regarding the court to Mr. Trowbridge. More importantly, I believed this.

122.    Mr. Trowbridge violated federal identity theft law 18 U.S. Code § 1028 when around late February or early March, 2020 he created an email and user id in the Clerk's e filing system Odyssey File and checked the box attesting to be me. Mr. Trowbridge knowingly transferred and possessed a means of identification of another person, namely my personal (pro se) Odyssey File login. Because this act of fraud also involved the use of a fake email address, it also violated 18 U.S. Code § 1028 which prohibits fraud in connection with identification features. Mr. Trowbridge also violated federal wire fraud statute 18 U.S. Code § 134 by committing online fraud by creating a false user id in Odyssey File purporting to be me.

123.    On multiple occasions Mr. Trowbridge violated federal wire fraud statute 18 U.S. Code § 1343 when he lied over email to deny the existence of a contempt allegation against me and falsely confirmed no motions were being filed during Covid while he knew I was alleged to be in contempt of court and active litigation was proceeding in this matter. In so doing, Mr. Trowbridge also violated my 14th amendment right to due process.

124.    On multiple occasions Mr. Trowbridge violated my federally protected right to due process as codified in the Fourteenth Amendment as well as Illinois law 720 ILCS 5/31-3, which prohibits obstructing service of process.

    a.    When an individual I believe to be Mr. Trowbridge changed my mailing address from 423 Linden Ave, Wilmette to 423 Linda Ave., Chicago (a

nonexistent address), this resulted in three postcards from the court being returned "addressee not found". Because this also prevented me from knowing about the underlying legal proceeding for which I had still not been served, this was a further violation of my 14th amendment right as partly codified in Illinois Service of Process statutes.

b. When Mr. Trowbridge received emails from the court regarding scheduled court dates and other notices about an active contempt allegation filed against me in court and did not tell me there was an active contempt allegation, he again engaged in acts to deny me due process. The fact that Mr. Trowbridge omitted disclosure of the allegation of contempt on at least eight occasions is an obvious sign of a willful concealment rather than a sincere oversight.

125. When an individual I believe to be Mr. Trowbridge filed a pro se appearance on my behalf using a fraudulent log in, he further violated my right to a digital identity. In this act he also violated my First Amendment right to petition the government by at once pretending he was acting as my attorney, when he knew he was not, and by not informing me that he had ceased acting as my attorney, thereby preventing me from being aware that I was unrepresented and either advocating for myself or retaining counsel.

126. On March 8, 2022 Mr. Christopher Wehrman attested to having served Mr. Trowbridge with a petition for rule to show cause as well as a notice of filing. Mr. Trowbridge persists in willfully refusing to tender to me the notice of filing and the email with which it was delivered. As of this filing I have still not been served the Notice of Filing served with the PRTSC served by Mr. Wehrman on Mr. Trowbridge

so this denial of service is ongoing and the violation of my Fourteenth Amendment
right to due process ongoing.

127.    I was ultimately found in contempt of court following Mr. Trowbridge's abusive
acts, resulting in severe financial costs for which I have filed bankruptcy. This ruling
of contempt of court (I deny that I acted in contempt of court) has subsequently been
used as a basis  to undermine my credibility and used as a primary basis to revoke my
parenting rights. Mr. Trowbridge's misconduct has therefore also led to tremendous
pain and suffering on the part of myself and my minor children A.D.M. and T.M.M.

128.    Defendants Johnson, Mason, Wehrman and Bender have engaged in ongoing acts
of conspiracy by hiding his misconduct and assisting in the perpetuation of his fraud.

129.    I am seeking compensatory and punitive damages and injunctive relief.

**Claim 2. First and Fourteenth Amendment Violations and Violations of Illinois Service
of Process Law (720 ILCS 5/31-3, Obstructing Service of Process), Federal Wire Fraud
and Identity Theft Laws (18 U.S. Code § 1028, 18 U.S. Code § 1028A, 18 U.S. Code §
1343)**

**(**42 U.S. Code § 1983 DEFENDANTS - Brown, Martinez, Tyler Technologies,
Murphy-Aguilu, Garner, Unknown Clerk Employee 1)

128.    Plaintiff incorporates by reference all preceding allegations as if fully set within.

129.    At all times relevant defendants Brown, Martinez, Tyler Technologies, Garner,
Murphy-Aguilu and Unknown Unknown Clerk Employee 1 were acting under color
of state law, in particular in their authority to verify, control and protect digital
identities of litigants using Odyssey File software in the Circuit Court of Cook
County, Illinois.

130.   The acts and omissions of Defendants Brown, Martinez, Tyler Technologies, Garner, Murphy-Aguilu and Unknown Clerk Employee 1 were so culpable as to constitute authorization of, and acquiescence in, the unlawful conduct of Defendant Trowbridge.

131.   Defendants Brown, Martinez, Tyler Technologies, Murphy-Aguilu, Garner, Unknown Clerk Employee 1 are vicariously liable for the unlawful acts of Defendant Trowbridge.

132.   Defendants Brown, Martinez, Tyler Technologies, Murphy-Aguilu, Garner, Unknown Clerk Employee 1's acts and omissions constituted a custom, practice, and policy of deliberate indifference to my constitutional rights secured by the First, Fourth and Fourteenth Amendments.

133.   Defendants Brown, Martinez, Tyler Technologies, Murphy-Aguilu, Garner, Unknown Clerk 1's acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of my constitutional rights.

134.   Defendant Unknown Clerk Employee 1 further violated my Fourth Amendment rights by refusing to tender to me the email and IP address and user history associated with my identity in Odyssey File. The Fourth Amendment protects citizens' rights "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures". Unknown Clerk Employee 1 had no right to take possession of my digital identity and they therefore had no right to refuse to return to me that which had been seized: my unique email address and identifying IP address.

135.   Defendant Murphy-Aguilu specifically exercised a willful and wanton disregard for my First Amendment right to petition the government, my Fourteenth Amendment

right to due process and my right to my digital identity by receiving my request to correct my address, service contact and email address for communications from the Clerk of the Circuit Court of Cook County, Illinois in March, 2022 and confirming he had taken action to resolve these serious issues on March 29, 2022 and failing to intervene for 6 months.

136.     Defendant Brown specifically exercised a willful and wanton disregard for my First Amendment right to petition the government, my Fourteenth Amendment right to due process by failing to install any security feature in the Odyssey File system to verify the identities of pro se users, by failing to install any security features in the Odyssey File system to prevent the fraudulent creation of pro se Odyssey File user accounts or to provide any way for pro se litigants to correct errors in their digital records.

137.     Defendant Brown further exercised a willful and wanton disregard for my First Amendment right to to petition the government, my Fourteenth Amendment right to due process by allowing a fraudulent appearance to be entered into the Docket on my behalf either by allowing "Appearance" to be entered in activity in the docket without a supporting document or with a fraudulently signed/attested document. I never knew of, wanted or filed a pro se appearance and yet it was entered on my behalf through Ms. Brown's authority.

138.     Defendant Martinez specifically exercised a willful and wanton disregard for my First Amendment right to petition the government, my Fourteenth Amendment right to due process and my right to my digital identity by receiving my request to correct my address, service contact and email address for communications from the Clerk of

the Circuit Court of Cook County, Illinois on at least as early as March, 2022 and failing to intervene for 5 months.

139. Defendant Tyler Technologies specifically exercised a willful and wanton disregard for my First Amendment right to petition the government, my fourteenth amendment right to due process by failing to install any security feature in the Odyssey File system to verify the identities of pro se users, by failing to install any security features in the Odyssey File system to prevent the fraudulent creation of pro se Odyssey File user accounts or to provide any way for pro se litigants to correct errors in their digital records.

140. Defendant Tyler Technologies further violated my Fourth Amendment rights by refusing to tender to me the email and IP address and user history associated with my identity in Odyssey File. The Fourth Amendment protects citizens' rights "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures". Acting on behalf of the state Tyler Technologies informed me on a phone call around July, 2021 that they would not provide to me the email address and IP address associated with my identity in Odyssey File unless compelled by subpoena. Tyler Technologies had no right to take possession of my digital identity and they therefore had no right to refuse to return to me that which had been seized.

141. Defendant Garner specifically exercised a willful and wanton disregard for my first amendment right to petition the government, my fourteenth amendment right to due process and my right to my digital identity by responding to my request to speak to someone who can fix errors in the Odyssey File system on February 10, 2022 and

asserting that she was a supervisor who would help and then doing nothing to correct my service information.

142.    I am seeking compensatory and punitive damages and injunctive relief.

**Claim 3. Fourteenth Amendment Violations, Ill. Sup. Ct. R. 2.9 Ex Parte Communications**

(42 U.S. Code § 1983 DEFENDANTS - Palen, Kaye Mason, Bender, Wehrman, Johnson)

141.    Plaintiff incorporates by reference all preceding allegations as if fully set within.

142.    At all times relevant defendants Palen, Kaye Mason, Bender, Wehrman and Johnson were acting under color of state law.

143.    The right to attend hearings and be privy to court matters conducted on one's behalf is protected by the Fourteenth Amendment generally and, in this claim, Ill. Sup. Ct. R. 2.9 specifically, which proscribes ex parte communications on substantive judicial matters in Illinois civil proceedings. Defendants Jonathan Palen, Kaye Mason, Michael Bender and Christopher Wehrman acted individually and in concert to deprive me of my Fourteenth Amendment right to participate and know about state legal proceedings in which I am a named litigant. In the secret email thread with the subject "IRMO Matt; 2016 D 9534; COURT ORDER" defendant John Palen wrote on December 5, 2020, "I want to be paid. It is as simple as that." Because Dr. Palen, as an appointee of The Circuit Court of Cook County, must be presumed to be acting in an official capacity when he wrote this, I have considered it a petition to the court for fees.

144.    If Dr. Palen believed he had an outstanding invoice or had a concern about a

party's ability to pay him he would have every right to petition the court. I have asked

him to please explain the email or provide a petition for fees related to the emailed

request on prior occasions. Dr. Palen has not responded.

145.    Assuming Dr. Palen was petitioning the court for fees, he and Michael Bender,

Kaye Mason and Christopher Wehrman violated my constitutionally protected right to

due process by considering Dr. Palen's request in a private email thread and

conducting a private adjudication by email. As of this filing parties have still refused

to provide to me the remaining emails in the thread or otherwise inform me of the

substance of the adjudication of Dr. Palen's request.

146.    In fact I do not believe this secret email was a legitimate adjudication or otherwise

sanctioned court functioning. I know for a fact, and have stated under affidavit, that at

the time of writing the email on Dec. 5, 2020 Dr. Palen had a positive retainer balance

and no invoices outstanding. I suspect and have alleged it to be a solicitation of

bribery  by Dr. Palen. I have given parties every opportunity to provide an "innocent"

explanation. They will not.  Nevertheless, I believe these actions, even if personal or

administrative in nature, were conducted under color of state law. Notably Kaye

Mason wrote emails using an email server owned by the Circuit Court of Cook

County Illinois. All other parties used the same email addresses used for official court

duties and functions, and in Dr. Palen's case, included the same professional email

signature. And, again, the subject of the email thread is "IRMO Matt; 2016 D 9534;

COURT ORDER", the term "court order" in particular connotes state authority.

147.    I believe on the face of it there can be no basis to prevent disclosure of the entire

email thread to me given the very straightforward verbiage of Ill. Sup. Ct. R. 2.9:

*"(A) A judge shall not initiate, permit, or consider ex parte communications or
consider other communications made to the judge outside the presence of the parties
or their lawyers concerning a pending\* or impending matter,\* except as follows:(1)
When circumstances require it, ex parte communication for scheduling,
administrative, or emergency purposes, which does not address substantive matters,
is permitted, provided: (a) the judge reasonably believes that no party will gain a
procedural, substantive, or tactical advantage as a result of the ex parte
communication; and (b) the judge makes provision promptly to notify all other parties
of the substance of the ex parte communication and gives the parties an opportunity
to respond."*

148.    Kaye Mason is an employee of the Clerk of The Circuit Court of Cook County

and works as Judge Johnson's scheduler and is required to follow the same

regulations as the judge himself, which is to say to not engage in ex parte

communication and to "promptly" disclose the nature and contents of such

communications.. Kaye Mason is also specifically tasked with communicating on

behalf of Judge Johnson, and has done so, relaying verbal messages for other parties

made to her by email. Judge Johnson refers to Ms. Mason as "My Clerk" and other

court employees and officers of the court refer to Ms. Mason as "Judge Johnson's

Scheduler" or "Judge Johnson's Clerk", so I believe it is fair to say any and all emails

to Ms. Mason at the server and email address assigned to her in her role as employee

of the Clerk of the Circuit Court of Cook County are also communications to and

from "The Judge" in this matter and subject to the same standards. Ms Mason is

unquestionably obligated to provide to me the emails in the thread "IRMO Matt; 2016

D 9534; COURT ORDER".

149.    I have made extensive effort to induce Defendants Mason, Johnson, Bender, Wehrman and Palen to provide the emails to me as is my right under Ill. Sup. Ct. R. 2.9. The rule not only states my right to receive the emails but is explicit in the judge's responsibility to act to provide the emails to me, stating that in the event ex parte communication takes place, "the judge makes provision promptly to notify all other parties of the substance of the ex parte communication and gives the parties an opportunity to respond". Judge Johnson refuses to tell me the contents of the conversation, to provide the emails to me or to allow me to provide my opinion about the matter at hand, which is to say to respond.

150.    It is my sincere and, I believe, reasonable belief that a secret email thread between my former husband's attorney and the judge, to which I am denied access, is unfair and prejudicial to me. It is for this reason that I have attempted to subpoena the emails, believing that they could very well be evidence that is appropriate and relevant to virtually any proceeding in which Defendants Johnson, Kaye Mason, Bender, Palen or Wehrman are participants, which is to say any proceeding in case 2016 D 9534. I have issued subpoenas to Iris Martinez, Clerk of the Circuit Court of Cook County requesting any emails to or from Ms. Mason or Judge Johnnson in relation to me, my family or my case. She has not responded. I have issued subpoenas to Grace Dickler, Presiding Judge of the Domestic Relations Division of the Circuit Court of Cook County requesting any emails to or from Ms. Mason or Judge Johnnson in relation to me, my family or my case. She has not responded. I have issued subpoenas to Briana Steger, Attorney for the Circuit Court of Cook County

requesting any emails to or from Ms. Mason or Judge Johhnson in relation to me, my family or my case. She has not responded.

151.    Defendants Palen, Kaye Mason, Bender, Wehrman, Johnson have known about my concern about these emails since at least November, 2021 when I first submitted the emails to the court as an exhibit supporting my Motion for Substitution of Judge. Each of these defendants is either a members of the Illinois Bar or a professional who works in and for the court. It seems almost impossible to me that these individuals could not understand that ex parte communications are bad and that a litigant such as me who suspects inappropriate communications will necessarily doubt the integrity of the court. They have unanimously refused to tell me what or why they were talking about in nearly a year so I do not believe they are entitled to an immunity defense in these matters. How could it be possible that a legitimate legal act needed to be kept secret from a party in a lawsuit, in direct violation of state law?

152.    Ex parte communications such as this email thread have contributed to rulings that have bankrupted me and resulted in the loss of my parenting rights, which has caused me and my minor children tremendous pain and suffering.

153.    I am seeking compensatory and punitive damages and injunctive relief.

**Claim 4. Fourteenth Amendment Violations, Ill. Sup. Ct. R. 2.9 Ex Parte Communications**

(42 U.S. Code § 1983 DEFENDANTS - Martinez, Murphy-Aguilu, and Johnson)

152.    Plaintiff incorporates by reference all preceding allegations as if fully set within.

153.    At all times relevantDefendants **Martinez, Murphy-Aguilu, and Johnson** were acting under color of state law.

154.    The acts and omissions of Defendants **Martinez, Murphy-Aguilu, and Johnson** were so culpable as to constitute authorization of, and acquiescence in, the unlawful conduct of Defendants Kaye Mason et al.

155.    Defendants **Martinez, Murphy-Aguilu, and Johnson** are vicariously liable for the unlawful acts of Defendants Kaye Mason et al.

156.    Defendants Martinez, Murphy-Aguilu, and Johnsons' acts and omissions constituted a custom, practice, and policy of deliberate indifference to my constitutional rights secured by the Fourteenth Amendment and  Ill. Sup. Ct. R. 2.9 .

157.    Defendants Martinez, Murphy-Aguilu, and Johnsons' acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of my constitutional rights.

158.    Defendant Johnson specifically exercised a wanton disregard for my rights in his role of employee supervisor to Ms. Kaye Mason when he allowed her to order me to attend court and then chastised me for attempting to get Ms. Mason to comply with Ill. Sup. Ct. R. 2.9 by sending her a subpoena asking her to promptly disclose to me the contents of the emails in the secret thread. I believe on the face of it, Judge Johnson is and was required to instruct an employee under his supervision to comply with Illinois law. I believe on the face of it Judge Johnson knows that Ms. Mason is required to give me these emails under Illinois law and demonstrated a wanton disregard for my rights in his role of employee supervisor to Ms. Kaye Mason.

159.    I am seeking compensatory and punitive damages and injunctive relief.

**Claim 5. Ongoing denial of First Amendment Right to Petition Government and of Fourteenth Amendment Right to Due Process by blocking plaintiff's access to Clerk services and violation of 18 U.S. Code § 1343 (wire fraud) by UNKNOWN CLERK EMPLOYEE 3**

**(**42 U.S. Code § 1983 DEFENDANTS - Kaye Mason, Christopher Wehrman, Robert Johnson, Iris Martinez, Talitha Miller, Unknown Clerk Employee 2, Unknown Clerk Employee 3)

160.    Defendants Iris Martinez, Clerk Employee and an unknown number of other employees of the clerk (they almost always act anonymously) have prevented me from filing pleadings with The Clerk of The Circuit Court of Cook County on a continuous, unrelenting basis. There has been an overwhelmingly large volume of instances where pleadings were rejected for baseless reasons with incoherent notes given to explain the rejection by anonymous staff of The Clerk. This activity has been primarily following my disclosure as a whistleblower against abuses by Ms.Martinez and others. My attempts to follow up or inquire as to how to get the pleadings accepted have been largely ignored. I have been denied and am continuing to be denied the right to subpoena documents from other parties, the right to appeal, the right to resolve disputes in court, and the right to defend myself against actions against me in court. This is a systematic policy of denying me my First Amendment right to petition the government and my Fourteenth Amendment right to due process.

161.    Defendant Martinez has also violated my First Amendment right to Petition the government by creating a policy of discouraging Appellants from appealing, a vital element of any functioning court. Actions by her employees to delay, obstruct,

obfuscate and mislead me in the appeals process by literally telling me they would not do their job under Illinois law of filing my Bystander Brief, Motion for a Bystander Hearing or Request for Record on Appeal, as well as numerous instances of them simply ignoring my duly filed documents have happened so often that this is clearly the official policy and custom of the Clerk of the Circuit Court of Cook County.

162.     Such restrictions in my First Amendment right to appeal have tremendous implications. If judges do not believe their rulings will ever be considered by a neutral judge in another court they are empowered to use their tremendous power for almost anything they wish. For example, without fearing an appeal or a "bad record" a judge might take away a children's mother with no basis in law or fact. Judicial immunity makes it not only difficult to get intervention through tort action but completely removes any financial incentive for quality attorneys to do so. I am filing this suit pro se because I do not have the means to pay an attorney, in part. But I also could not find an attorney who would take me. I am certain that if perhaps three of the most serious actions I've described in this suit took place in my workplace at a corporation I would have a long list of attorneys with ideas to fix it. There is simply no room for chronic unprofessionalism and abuse in a functioning court because the stakes are so high and the litigants like me given so few means to access justice or restore our rights. We cannot afford for Ms. Martinez to be careless or negligent of our rights when the implications are so serious.

163.     Defendant Unknown Clerk Employee 3 specifically exercised a wanton disregard for my rights and committed wire fraud in violation of 18 U.S. Code § 1343 when this individual altered the Docket of The Clerk of the Circuit Court of Cook County some

time between June of 2021 and September 30, 2022 to indicate Jonathan Merel PC

acted as my counsel on July 21, 2020 and any other date earlier than June of 2021, the

first time I had any connection with Jonathan Merel PC.

164.    Defendant Miller specifically exercised a wanton disregard for my rights in role

as supervisor in the office of The Clerk of the Circuit Court of Cook County Illinois.

By providing instructions contrary to written rules and what I know other attorneys to

do in practice, which is to say by asserting that I must file exhibits separately from

pleadings while knowing this to be untrue, Ms. Miller showed wanton disregard for

my well being and civil rights as an Odyssey File user.

165.    Defendants Johnson and Mason have further denied me my First Amendment

right to petition the government by creating an official policy whereby my former

husband may submit motions and petitions to Judge Johnson and have them ruled

upon but I may not.  On May 27, 2022Kaye Mason affirmed Christopher Wehrman's

assertion that the judge "isn't hearing anything". However, since that time, Mr.

Wehrman has filed multiple pleadings, all of which were allowed to be heard. This

represents an official policy on Kaye Mason and Judge Johnson's part, with regard to

scheduling in his court, that I may not submit pleadings and my legal adversary may.

This is a systematic violation of my Fourteenth Amendment right to due process and

my First Amendment right to petition the court.

166.    Defendant Johnson has, in his role as a supervisor to users of Clerk facilities,

attempted to force me to abide by a different set of rules for petitioning the

government that are more onerous, unjust and not supported by statute. Specifically, it

is the official stated policy of The Clerk of the Circuit Court of Cook County, Illinois

that all litigants, since Covid, efile using Odyssey File Software from Tyler Technologies. I am trained and familiar with e filing using Odyssey File and can do it from my home at any time, without the cost of expensive parking and having to make a nearly hour drive to the Daley Center. E filing is the standard and preferred method of all litigants with internet service. When Judge Johnson rebuked me for not personally having filings stamped he suggested a different set of rules for me, a much more difficult set of rules, than are in effect for all other court users who may e file if they have online access. This is an abuse of his authority as a supervisor of Clerk employees and users and a violation of my First and Fourteenth Amendment rights.

167.    When Unknown Clerk Employee 2 wrote to me, *"your request has been forwarded to the Customer Care.  Once completed you will be notified regarding further instructions"* (EXHIBIT W ) this individual mocked me and dissuaded me from accessing the rights this individual is in fact employed to protect. By engaging in a fraud to suggest 1) There is a division called "the Customer Care" and 2) There is an employee in this division who would help me, Unknown Clerk Employee 2 demonstrated a shocking disregard for my First and Fourteenth Amendment rights and an intent to harass and confuse me into stopping my pursuit of my own civil rights.

168.    As a result of these voluminous denials, one might even say attacks on my right to advocate for myself in court, I have faced numerous sanctions, financial losses, and, recently, forced separation from my children. Conducting the most basic legal activity in The Circuit Court of Cook County is onerous, emotionally draining and

increasingly impossible. My career has suffered drastically from the time I must put into litigation just due to harassment by employees of Iris Martinez.

169.    I am seeking compensatory and punitive damages and injunctive relief.

## Claim 6. Ongoing denial of First Amendment Right to Petition Government and of Fourteenth Amendment Right to Due Process by blocking plaintiff's access to Clerk services

**(**42 U.S. Code § 1983 DEFENDANTS - Martinez, Murphy-Aguilu, Garner and Miller)

29. Plaintiff incorporates by reference all preceding allegations as if fully set within.

30. At all times relevant defendants Martinez, Murphy-Aguilu, Garner, Miller, and Peterson were acting under color of state law.

31. The acts and omissions of Defendants Martinez, Murphy-Aguilu, Garner, Miller, and Petersons were so culpable as to constitute authorization of, and acquiescence in, the unlawful conduct of Kaye Mason et al.

*32.* Defendants Martinez, Murphy-Aguilu, Garner, Miller, and Petersons are vicariously liable for the unlawful acts of Kaye Mason et al.

*33.* Defendants Martinez, Murphy-Aguilu, Garner, Miller, and Petersons' acts and omissions constituted a custom, practice, and policy of deliberate indifference to my constitutional rights secured by the First and Fourteenth Amendments.

*34.* Defendants Martinez, Murphy-Aguilu, Garner, Miller, and Petersons' acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of my constitutional rights.

35. I am seeking compensatory and punitive damages and injunctive relief.

<u>**Trial by jury is requested on all Claims**</u>

**PRELIMINARY INJUNCTIVE RELIEF SOUGHT.**

A.  I pray this Court intervenes swiftly and decisively to protect my and my children's safety and well being. I am submitting by separate motion a request for preliminary injunctive relief. I specifically pray that this Court:

1.  Order all defendants, witness or potential witnesses to this case to recuse themselves or withdraw from any involvement in the underlying Circuit Court case 2016 D 9534 immediately. This specifically includes Robert Johnson, Kaye Mason, Michael Bender, and Christopher Wehrman.

2.  Immediately order Grace Dickeler, Presiding Judge of the Domestic Relations Division of Cook County Illinois, and Iris Martinez, Clerk fo the Circuit Court of Cook County to transfer the Domestic Relations Case 2016 D 9534  to adjoining Lake County in the interest of justice, at the expense of the Clerk of the Circuit Court of Cook County and to stay all rulings in this matter in The Circuit Court of Cook County until the case can be heard in a netral venue by a neutral judge.

3.  Order Iris Martinez to within three days correct my service contact information, including accurate name, address, email and removal of any individuals erroneously listed as attorneys.

4.  Order Iris Martinez to tender to me within thirty days all emails between her employee Kaye Mason and Christopher Wherman, John

Palen and/or Michael Bender regarding this case. This includes all the emails in the thread,"IRMO Matt; 2016 D 9534; COURT ORDER", as well as any other ex parte emails Ms. Mason sent or received from her professional address.

5.  Order Tyler Technologies to tender to me within thirty days all email addresses names and IP address associated with my identity (Megan Matt nka Megan Mason) in Odyssey File as well as a complete log of user activity for my identity, including email address and IP address for each action and incident.

6.  Order Iris Martinez to immediately stop the practice of anonymous filings and emails by her staff, and that she require clerk employees to use their full legal name in any court correspondence and to use their full legal name in the log of any online filings. Order Iris Martinez to require employees in her office to disclose their name and position when asked.

**OTHER RELIEF SOUGHT**

B.  Permanently prohibit any individual named as a defendant in this suit from serving as an attorney, guardian ad litem, conservator,  trustee, guardian, executor or any other position of legal, financial or physical authority over the minor children A.D.M. and T.M.M. either individually or through trusts, businesses. and/or other entities associated with the children or the defendants. This includes but is not limited to Robert Johnson, Kaye Mason, Michael

Bender, Christopher Wehrman, John Palen and any member of their immediate family.

C.  In the event that any individual named as a defendant in this suit has already been hired, named or appointed in any capacity named above, that this individual discloses the nature of their appointment to the Court. This includes but is not limited to Robert Johnson, Kaye Mason, Michael Bender, Christopher Wehrman, John Palen, and any member of their immediate family.

D.  Order all parties to disclose any life insurance policies, businesses, trusts or other assets or financial instruments owned by the minor children A.D.M. or T.M.M. that they are aware of, even if they have no controlling or beneficial interest in such vehicles. This includes but is not limited to Robert Johnson, Kaye Mason, Michael Bender, Christopher Wehrman, John Palen, and any member of their immediate family.

E.  I pray this Court award damages to me, Megan Mason, for:

      a)  Pain and suffering due to the forced separation of me from my children which is a direct result of all the actions named in this complaint.

      b)  Lost business income due to time spent on legal harassment, litigation and attempts to stop civil rights and criminal abuses;

      c)  Lost future earnings due to impending devaluation of and potential loss of financial service license following bankruptcy;

d) Loss of reputation;

e) Legal fees imposed due to fraudulent acts or paid to attorneys who committed fraud while purporting to act in my interest;

f) Sanctions imposed due to fraudulent acts;

g) Fees ordered to be paid to Mr.Bender, Dr. Palen and Dr. Blechman;

h) Interest incurred on high interest loans I was forced to borrow as a result of fraud;

i) Loss of reputation as an educator due to defamatory and baseless allegations of medical neglect and unfit child rearing decisions. This is relevant because if I lose my financial securities license, a natural job market for me is normally as a teacher or administrator in a school setting because I hold a Masters degree in Education, but I currently am in possession of a publicly filed order that states I have committed child abuse;

j) Pain and suffering due to the denial of justice and dignity by the Clerk of the Circuit Court of Cook County;

This nation promised me full protection of the United States Constitution, I want that restored.

F. Whatever further relief and protection the Court deems fit and is able to provide me and my children.

Respectfully Submitted by


/s/Megan Mason

Megan Mason, Plaintiff  Pro Se

September 30, 2022