## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

MEGAN MASON,
Plaintiff;

**Vs.**

Iris Martinez, Defendant, et al;

Case Number: 1:22-CV-2315

ORAL ARGUMENT IS REQUESTED

## **PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING**

## **ORDER AND PRELIMINARY INJUNCTION**

**TEMPORARY RESTRAINING ORDER SOUGHT ON AN IMMEDIATE (Ex Parte)**

**BASIS**

I ask this court to:

I.   Issue a restraining order effective for fourteen days to immediately enjoin any
defendant named in this suit, specifically Iris Martinez, Robert Johnson, Kaye
Mason, Michael Bender, Kaye Mason, Lori Garner, or Talitha Miller from:

    A.   Altering, adding to, deleting entries, destroying files or otherwise modifying
the record of case 2016 D 9534 held by The Clerk, except to transfer this
case to an adjoining county;

    B.   Filing any pleading or motion, or engaging in any other legal activity  in case
2016 D 9534;

    C.   Billing me for services performed or ordering me to pay fees;

    D.   Contacting me in any way except through counsel or, where unrepresented,
responding to this suit or corresponding about the actions in this suit.

II.  Because the order to enjoin Iris Martinez in particular requires me to essentially
have no legal activity in Cook County Circuit Court while Ms. Martinez is Clerk of
the Circuit Court and this Temporary Restraining Order is in Effect, I ask that this
court order Grace Dickler to order this case transferred to Lake County or to another
convenient county in the interest of justice at the expense of The Clerk of The
Circuit Court of Cook County.

**EMERGENCY MOTION FOR PRELIMINARY INJUNCTION**

Expedited hearing is requested, Oral Argument is requested

I.    In order to  restore some integrity to case 2016 D 9534, I ask that this court through swift action provide the following preliminary injunctive relief:

    A.   Order Tyler Technologies to provide to me a full report of all user activity in Odyssey File software under my identity, Megan Matt or Megan Mason as known to the court. This includes all actions taken by a user purporting to be Megan Matt/Mason, that user's email address, IP address and the time and date of each event.

    B.   Order Iris Martinez to tender to me all emails to and from Kaye Mason regarding case 2016 D 9534. This includes any email with my name or case number as a subject or my name or case number in the body of the email, as well as any other emails involving Kaye Mason and other Defendants that have not been disclosed to me previously.

    C.   Order Iris Martinez to provide a public written policy to respond to digital identity theft that includes: make available to the public the name of a person who can correct the user information of an Odyssey File user; the phone number and email of that person. And further, that Ms.Martinez installs software features to confirm and verify the identity of users in the system that is more stringent than checking a box that says, I am this individual, when creating a user profile.

II. I ask that this court specifically take immediate steps to ensure the physical safety my minor children, namely:

    a. To prohibit the children from leaving the country until resolution of this case adn to order their passports be held by a safe third party, such as a federal law enforcement agency, through the duration of this case.

    b. To require all parties named as defendants in this case to disclose within ten days any: business interests, property, life insurance policies, trusts or any other legal or financial entity related in any to A.D.M. or T.M.M. or both A.D.M. and T.M.M. or any other entity they know to be owned by A.D.M. or T.M.M., collectively or individually, even where defendants may only have indirect knowledge and are not themselves affiliated with such assets.

    c. To order that any defendant in this case to disclose within ten days any business interests with Mr. Peter Matt outside their official court roles and to disclose any business interests with either or both the minor children A.D.M. and T.M.M., examples of which might include but are not limited to roles as a: guardian, trustee, executor, director of a company, consultant or an attorney for any of the previously mentioned parties in a matter other than Illinois case 2016 D 9534..

    d. To prohibit any party named in this case from serving in any of the above named capacities or having any other business interest with Peter Matt, A.D.M., or T.M.M..

    e. I pray that this Court take any other measures it may see fit to protect my

children.

III. Any other measures this court may take to restore the integrity of case 2016 D 9534 and to protect me and my children from harm by defendants in this case.

I present below a Memorandum in Support of Preliminary Injunction along with an Affidavit in Support of a Temporary Restraining Order and  documentary evidence in support of my claim. Respectfully Submitted by,

/S/ Megan Mason

Plaintiff Pro Se

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MEGAN MASON, <br> Plaintiff; <br><br> A.D.M., by his mother, Megan Mason, <br> Plaintiff; <br><br> T.M.M., by his mother, Megan Mason, <br> Plaintiff; <br><br> **Vs.** <br><br> THE CIRCUIT COURT OF COOK <br> COUNTY ILLINOIS, Defendant, et al; | Case Number: 1:22-CV-2315 |

**<u>PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR</u>**

**<u>PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER</u>**

**Table of Contents**

Facts p. 8-19

Argument p.

    I.    Plaintiffs have a strong likelihood of success on the merits. p. 20

    II.    Plaintiffs will suffer irreparable injury without injunction p. 21-23

    III.    The Injunction will not substantially injure others and furthers the public interest p. 23-25

Conclusion p. 25-26

I, Megan Mason, plaintiff pro se  present this memorandum in support of my Motion for Temporary Restraining Order and Preliminary Injunction.

**Facts**

**Conflict of Interest**

1. The American Bar Association clearly prohibits me from communicating with Robert Johnson, Kaye Mason or Iris Martinez in rule 4.2, which states, *"if a person is represented in a matter, lawyers for others in the matter may not communicate with that represented person about the subject of the representation but instead must communicate about the matter through the person's lawyer"* (ABA Rule 4.2; Ill. Sup. Ct. R. 4.2).

2. The American Bar Association has been unequivocal in its finding that this rule also applies to pro se litigants, as summarized in Formal Opinion 502, released on September 28, 2022: <u>*Communication with a Represented Person by a Pro Se Lawyer:*</u>

   > *"When a lawyer is self-representing, i.e., pro se, that lawyer may wish to communicate directly with another represented person about the subject of the representation and may believe that, because they are not representing another in the matter, the prohibition of Model Rule 4.2 does not apply. In fact, both the language of the Rule and its established purposes support the conclusion that the Rule applies to a pro se lawyer because pro se individuals represent themselves and lawyers are no exception to this principle."*

3. Every communication I have made or intend to make to Robert Johnson, Kaye Mason, Iris Martinez, Lori Garner, and Talitha Miller or to unknown court employees relates to the facts of this federal case 1:22-cv-02315. This is self-evident because I have no relationship or business with these individuals other than Domestic Relations case 2016 D 9534, every aspect of which relates to allegations of ongoing civil rights

abuses I have alleged in complaint 1:22-cv-02315.

4. Local rules in Cook County Circuit Court, Illinois law, and family court customs require me to communicate directly with the judge presiding over a divorce case in which I am a party. Robert Johnson is defendant in this suit and also persists in acting as the presiding judge in case 2016 D 9534. These rules and customs also require me to communicate directly with the scheduler in case 2016 D 9534, Kaye Mason. These laws and norms of judicial procedure also require me to communicate directly with Iris Martinez in her role as The Clerk and with her employees, who facilitate the filing and some aspects of the service of documents related to case 2016 D 9534. There is not a single aspect of these communications that can be separated from case 1:22-cv-02315 which asserts a wholesale violation of my civil rights in precisely these types of communications and state court actions.

5. On July 6, 2022 Illinois State's Attorney Joseph Hodal filed an appearance to represent Iris Martinez (Exhibit UU). To the best of my knowledge Mr. Hodal still represents Ms. Martinez in this matter. Ms. Martinez still acts as The Clerk responsible for case 2016 D 9534 in which case I am a litigant and required to communicate with her directly in relation to matters directly raised in complaint 1:22-cv-02315.

6. On July 8, 2022 Illinois State's Attorney Erin Walsh filed an appearance to represent Robert Johnson (Exhibit SS). To the best of my knowledge Ms. Walsh still represents Mr. Johnson in this matter. Mr. Johnson still acts as a judge in case 2016 D 9534 in which case I am a litigant and required to communicate with him directly in relation to matters directly raised in complaint 1:22-cv-02315.

7. On July 13, 2022 Illinois States Attorney Elizabeth Brogan filed an appearance to

represent Ms. Kaye Mason. (Exhibit TT) To the best of my knowledge Ms. Brogan still represents Ms. Mason in this matter. Ms. Mason still acts as a scheduler in case 2016 D 9534 in which case I am a litigant and required to communicate with her directly in relations to matters directly raised in complaint 1:22-cv-02315.

8. On July 14, 2022 Illinois States Attorney Joseph Hodal filed an appearance to represent Ms. Lori Garner (Exhibit VV). There has been some confusion about the spelling of Ms. Garner's name. I believe her to be the only Ms. Garner working in the office of The Clerk of The Circuit Court with a named Lori (or "Laurie" or "Lorie").To the best of my knowledge Ms. Garner is still represented by Mr. Hodal and to the best of my knowledge, Ms. Garner still regularly receives communication from me and communicates with me through her role as a supervisor in the office of The Clerk of the Circuit Court. (Exhibit RR)

9. Defendants Iris Martinez, Robert Johnson, Kaye Mason and Lori Garner have not taken any action to separate themselves from direct involvement matters related to case 2016 D 9534.

10. Since originally raising this complaint, employees of Ms. Martinez have continued abusive practices and escalated, requiring me to add Defendant Talitha Miller and Unknown Clerk Employees 1-3. It is my understanding that these parties will also be represented by Attorneys Joseph Hodal and Elizabeth Brogan. As a lay person I believe these individuals "have counsel" through the State of Illinois if they accept it and it is likely that they will accept free counsel through their employer.

11. As Clerk of The Circuit Court of Cook County, Ms. Martinez's name appears on the stamp of any filing in this court and she maintains control over the employee emails,

10

Odyssey File software and other Clerk resources that I must engage as part of any necessary communication in divorce case 2016 D 9534. Without directly communicating with Ms. Martinez at any time I am in fact forced to communicate with her in almost any action I must take in case 2016 D 9534 so long as it is heard in Cook County Circuit Court and so long as Ms. Martinez acts as Clerk in Cook County.

12. I believe the recently filed September 20, 2022 Amended Complaint in Case 1:22-cv-02315 contains ample facts, supported by a preponderance of evidence, that make the need for all Defendants in this case to voluntarily cease contact with me outside the case. I believe this Complaint also clearly indicates that a Temporary Restraining Order is on the face of it appropriate to stop ongoing conflicts of interest.

**Retaliation toward a Federal Witness and Intimidation of a Federal Witness Through Legal Abuse Commenced Subsequent to Disclosure of My Whistleblowing Activity**

13. Subsequent to their learning about my allegations about their criminal activity, Defendants in this suit have unrelentingly persisted in actions to harm me, that cannot reasonably be explained as legitimate court activity. This court can assume the actions requiring urgent injunctive relief will continue because they are continuing, with specific, future court dates and punitive actions planned.

14. I have also reported all of the actions I allege to be criminal to federal crimes to IRS Criminal investigators in October, 2021 and they have confirmed two ongoing investigations since at least December, 2021.

15. Since at least November, 2021, Defendants Martinez, Johnson, Mason, Bender, Wehrman and Palen have known that I publicly allege that they have each committed individual acts and conspired in acts of fraud and corruption impacting me and my

11

children. At that time I first filed a Motion for Substitution of Judge with the primary basis being Mr. Johnson's bias against me and my belief that his past personal actions make it impossible for him to issue a legitimate ruling as a judge in any case where I am a party.

16. Defendants Martinez, Johnson, Mason, Bender, Wehrman, Palen and Garner have all known that I have submitted written testimony, under affidavit, accusing them of committing acts I believe to be clear federal crimes since at least May 3, 2022 when they received the first version of this complaint.

17. In July of this year I desperately appealed to this court asking it to intervene to protect me and my children. My specific concerns were proposed actions by Defendants Wehrman, Bender and Johnson in particular to: impose at least $100,000 in financial sanctions, some portion of which is not dischargeable in bankruptcy proceedings; to imprison me for failure to pay court ordered fees without allowing me the right to plead my inability to pay;to take away my parenting rights completely, five years after I entered into a parenting plan and was divorced.

18. As of this filing, parties have indeed proceeded in each of these actions, without evidence or any effort to pretend there is a legal basis to do so.

    a. On June 2, 2022, Defendant Christopher Wehrman filed a motion for fees without any supporting evidence, in a clear effort to retaliate against me and intimidate me as a federal witness.

        i. Mr. Wehrman directly referenced this lawsuit and, because this lawsuit also discloses some serious financial crimes by Mr. Wherman's client, Peter Matt, he lists Mr. Matt's $25,000 retainer for a federal criminal

attorney as a cost owed by me. (Exhibit WW)

    ii.    Mr. Wehrman specifically indicated that I ought to be forced to pay Mr. Matt for fees to Dr. Gerald Blechman who, after multiple requests, has never sent me an invoice or provided to the court a request for payment after I paid him a retainer. Dr. Blechman has also been publicly accused by me of having committed federal crimes. There is no supporting documentation for any of the financial claims. (Exhibit WW)

b.    On June 21, 2022, Michael Bender filed a petition to have me found in contempt for failure to pay his fees. On many occasions I have appealed to the court that I cannot afford Mr. Bender's fees and I have recently filed Chapter 13 bankruptcy (Exhibit BBB) Although bankruptcy does not discharge child support obligations, a bankruptcy filing is a serious court action involving a party's sworn testimony that she cannot pay her debts while meeting her living expenses. This, coupled with the fact that Mr. Bender and Mr. Johnson, along with Ms.Mason and Mr. Wehrman, on prior occasions have blocked my ability to have a hearing before Mr. Johnson to determine my ability to pay court ordred fees.In Mr. Bender's petition he seeks to have me incarcerated with my "refusal" to pay fees as a basis (Exhibit AAA).

c.    On August 3, 2022, Christopher Wehrman prevailed in an action to sanction me for my truthful testimony against him and his co conspirators.  The main argument in the motion - no facts or evidence was provided in support of Mr. Wehrman's petition for fees - was that I made untrue statements against parties and engaged in vexatious litigation. The only  documents used as evidence

were pleadings I had drafted and entered into the record that disclose misconduct by defendants in this case, which is to say my public testimony about federal crimes by defendants in this case. I maintain the truthfulness and sincerity of all previous statements I have made in court filings and no fact was presented to indicate I had spoken a mistruth. Nevertheless Mr. Johnson sanctioned me and imposed harsh financial penalties, though I had repeatedly filed pleadings and made statements to Mr. Johnson to indicate I was financially destitute and filing federal bankruptcy due to prior orders.(Exhibit BBB)

d.  On September 13, 2022. Without a piece of evidence or a trial of fact, my children have been taken from me through an order from the bench by Robert Johnson. After being their primary caregiver their entire life I am prevented from speaking to my children, zooming with my children, hugging my children, or having the children in my home. I am required to pay a visitation supervisor named Louis Sanchez, chosen by Michael Bender, $70 per hour. Mr. Sanchez requires cash payment and a minimum of three hours per visit. So I am required to pay over $200, cash, with no invoice, to have a strange man come into my home while I see my children (Exhibit QQ).

i.  A single document, called evidence but I believe not generally considered an exhibit that could be shared in court, was used in support of the action. This was a note written by a custody evaluator who did not testify or make himself available for cross examination, who conducted interviews and psychological tests and was engaged for a

year, yet provided no report to the court after more than a year. The note was in fact almost exclusively comprised of quotes from an email from Mr. Matt, quoting me, then quoted by this custody evaluator. I don't think it would have been considered by a neutral, competent judge as evidence. (Exhibit QQ).

ii. This note, which does not meet the standard of what I believe is usually called evidence, particularly noted comments I made, according to Mr. Matt, according to Dr. Blechman, while testifying before Judge Matthew Link on a motion to substitute Robert Johnson. According to Dr. Blechman, Mr. Matt writes:

> *"During the hearing I was a little frightened to hear how her mind works these days. She was saying things like "....you know, first of all I love democracy. And January 6, I saw people storming the Capital and so I feel spiritually and emotionally called to protect democracy. And my understanding of a judge's role in an American courtroom is that it is a sacred duty to uphold the judicial process in that court. And so, Mr. Trowbridge's malfeasance only matters here because Judge Johnson, Mr. Wehrman, and Mr. Bender observed it over the course of four months and did nothing to intervene."* (Exhibit QQ)

e. On this same date, September 13, 2022, Robert Johnson had planned to have me incarcerated at the request of his mentor Michael Bender (Exhibit AAA) Although there is a standing order in the Domestic Relations Division that hearings take place over zoom, Mr. Bender wished to have me taken into custody by The Sheriff of Cook County who maintains deputies and a holding cell in The Daley Center. At the request of Mr. Bender, Robert Johnson and

Kaye Mason ordered this hearing to take place in The Daley Center. (Exhibit YY).

    f.  On September 13 Mr. Johnson indicated that as soon as the temporary stay on other financial orders as part of my Section 13 Bankruptcy case are lifted I will be called back to The Daley Center to "answer to the financial allegations". I believe this is so that he will be able to find me wilfully in contempt of court and order The Sheriff of Cook County to take possession of my physical person. Because I cannot pay the fees I will have no way to purge the ruling, which is to say no "keys to my own jail cell". This will lead to me losing my job once my paid time off is used up, unless I am terminated simply for being incarcerated. This will also lead to my eviction if my financial assets are seized to pay Mr. Bender as it would leave me unable to pay rent.

19. In addition to the previously anticipated actions, parties are also seeking to have me declared mentally ill. On June 28, 2022 Mr. Wehrman filed a motion for the court to order a 215(d) Evaluation, which is an Illinois evaluation of a party in a lawsuit where parties have submitted conflicting evidence and reports as part of a legal proceeding. There are no reports. There is no proceeding. I was divorced five years ago. As with other actions this motion is not supported by a piece of evidence or by a fact, much less a preponderance of evidence or multiple facts that would normally be part of a proceeding worthy of court time and attention.(Exhibit ZZ)

20. As it happens I do not have a diagnosed mental illness that impedes my sense of reality or ability to meet life needs, specifically when it comes to parenting decisions. I don't know of a reason that I would believe I have a mental illness that would impair

my ability to understand facts and tell the truth. This is the first and only time someone has suggested that I have a mental illness that impedes my life functioning. I think it should be supported by some evidence if it is to be considered anything other than intimidation of a federal witness.

21. My mental fitness was not questioned prior to public disclosure that I have reported federal crimes by Defendants in this case.

22. Iris Martinez has altered the public record of case 2016 D 9534 since I first disclosed her negligence and misconduct. On July 21, 2020 Robert Johson, or someone purporting to be him, entered an order "approving" "my" request to appear pro se. I never authorized or intended to do any such thing and had not spoken to or seen Mr. Johnson since the winter or fall of 2019. At that time, and until October, 2020 when Mr. Trowbridge stepped down I believed Mr. Trowbridge was representing me.

    a. On April 30, 2022 I printed a copy of the public docket on The Clerk's website. In this version of the public docket it indicates that on July 21. 2020, Robert Johnson entered an order approving "my" request to appear pro se. No attorney is indicated.

        i. Clerk employees have refused my repeated request to see what was "accepted" on this date. Because I didn't file an appearance I wanted to see who signed a motion to appear and attested to be me. They have responded that there is nothing filed, just an appearance. I still don't understand how that is possible because the activity indicates "Appearance *filed*".

    b. On September 30, 2022 I printed this same docket and noticed this same entry

for the July 21, 2020 appearance had been altered. Instead of no attorney listed it now indicates that on July 21, 2020 Jonathan Merel PC was my attorney. In fact I did retain an attorney from Jonathan Merel a year later in 2021 when I retained Alexandra Brinkmeier. I did not know anyone from Jonathan Merel or retain them before July, 2021.

c. Clearly Iris Martinez or someone under her authority has altered the record in case 2016 D 9534 subsequent to the commencement of this case .

**My Family is Being Destroyed**

23. My older son, A.D.M., has significant intellectual disabilities and has been particularly reliant on my emotional and physical support his entire life. A.D.M. does not have a strong understanding of time and I believe A.D.M. thinks he's lost his Mama forever. Whenever I see him he cries and asks me why he can't come home. For A.D.M. any delay in action by this court is too much to bear.

24. My ten year old son T.M.M. is even more devastated and has stated to me on two occasions that he will run away from his father's house if he is not allowed to come home. When T.M.M. learned that Mr. Johnson ordered my children away through purported legal action, "Why can't you just buy a judge?". I explained that one cannot buy a judge. T.M.M. said, "But why can't you just buy Judge Judy to fix this?".

25. It is unfathomably dangerous to expose young children to corrupt judicial actors for even the briefest period. I have encountered and read many opinions by high court judges regarding the impact of public corruption on citizens, which point out correctly that it is bad for our society if citizens don't believe the court is fair. But I would ask this court to specifically and seriously consider the impact of judicial corruption on a

young child forming his fundamental sense of right and wrong and how the world works. There ought to be no tolerance for uncertainty or even the slightest taint of corruption if there is a question about the fairness of a court deciding if two little boys get to have their mom.

26. I have told my son that he has to have faith that God wants kids to be with the people who love him and that there are good people working to make sure kids don't lose their mom. I still have faith in God and I believe God wants kids to be safe, but I believe my son and I would both benefit from direct evidence of the existence of a higher government power that believes children shouldn't lose their mom to punish her for whistleblowing and that "buying Judge Judy" isn't how justice is achieved.

27. I have experienced intense pain and anxiety as a result of the forced separation of my children. It is almost impossible to make the pain stop. I find it almost impossible to work or focus on anything but getting my children back.

28. The financial abuse has demoralized me and removed my motivation to work toward a future. I used to believe I could work hard and build a good life for my boys, even buy them a home. With bankruptcy that now seems impossible. I tripled my salary, I got a good job and yet as of this writing, I can only provide meaningful financial support to my children if I die and they are given the proceeds from my life insurance. Everything else I own or could contemplate owning in the next decade has been and will continue to be taken by Defendants in this case who maintain financial control over me, particularly Robert Johnson and Michael Bender.

29. My job is constantly in jeopardy and following the court forced bankruptcy I do not anticipate being able to get another job or otherwise advance in my career.

**Argument**

**I.    Plaintiffs have a strong likelihood of success on the merits.**

**My claims are uncontested and ought to be taken as prima facie fact.**

28. Multiple defendants in this case, directly involved in ongoing litigation at the state level that involves me, were publicly accused  by me of serious crimes on or before November 30th, 2021 through my truthful attestations and testimony before an Illinois Court. These are incredibly sophisticated individuals with professional legal experience if not actually members of the Illinois Bar. None, to my knowledge, have made oral or written statements to contradict the facts I have repeatedly raised over the last eight months.  My claim must therefore be taken as fact on a prima facie basis.

**The prima facie basis for urgent injunctive relief.**

29. It is impossible to imagine that the tremendous volume of questionable acts I have documented in my complaint and motion could all be explained away or dismissed as misunderstanding. Even while generously assuming that I am much more ignorant in law than most other parties in this case, I do not believe it is possible to explain what I have documented as part of normal judicial functions.

30. I do believe I am likely to succeed on the merits, eventually, though it is a long tedious process to create a complaint worthy of federal court resources out of a lay person's interpretation of misconduct and googling.

      a.   So in considering whether I, Megan Mason, am likely to succeed, I would ask this court to consider whether the facts presented to the court contain significant evidence that is likely to prove a claim worthy of a federal civil rights suit. I believe if you imagine the facts of my case

20

perfectly argued and explained by a professional federal attorney, I would almost certainly prevail. I believe the merits of the case are significantly better than I am as a lawyer and that those merits are what is meant to be considered.

b. To that end, I also believe that all of the injunctive relief sought would be required if prolonged litigation (more than a month) seems necessary based on the merits of the case. Clearly nobody belongs as an officer of the court, court appointee or judge over a woman who is suing them. And this court can swiftly resolve this matter by finding that I have even the slightest basis to pursue litigation, which I think is supported by the facts presented.

I.   **Plaintiffs will suffer irreparable injury without injunction**

A.   **Ongoing, unrelenting abuses and fraud**

31. Since raising this issues in this case, Ms. Iris Martinez has persisted in maintaining a false address for my service address and refused to enable e service to me at my real address, though I am pro se. It is reasonable to anticipate I will suffer future irreparable injury because I am currently suffering irreparable injury by ongoing denial of my First, Fourth and Fourteenth Amendment Rights..

32.  I have a right to pursue remedy through legal actions here and in the future, particularly in the event that more facts are disclosed or future criminal prosecutions occur in this matter.  Ms. Martinez has already demonstrated a wish to cover up malfeasance by, sometime after April 30, 2022, altering the

record in case 2016 D 9534 to indicate, falsely, that attorney Jonathan Merel (Alexandra Brinkmeier) was in attendance when Robert Johnson entered a fraudulent pro se appearance, without my awareness, on July 21, 2020. It is most certainly reasonable to assume that Ms. Martinez or someone in her stead will further corrupt, alter and conceal misconduct reflected in the record, requiring swift intervention by this court.

**B.    Witness Retaliation**

34. I have been, am being, and anticipate that I will suffer witness retaliation and intimidation by Robert Johnson if I am forced to remain under the authority of Robert Johnson, personally using the authority of The Illinois to abuse me through:

   a.   Forced separation from my children

   b.   Permanent damage to my reputation

      i)    I have been labeled as a dangerous woman who abuses children, without trial of fact under Illinois law, simply for reporting Robert Johnson's crimes.

      ii)   I have been forced into bankruptcy and continue to be forced to reveal embarrassing information about my personal finances, both factors being very important to the career of a financial advisor.

   c.   Poverty. Though I make more money than I ever have in my life, I am constantly living in poverty due to court imposed financial sanctions. With the imposition of at least $100,000 more in sanctions now

contemplated in actions before Robert Johnson, acting as trial judge, I do not understand how I will support myself.

36. Incarceration. It has been terrifying to contemplate being incarcerated. I fear how it will disrupt my life, what it will do to my reputation, and I fear being assaulted or killed in jail. I do not believe there is any legal basis for me to be incarcerated or contemplate incarceration and this fear is wholly based on being forced under the control of Michael Bender and Robert Johnson.

## C. A.D.M. and T.M.M. are minor children in need of a parent who may advocate for them.

36. In addition to my parenting time, Judge Johnson completely revoked my right to make educational and medical decisions about my children. My children, A.D.M. and T.M.M. are without a competent, empathetic legal advocate through this termination of their mother's rights. The children's father is not competent to make decisions about the children that is in their interest and has on prior occasions used the children in schemes to defraud businesses and the federal government.

37. I am the only parent A.D.M. and T.M.M. have who is capable of empathy and care that would be typical of a healthy parent. Without me they presently do not have a guardian who is capable of healthy nurturing.

## II. The Injunction will not substantially injure others and furthers the public

**interest**

38. As discussed extensively in my Affidavit in Support of a Temporary Restraining Order, I am the only party in this suit who has or could have a beneficial interest in case 2016 D 9534. Iris Martinez, Robert Johnson, Kaye Mason, Michael Bender and other clerk employees cannot "want" or "need" to be involved with me in any way professionally. The court is neutral. A neutral judge does not refuse to recuse himself because he wants to take a woman's children away and send her to jail. A neutral clerk does not refuse to transfer a case out of district because she wants to hide evidence of fraud. Neutral employees do not care what cases are handled in their workplace. A neutral attorney would want to remove any hint of conflict in a case.

39. I do believe where it comes to a lay person's sense of the court, my opinion is valuable as a lay person. The single fact of my having read an email from Dr. John Palen, in the role of court ordered parenting coordinator, wherein he writes, "I want to be paid. It is as simple as that.", when no financial allocation motions were contemplated or pending, is disturbing and awful to an outsider.

    a.   I humbly assume that there may be explanations I do not yet understand.

    b.   But even if the email is explained, what matters is what a normal woman would think if she read this. A normal citizen of Illinois does not expect this of court appointees, and certainly does not expect a judge to participate in such an unsavory ex parte chat.

    c.   This is but one example of disturbing activity that requires this court to

immediately remove parties from my case. And this one disturbing example is, in itself, enough basis to remove parties involved in the conversation from any involvement in my state court proceedings permanently, long ago.

d.  I can truly think of no person or group in Illinois that wants to see a court appointees asking for what appears to be a bribe and for a mother who witnesses this solicitation to be forced to be under the authority of participants in this disturbing act.

e.  Removing all parties from my case is, just on the basis of this one email, absolutely and fundamentally in the interest of the public, regardless of expense or burden on parties involved.

f.  I could enumerate many more reasons that the public interest is harmed by these defendants' stubborn refusal to remove themselves from case 2016 D 9534, but I believe the public benefit of transfer and enjoining parties from further action in this case is self evident to the reader of this complaint and motion.

**Conclusion**

  I have experienced a lifetime of adversity, including childhood poverty and prolonged homelessness in early childhood. But I was always a positive, hopeful person prior to the actions described in this lawsuit. I could always think of a goal or something I could do to make my life better. This would get me through hard times. But I find myself without hope. I don't know how to stop the pain of losing my children and I don't know how to get them back

unless I can go to a court and tell the truth to someone who cares about my children's well being and who is empowered to help us.

This court is not able to fix all problems or to make sad people happy, but this court is here to protect hope. People have hope when they believe they live in a fair society and when they believe courts - though overburdened, clumsy and imperfect - will generally trend toward what is right and true.

From my understanding, this court is not here to adjudicate post-decree divorce rulings, though it is welcome to if it wishes! But I do believe this court is here to make sure that a citizen engaged truthfully and justly in a state court proceeding is able to have hope. Hope is available to people when they believe that truth and facts matter and that when they go to court they have at least a chance of prevailing.

I remain hopeless until I can appear before a neutral judge in a neutral venue and have my truthful claims heard. This can only be achieved by this court exercising its authority to remove any defendants in this case from any position of authority over me. I pray that it does so.

Respectfully Submitted by

/s/Megan Mason

Megan Mason, Plaintiff  Pro Se

October 5, 202

26

# EXHIBIT PP

April 30, 2022 Docket in Odyssey File



| Case Information Summary for Case Number |
|---|
| 2016D009534 |

| | |
|---|---|
| Filing Date: 10/13/2016 | Case Type: PETITION FOR DISSOLUTION OF MARRIAGE |
| Division: Domestic Relations Division | District: First Municipal |
| Ad Damnum: $0.00 | Calendar: 23 |

## Party Information

| Plaintiff(s) | | Attorney(s) |
|---|---|---|
| MATT PETER | | SWANSON MARTIN BELL LLP |
| | | 330 N WABASH ST |
| | | CHICAGO IL, 60611 |
| | | (312) 321-9100 |
| Defendant(s) | Defendant Date of Service | Attorney(s) |
| MATT MEGAN | | O LONG LAW LLC |
| | | 807 GREENWOOD STREET |
| | | EVANSTON IL, 60201 |
| | | (312) 590-3662 |

## Case Activity

| Activity Date: 10/13/2016 | Participant: MATT PETER |
|---|---|
| PETITION FOR DISSOLUTION OF | |
| Court Fee: 368.00 | Attorney: SWANSON MARTIN BELL LLP |
| | Microfilm: DR100000000 |

| Activity Date: 10/13/2016 | Participant: MATT PETER |
|---|---|
| MARRIAGE | |
| | Attorney: SWANSON MARTIN BELL LLP |
| | Microfilm: DR100000000 |

July 21, 2020 Appearance as recorded in April 30, 2022 Docket

Activity Date: 07/06/2020        Participant: MATT PETER

CASE SET ON PROGRESS CALL

Date: 07/20/2020        Judge: JOHNSON, ROBERT W.
Court Time: 0900        Microfilm: 100000000

Activity Date: 07/21/2020        Participant: MATT PETER

CONTINUANCE - ALLOWED -

Date: 08/20/2020        Judge: JOHNSON, ROBERT W.
Court Time: 1500        Microfilm: 100000000

Activity Date: 07/21/2020        Participant: MATT MEGAN

FILE APPEARANCE OR JURY DEMAND, ANSWER OR PLEAD - ALLOWED -

Judge: JOHNSON, ROBERT W.
Microfilm: 100000000

**EXHIBIT QQ**

FILED
4/28/2022 3:33 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2016D009534
Calendar, 23
17693377

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE THE MARRIAGE OF:               )
PETER MATT,                          )
          Petitioner,            )
                        )      No. 2016 D 9534
And                                  )
                        )
MEGAN MATT,                          )
          Respondent.            )

## MOTION TO MODIFY PARENTING TIME
## AND ALLOCATION OF PARENTAL RESPONSIBILITY

      NOW COMES the Petitioner, PETER MATT, individually and by and through his counsel

from the law firm of KATZ, GOLDSTEIN & WARREN, and pursuant to Sections 610.5, 602.5,

602.7 and other provisions of the Illinois Marriage and Dissolution of Marriage Act, respectfully

requests that the Court adjust and modify parenting time and allocation of parental responsibilities.

In support of his motion, PETER MATT states as follows:

1.      The parties were married on January 24, 2007 in New York.

2.      As a result of their marriage, two children were born to parties, namely: Angus,

      born August of 2008; and Theodore, born February of 2012.

3.      On September 27, 2017 a Judgment for Dissolution of Marriage (Judgment),

      incorporating a Marital Settlement Agreement, was entered in this matter, thereby

      dissolving the bonds of matrimony between the parties. A copy of the Judgment

      is attached hereto and incorporated herein *by reference only* as **Exhibit "A."**

4.      On September 27, 2017, an Allocation Judgment and Joint Parenting Agreement

      (JPA) was also entered in this matter allocating parenting time and joint decision-

      making authority amongst the parties. A copy of the JPA is attached hereto and

      incorporated herein *by reference only* as **Exhibit "B."**

FILED DATE: 4/28/2022 3:33 PM   2016D009534

5.   The parties' eldest child, Angus, has been diagnosed with mental health disabilities requiring medical care and court ordered ABA Therapy.

6.   The parties long standing post-decree litigation has caused the appointment of a GAL, parenting coordinator, and Section 604.10(b) evaluator.

7.   Megan Matt has alleged that Peter Matt has committed child abuse (which has not been supported by the GAL or the 604.10(b)), has been held in contempt of court for failure to participate in ABA Therapy for Angus (on multiple occasions), and refuses to co-parent with Peter Matt (as to Angus's ABA Therapy and Theodore's extra-curricular activities).

8.   In an attempt to manipulate the Court, Megan Matt has gone so far as to allege that Theodore is suicidal (which was unfounded by Theodore's medical provider and the 604.10(b) evaluator).

9.   Paragraph 1 of the Allocation of Parental Responsibilities Judgment section titled ALLOCATION OF DECISION-MAKING RESPONSIBILITES provides the parties with joint decision making over the children.

10.  Paragraph 1 of the Allocation of Parental Responsibilities Judgment section titled PARENTING TIME provides the parties with a parenting schedule, which was updated by agreement in a court order on May 25, 2021.

11.  Pursuant to Section 610.5 of the IMDMA, an allocation of parental responsibilities may be modified upon a showing that a substantial change in circumstances has occurred since the entry of the plan and modification is necessary to serve the children's best interests. 750 ILCS 5/610.5.

12.  Section 602.5 of the IMDMA governs the allocation of decision-making

- 2 -

FILED DATE: 4/28/2022 3:33 PM   2016D009534

FILED DATE: 4/28/2022 3:33 PM    2016D009534

responsibilities amongst the parents, including those significant decisions related to the child's health, education, religion, and extracurricular activities. Section 602.5 provides that decision-making responsibilities shall be allocated in accordance with the children's best interests and sets forth specific factors for the court's consideration, including a "catch-all" provision encouraging consideration of any other factor the court finds to be relevant. See 750 ILCS 5/602.5(a),(b),(c)(1)-(15).

13. Section 602.7 of the IMDMA governs the allocation of parenting time amongst parents and similarly states that parenting time shall be allocated in accordance with the child's best interests. Section 602.7 also delineates specific factors for the court's consideration, including a "catch-all" provisions of any relevant factor. See 750 ILCS 5/602.7.

14. Since the entry of the Allocation of Parental Responsibilities Judgment, a substantial change in circumstances has occurred which would warrant a modification of the current parenting schedule as well as a modification of legal custody/allocation of parental responsibility, including but not limited to the following:

    a.    MEGAN MATT does not communicate with PETER MATT except for when she wants something related to the children reducing the efficacy of the parties' ability to co-parent.

    b.    MEGAN MATT has engaged in a pattern of abuse towards PETER MATT preventing the parties' from co-parenting.

    c.    MEGAN MATT undermines the ABA Therapy and will not allow it to occur during her parenting time at a time that the therapists are available.

    d.    MEGAN MATT has caused multiple ABA therapists to be unable to work

FILED DATE: 4/28/2022 3:33 PM    2016D009534

with Angus.

    e.    MEGAN MATT has caused multiple changes in medical providers unminding the efficacy of medical care for Angus.

    f.    MEGAN MATT undermines PETER MATT in the selection and participation of extra-curricular activities for Theodore, including convincing Theodore to claim extra educational activities was causing him to be suicidal.

    g.    MEGAN MATT caused the court appointed parenting coordinator, Dr. John Palen, to cease working with the parties.

    h.    MEGAN MATT has refused to complete working with the Section 604.10(b) evaluator to allow the final report and recommendations to be tendered to the court.

    i.    Dr. Blechman (the Section 604.10(b) evaluator) prepared a preliminary report on February 7, 2022 recommending that PETER MATT be the sole decision maker for Angus's treatment for the foreseeable future. A copy of the Dr. Blechman's February 7, 2022 recommendations are attached hereto and incorporated herein as **Exhibit "C."**

    j.    Dr. Blechman further believes that PETER MATT should have sole decision making for Theodore.

15.    PETER MATT is a fit and proper parent to have additional parenting time with the children.

16.    PETER MATT is a fit and proper parent to have sole allocation of parental responsibilities over the children.

- 4 -

**EXHIBIT QQ Continued**

17.   It would be in the best interests of the children to adjust the existing parenting schedule to provide for additional parenting time with PETER MATT.

18.   It would be in the best interests of the children to provide PETER MATT with sole allocation of parental responsibilities.

19.   It would protect the emotional health of the children to adjust parenting time, and have the children's primary residence be with PETER MATT.

20.   It would protect the physical and emotional health of the children to give PETER MATT sole allocation of parental responsibilities.

WHEREFORE, the Petitioner, PETER MATT, respectfully prays as follows:

A.   That the Court grant to PETER MATT sole allocation of parental responsibilities over the children;

B.   That the Court grant to PETER MATT permanent residential possession, and parenting time with an adjustment to parenting time schedule for the children; and,

C.   For such other relief as this Court deems equitable and just.

Respectfully submitted,

_____

PETER MATT

Christopher D. Wehrman (cwehrman@kgwlaw.com)
Katz, Goldstein & Warren
410 N. Michigan Ave., Ste. 400
Chicago, Illinois 60611
(847) 317-9500
#35921

- 5 -

## ATTORNEY'S STATEMENT

I, the undersigned, state that I am one of the attorneys employed by the firm of KATZ, GOLDSTEIN & WARREN and representing the party who has signed the foregoing pleading. I certify that I have read the foregoing pleading and that to the best of my knowledge, information and belief, formed after reasonable inquiry of my client, said pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that said pleading is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

KATZ, GOLDSTEIN & WARREN

By: _____

One of the attorneys for PETER MATT

## CLIENT'S VERIFICATION

UPON PENALTY OF PERJURY, I, the undersigned, state that I have read the foregoing pleading. I further state that this pleading is being filed with my consent and as part of my attorney's required duties in representing me. I further state that my attorney has explained to me that by signing this pleading and this verification, I am acknowledging that my attorney is acting with my consent and at my direction and that my attorney has based his statement on the factual information provided to him by me, as well as upon his investigation thereof.

_____

PETER MATT

Christopher D. Wehrman (cwehrman@kgwlaw.com)
Katz, Goldstein & Warren
410 N. Michigan Ave., Ste. 400
Chicago, Illinois 60611
(847) 317-9500
#35921

- 6 -

FILED DATE: 4/28/2022 3:33 PM    2016D009534

**GERALD A. BLECHMAN, Ph.D.**
**CLINICAL PSYCHOLOGIST**
**1751 SOUTH NAPERVILLE ROAD, SUITE 206**
**WHEATON, ILLINOIS 60189**
**(630) 664-0525**

February 7, 2022

Michael Ian Bender, Esq.
150 North Michigan Avenue, Suite 2130
Chicago, Illinois 60601

Re: Former Marriage of Matt and Mason

Dear Mr. Bender:

I am the 604.10 (c) Evaluator in the above named case. On January 11, 2022. I received an emailed letter from Megan Mason which I believe also copied you. That email made it clear that Ms. Mason was refusing to cooperate further with the evaluation until "the Appeal on the substitution of judge for cause is ruled upon…" She made clear her notion that there were no parentage issues to deal with. She noted various resources we could utilize if we had concerns about parenting of either Angus or Teddy Matt. I do have concerns about parenting issues with both children which I express here in letter form rather than a 604.10(c) Report.

I had occasion to observe Angus and Teddy on Saturday, February 5, 2022. Before that observation, Mr. Matt emailed the following:

"Megan's motion to substitute the judge was denied and she is now appealing that. To do this she needs to file a bystander report. She wants to do this with the help of a recording she did or one of her fellow church members, who observed the hearing, did. I feel this can backfire on her, since it is illegal to record a court hearing. During the hearing I was a little frightened to hear how her mind works these days. She was saying things like: "…you know, first of all, I love democracy. And January 6, 2020 (sic), I saw people storming the Capital (sic). So, I feel spiritually and emotionally called to protect democracy, And my understanding of a judge's role in an American courtroom is that it is a sacred duty to uphold the judicial process in that court And so, Mr. Trowbridge's (her former lawyer) malfeasance only matters here because Judge Johnson, Mr. Wehrman, and Mr. Bender observed it over the course of four months, and did nothing to intervene. "[…]"I think the appointment of Michael Bender without any legal proceeding (sic) was an illegal appointment. And I believe it was related to Judge Johnson's bias against women, perhaps, against divorced women? I don't know. I don't really have to prove

FILED DATE: 4/28/2022 3:33 PM 2016D009534



FILED DATE: 4/28/2022 3:33 PM    2016D009534

that. I just know, I am an American citizen, and a mother with a divorce agreement and guardian ad litem was appointed. And I see it as bias."

Due to the completion of her motion we now have a judge (the former one) again for our case. Now my lawyer can file something because Angus still doesn't have ABA. Megan doesn't allow ABA because she doesn't like that the therapist is unvaccinated and she doesn't like the therapist's work in general. Megan is held in contempt for not allowing ABA so I am wondering what happens next. Fact is finding a new ABA will take time. Onboarding in regular circumstances can already take 3 months. I know this because we have been bouncing around between therapists many years now. By now we have gone through around a dozen evaluation and onboarding processes.

Teddy is not allowed to go to soccer practice during her time, because Megan thinks he does enough soccer with me. The back and forth between Megan's opinion about soccer is frustrating to Teddy I can imagine. He is a great player and he has the dream to become pro and certainly has the opportunity. He is willing to put in the work, but he needs to be allowed to do so. Last week Teddy scored a 91% in the national MAP test for reading and 77% for math. i.e. is doing great academically. He is very proud of this but doesn't agree with me that it might be due to his work with the Northwestern Gifted Program. He likes to work hard, but sometimes his initial reaction is "I rather watch TV"

Agnus has no ABA and I believe he is a bit regressing due to that. He moved from regular PE to adaptive PE, and he regularly spitting, hitting, kicking smashing windows, disrobing and toileting issues i.e. stool on clothes. I think this is worse than last year. The school says he needs to sleep more, but the medicine (Strattera) makes him anxious, etc., which also impacts his sleep. I will request a meeting with the school and with the psychiatrist to discuss. When only Megan and me are discussing with the psychiatrist she will get opposing views (maybe out of principle). The meds also have some impact on his overall participation in Special Olympics, which he is doing with me. He has been swimming 3 times per week, but one team doesn't allow his participation anymore, because he has gotten too weak and doesn't swim the whole pool length consistently. I guess this is mainly due to the increased anxiety and drowsiness, which probably is the medicine side effect.

Regards,
Peter

When I saw Teddy on February 5th, he was under good control as opposed to the time I saw him with his mother. He was not anxious and not running around the room saying bizarre things about how unable he thought himself to be. He was proud of doing well in school, but, as many children, resented that he had to spend extra time going to school. In general, I saw a very bright boy who appeared perfectly normal.

Angus was obviously anxious, intolerant of being in my office and had a number of tics and peculiar behaviors. He only related to his father and not to me.

This is an interim report with interim recommendations.

Megan apparently sees no problem with her parenting but I think keeping her autistic child out of the appropriate therapy is a form of child abuse. Therefore, I recommend that her decision making about Angus' treatment be modified so that Peter Matt is the sole decision-maker for the present and foreseeable future.

Similarly, Teddy is doing well and even though he dislikes the extra education at the Northwestern Program is thriving. Importantly, I did not see the obviously disturbed kid I saw last summer with his mother. Therefore, I think father should have sole decision making for Teddy as well. If Megan attempts to interfere with either Angus or Teddy's treatment, her parenting time should be curtailed.

If you have further questions, don't hesitate to call.

Respectfully,


Gerald A. Blechman, Ph.D.
Licensed Clinical Psychologist
Nationally Certified Custody Evaluator

Order                                                                    (02/25/21) CCG 0002

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
**EXHIBIT RR**

Peter Matt

v.

Megan Matt

ENTERED
Judge Robert Johnson-2156
SEP 13 2022
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

No. 2016 D 9534

Page 1 of 3
5246D 4246P 4917 7551P 7620D

TEMPORARY ORDER

This matter coming before the Court for continued hearing on Peter Matt's Motion for Modification of Parenting Time and Allocation of Parental Responsibilities, the parties being in Court in person, Peter Matt with counsel, and the GAL being present, both parties completing their cases in chief, and the Court being advised,

IT IS HEREBY ORDERED:

① Megan Matt's motion to dismiss the Motion to Modify is Denied.

② Peter Matt's Motion to Modify Parenting Time and Allocation of Parental Responsibilities is Granted on a temporary basis and until the conclusion of a Section 604.10(b) report, subject to the following:

Attorney No.: _____
Name: _____
Atty. for: _____
Address: _____
City/State/Zip: _____
Telephone: _____

ENTERED:

Dated: _____, _____

Judge                    Judge's No.

IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Order                                                    (02/25/21) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Peter Matt

v.

Megan Matt

No. 2016 D 9534

Page 2 of 3

### ORDER

③ The GAL Petition for Rule to Show Cause is stayed subject to the bankruptcy filing.

④ All other pending motions contained within the July 19, 2022 order are entered and continued unless otherwise indicated herein.

⑤ The GAL's motion for substitution of 604.10(b) Evaluator is set for hearing via Zoom on September 26, 2022 at 9:00 a.m.

Attorney No.: 35921
Name: C. Wehrman / Katz Goldstein & Warren
Atty. for: Peter Matt
Address: 410 N. Michigan Ave. Ste 400
City/State/Zip: Chicago IL 60611
Telephone: 847/317-9500

ENTERED:

Dated: _____ , _____

_____
Judge                    Judge's No.

IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**EXHIBIT RR Continued**

Order _____ (02/25/21) CCG 0002

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Peter Matt
_____
v.

Megan Matt
_____

No. _____ 2016 D 9534 _____

page 3 of 3

#### ORDER

a) Megan Matt's parenting time is restricted based upon the Court's finding ~~under~~ serious endangerment.

b) Megan Matt's parenting time shall be supervised by a supervisor agreed to by the parties or recommended by the GAL. Any costs of supervision shall be paid by Megan Matt.

c) Megan Matt's parenting time schedule shall remain the same so long as a supervisor is present. The supervisor's availability to supervise shall be tendered to the GAL and parties at least seven (7) days in advance.

d) Peter Matt has temporary allocation of all parental responsibilities.

Attorney No.: _____
Name: _____
Atty. for: _____
Address: _____
City/State/Zip: _____
Telephone: _____

ENTERED:

Dated: _____

_____    2156
Judge              Judge's No.

IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**EXHIBIT SS**

**U.S. District Court for the Northern District Of Illinois**
**Attorney Appearance Form**

Case Title: Mason v. Circuit Court of Cook County, Illinois, et al.     Case Number: 22-cv-2315

An appearance is hereby filed by the undersigned as attorney for:

Timothy Evans, Grace Dickler, Robert Johnson

Attorney name (type or print): Erin Walsh

Firm: Office of the Illinois Attorney General

Street address: 100 W. Randolph St., 13th Floor

City/State/Zip: Chicago, IL 60601

Bar ID Number: 6311433     Telephone Number: (312) 814-6122
(See item 3 in instructions)

Email Address: erin.walsh@ilag.gov

Are you acting as lead counsel in this case?          ☑ Yes   ☐ No

Are you acting as local counsel in this case?          ☐ Yes   ☑ No

Are you a member of the court's trial bar?             ☐ Yes   ☑ No

If this case reaches trial, will you act as the trial attorney?   ☑ Yes   ☐ No

If this is a criminal case, check your status.     ☐ Retained Counsel
                                                    ☐ Appointed Counsel
                                                       If appointed counsel, are you
                                                       ☐ Federal Defender
                                                       ☐ CJA Panel Attorney

In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by local rules 83.12 through 83.14. I declare under penalty of perjury that the foregoing is true and correct. Under 28 U.S.C.§1746, this statement under perjury has the same force and effect as a sworn statement made under oath.

Executed on 7/8/2022

Attorney signature:   S/ Erin Walsh

(Use electronic signature if the appearance form is filed electronically.)

Revised 8/1/2015

**EXHIBIT TT**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# ATTORNEY APPEARANCE FORM

NOTE: In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by Local Rules 83.12 through 83.14.

In the Matter of

Case Number: 22 CV 02315

MEGAN MASON,
                    Plaintiff,
    v.

THE CIRCUIT COURT OF COOK
COUNTY ILLINOIS, et al.,
                 Defendants.

AN APPEARANCE IS HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY FOR:
Defendant Kaye Mason

| | |
|---|---|
| Name   Elizabeth F Brogan | |
| SIGNATURE   */s/ Elizabeth F. Brogan* | |
| FIRM   COOK COUNTY STATE'S ATTORNEY'S OFFICE | |
| STREET ADDRESS   500 RICHARD J. DALEY CENTER | |
| CITY/STATE/ZIP   CHICAGO, IL 60602 | |
| ID NUMBER (SEE ITEM 3 IN INSTRUCTIONS) <br> 6298657 | TELEPHONE NUMBER <br> (312) 603-6638 |
| ARE YOU ACTING AS LEAD COUNSEL IN THIS CASE? | YES ☒   NO ☐ |
| ARE YOU ACTING AS LOCAL COUNSEL IN THIS CASE? | YES ☐     NO ☒ |
| ARE YOU A MEMBER OF THIS COURT'S TRIAL BAR? | YES ☐     NO ☒ |
| IF THIS CASE REACHES TRIAL, WILL YOU ACT AS THE TRIAL ATTORNEY? | YES ☒     NO ☐ |

**EXHIBIT TT Continued**

IF THIS IS A CRIMINAL CASE, CHECK THE BOX BELOW THAT DESCRIBES YOUR STATUS.

RETAINED COUNSEL ☐        APPOINTED COUNSEL ☐

**CERTIFICATE OF SERVICE**

      I, Elizabeth F. Brogan, Assistant State's Attorney, hereby certify that copies of the foregoing *Appearance* were served pursuant to the District Court's ECF system as to ECF filers, including Plaintiff's counsel, on July 13, 2022.

By: */s/ Elizabeth F. Brogan*
Elizabeth F. Brogan

**EXHIBIT UU**

## U.S. District Court for the Northern District Of Illinois
## Attorney Appearance Form

Case Title: Mason v. Circuit Court of Cook County, et al.

Case Number: 22-CV-2315

An appearance is hereby filed by the undersigned as attorney for:

Iris Martinez and Dorothy Brown

Attorney name (type or print): Joseph A. Hodal

Firm: Cook County State's Attorney's Office(Civl Action Bureau)

Street address: 500 Richard J. Daley Center

City/State/Zip: Chicago, Illinois 60602

Bar ID Number: 6283095
(See item 3 in instructions)

Telephone Number: 312-603-5470

Email Address: joseph.hodal@cookcountyil.gov

Are you acting as lead counsel in this case? ☑ Yes ☐ No

Are you acting as local counsel in this case? ☐ Yes ☑ No

Are you a member of the court's trial bar? ☑ Yes ☐ No

If this case reaches trial, will you act as the trial attorney? ☑ Yes ☐ No

If this is a criminal case, check your status. ☐ Retained Counsel

☐ Appointed Counsel
If appointed counsel, are you

☐ Federal Defender

☐ CJA Panel Attorney

In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by local rules 83.12 through 83.14. I declare under penalty of perjury that the foregoing is true and correct. Under 28 U.S.C.§1746, this statement under perjury has the same force and effect as a sworn statement made under oath.

Executed on 07-06-2022

Attorney signature: S/ Joseph A. Hodal
(Use electronic signature if the appearance form is filed electronically.)

Revised 8/1/2015

Case 1:22-cv-02355 Document #: 405 Filed: 10/05/22 Page 45 of 72 PageID #:1087

**EXHIBIT VV**

## U.S. District Court for the Northern District Of Illinois
## Attorney Appearance Form

---

Case Title:                                    Case Number:


An appearance is hereby filed by the undersigned as attorney for:


Attorney name (type or print):

Firm:

Street address:

City/State/Zip:

Bar ID Number:                               Telephone Number:
(See item 3 in instructions)

Email Address:

| | | |
|---|---|---|
| Are you acting as lead counsel in this case? | Yes | No |
| Are you acting as local counsel in this case? | Yes | No |
| Are you a member of the court's trial bar? | Yes | No |
| If this case reaches trial, will you act as the trial attorney? | Yes | No |

If this is a criminal case, check your status.        Retained Counsel

                                                       Appointed Counsel
                                                       If appointed counsel, are you
                                                       a    Federal Defender

                                                            CJA Panel Attorney

---

In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by local rules 83.12 through 83.14. I declare under penalty of perjury that the foregoing is true and correct. Under 28 U.S.C.§1746, this statement under perjury has the same force and effect as a sworn statement made under oath.


Executed on

Attorney signature:     S/_____
                        (Use electronic signature if the appearance form is filed electronically.)

Revised  8/1/2015

DocuSign Envelope ID: 30DE2796-1845-43A5-B7DF-C02CB0419557

Exhibit WW

ATTORNEY NO. 35921

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF: | ) | |
| PETER MATT, | ) | |
| Petitioner, | ) | |
| | ) | No. 2016 D 9534 |
| And | ) | |
| | ) | |
| MEGAN MATT, | ) | |
| Respondent. | ) | |

**PETITION FOR PROSPECTIVE ATTORNEYS' FEES,**
**AND FOR ALLOCATION OF EXPERT AND GAL FEES**

NOW COMES the Petitioner, PETER MATT, individually and by and through his attorneys,

KATZ, GOLDSTEIN & WARREN, who hereby presents his Petition for Prospective Attorney Fees,

and For Allocation of Expert and GAL Fees, pursuant to 750 ILCS 508(a), 750 ILCS 5/506, and 750

ILCS 5/604.10(b), and in support thereof, hereby states as follows:

1.      The parties were married on January 24, 2007 in New York.

2.      As a result of their marriage, two children were born to parties, namely:

Angus, born August of 2008; and Theodore, born February of 2012.

3.      On September 27, 2017 a Judgment for Dissolution of Marriage (Judgment),

incorporating a Marital Settlement Agreement, was entered in this matter,

thereby dissolving the bonds of matrimony between the parties. **See Exhibit**

**A, Judgment and Marital Settlement Agreement, incorporated by**

**reference.**

4.      On September 27, 2017, an Allocation Judgment and Joint Parenting Agreement

(JPA) was also entered in this matter allocating parenting time and joint decision-

making authority amongst the parties. **See Exhibit B, Allocation Judgment,**

**incorporated by reference.**

1

DocuSign Envelope ID: 30DE2796-1845-43A5-BZDF-C02CB0419557

5.   There has been significant post-decree litigation related to the minor children including multiple petitions for rule to show cause filed by Peter Matt (which have been granted or granted in part), petitions for rule to show cause filed by Megan Matt (leading to the appointment of a Section 604.10(b) evaluator), a recent serious of motions filed by Megan Matt to increase the costs of litigation and otherwise seek to embarrass and defame Peter Matt along with his counsel, the GAL, the Court, and the court staff.

6.   On June 6, 2019, on this Court appointed Michael Bender as the Guardian Ad Litem.   **See Exhibit C, Court Order dated June 6, 2019, incorporated by reference.**

7.   The GAL order required each party to pay one-half of the GAL retainer, and the GAL fees have been allocated 50/50 from that date forward.

8.   Through April 30, 2022, PETER MATT has paid 50% of all of the GAL fees and is current on her obligation to same, totaling $11,233.96 paid.

9.   Although the GAL fees have been related to the GAL's investigation on pending issues and concerns raised by MEGAN MATT, they have also been increased by repeated returns to Court for MEGAN MATT's failure to comply with court orders and failure to continue with ABA Therapy for Angus.

10.  Although PETER MATT has continued to pay one-half of the GAL fees, he should be reimbursed under Section 508(b) for all fees and costs associated with MEGAN MATT's contempt findings, as well as the costs incurred for MEGAN MATT's new filing in the Northern District of Illinois.

11.   This Honorable Court also appointed a Section 604.10(b) evaluator, Dr. Gerald Blechman, **See Exhibit D, Court Order dated September May 25, 2021, incorporated by reference.**

12.   Pursuant to the order appointing Dr. Blechman, each party was to pay 50% towards the retainer.

13.   Through April 11, 2022, PETER MATT has paid $8,900.00 to Dr. Blechman for Dr. Blechman's investigation and appearances in this matter. MEGAN MATT has not paid her 50%, and instead PETER MATT has been paying her portion.

14.   Upon information and belief, MEGAN MATT has not made any payments beyond her retainer payment.

15.   PETER MATT retained the counsel of Steven H. Klein and Christopher D. Wehrman to represent him in the above cause while they were located at Swanson, Martin & Bell, LLP. He is now represented by both attorneys at their new firm of Katz, Goldstein & Warren.

16.   Christopher D. Wehrman, who is a partner at Katz, Goldstein & Warren and an experienced practitioner in matrimonial law. He received his law degree from the Michigan State University Detroit College of Law in 2002, his Master's Degree in Public Administration from Michigan State University in 2002, and his undergraduate degree from Michigan State University in 1998. He received his certification for family law mediation through the Northwestern University and is a member of the Chicago Collaborative Law

EXHIBIT WW Continued

Group and member of the American Academy for Certified Financial
Litigators. His rate is $375.00 per hour

17. There is currently a pending a motion by Peter Matt for Rule 137 Sanctions, a
Motion for to Modify Parenting Time and Allocation of Parental
Responsibilities based in part on MEGAN MATT's continued non-
compliance with court orders as well as Dr. Blechman's preliminary
recommendations, and Motion for Entry of QMCSO.

18. MEGAN MATT has further filed a $20,000,000 federal lawsuit to further
intimidate PETER MATT and the court system.

19. PETER MATT's counsel estimates that her prospective attorneys' and costs in
preparing this matter for the ongoing litigation of $25,000.00.

20. PETER MATT lacks the financial resources to pay for his attorneys' fees and
costs in these proceedings and will be greatly prejudiced in his ability to assert
his rights in this matter unless MEGAN MATT is ordered to advance such
funds on his behalf.

16. Section 5/508(a) of the IMDMA provides, in relevant part, as follows:

The court from time to time, after due notice and hearing, and after
considering the financial resources of the parties, may order any party to pay
a reasonable amount for his own or the other party's costs and attorney's fees.
Interim attorney's fees and costs may be awarded from the opposing party, in
a pre-judgment dissolution proceeding in accordance with subsection (c-1) of
Section 501 and in any other proceeding under this subsection. At the
conclusion of any pre-judgment dissolution proceeding under this subsection,
contribution to attorney's fees and costs may be awarded from the opposing
party in accordance with subsection (j) of Section 503 and in any other
proceeding under this subsection. Fees and costs may be awarded in any
proceeding to counsel from a former client in accordance with subsection (c)
of this Section. Awards may be made in connection with the following:
    (1) The maintenance or defense of any proceeding
under this Act.

4

DocuSign Envelope ID: 30DE2796-1845-43A5-B7DF-C02CB0419557

EXHIBIT WW Continued

(2) The enforcement or modification of any order or judgment under this Act.

(3) The defense of an appeal of any order or judgment under this Act, including the defense of appeals of post-judgment orders.

(3.1) The prosecution of any claim on appeal (if the prosecuting party has substantially prevailed).

(4) The maintenance or defense of a petition brought under Section 2-1401 of the Code of Civil Procedure seeking relief from a final order or judgment under this Act. Fees incurred with respect to motions under Section 2-1401 of the Code of Civil Procedure may be granted only to the party who substantially prevails.

(5) The costs and legal services of an attorney rendered in preparation of the commencement of the proceeding brought under this Act.

(6) Ancillary litigation incident to, or reasonably connected with, a proceeding under this Act.

(7) Costs and attorney's fees incurred in an action under the Hague Convention on the Civil Aspects of International Child Abduction.

All petitions for or relating to interim fees and costs under this subsection shall be accompanied by an affidavit as to the factual basis for the relief requested and all hearings relative to any such petition shall be scheduled expeditiously by the court. All provisions for contribution under this subsection shall also be subject to paragraphs (3), (4), and (5) of subsection (j) of Section 503.

The court may order that the award of attorney's fees and costs (including an interim or contribution award) shall be paid directly to the attorney, who may enforce the order in his or her name, or that it shall be paid to the appropriate party. Judgment may be entered and enforcement had accordingly. Except as otherwise provided in subdivision (e)(1) of this Section, subsection (c) of this Section is exclusive as to the right of any counsel (or former counsel) of record to petition a court for an award and judgment for final fees and costs during the pendency of a proceeding under this Act.

21.    The Affidavits of PETER MATT and Christopher D. Wehrman are attached hereto and made a part hereof as Exhibits "A" and "B".

22.    PETER MATT has met the criteria set forth in 750 ILCS 5/508 for the payment of prospective attorneys' fees and costs and is requesting that this Court require MEGAN MATT to make such payments on his behalf in this matter so he can be properly and fairly represented concerning the matters presently pending before the Court.

EXHIBIT WW Continued

WHEREFORE, the PETITIONER, PETER MATT, respectfully requests the following relief:

A.  For the entry of an Order pursuant to 750 ILCS 5/508 providing that MEGAN MATT pay the sum of $25,000.00 to the law firm of Katz, Goldstein & Warren as and for PETER MATT's prospective attorney's fees in this matter;

B.  MEGAN MATT pay 100% of the GAL fees going forward, and reimburse PETER MATT the amount of $11,233.96 for the GAL fees he paid to date;

C.  MEGAN MATT pay 100% of the 604.10(b) fees going forward, and reimburse PETER MATT the amount of $8,900.00 for the 604.10(b) fees he has paid to date;

D.  For such other and further relief as this Honorable Court deems just.

_____
PETER MATT

KATZ, GOLDSTEIN & WARREN
Christopher D. Wehrman, Esq.
Firm No: 35921
2345 Waukegan Road, Suite 150
Bannockburn, Illinois 60015
(847) 317-9500

6

DocuSign Envelope ID: 30DE2796-1845-43A5-B7DF-C02CB0419557

EXHIBIT WW Continued

ATTORNEY NO. 35921

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

| | |
|---|---|
| IN RE THE MARRIAGE OF: | ) |
| PETER MATT, | ) |
| Petitioner, | ) |
| | ) No. 2016 D 9534 |
| And | ) |
| | ) |
| MEGAN MATT, | ) |
| Respondent. | ) |

EXHIBIT "A"
AFFIDAVIT OF PETER MATT IN SUPPORT OF
PETITION FOR PROSPECTIVE ATTORNEYS' FEES,
AND FOR ALLOCATION OF EXPERT AND GAL FEES

I, PETER MATT herein certify under penalty of perjury pursuant to Section 5/1-109 of the Code of Civil Procedure as to the following:

1. I am the Petitioner in the above-captioned matter.

2. I have personal knowledge of the matters stated in my Petition for Prospective Attorney Fees and For Allocation of Expert and GAL Fees and verify that they are true and correct, and if called upon to testify would do so consistently with the allegations contained therein.

**FURTHER AFFIANT SAYETH NOT.**

Under penalties as provided by law pursuant to Section 5/1-109 of the Code of Civil Procedure I certify that the statements set forth in this instrument are true and correct except as to matter therein states to on information and belief and as to I certify that I verify believe the same to be true.

DATED: ___6/2/2022___          _____
                                                PETER MATT

7

DocuSign Envelope ID: 30DE2796-1845-43A5-BZDF-C02CB0419557

ATTORNEY NO. 35921

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF: | ) | |
| PETER MATT, | ) | |
| Petitioner, | ) | |
| | ) | No. 2016 D 9534 |
| And | ) | |
| | ) | |
| MEGAN MATT, | ) | |
| Respondent. | ) | |

**EXHIBIT "B"**
**AFFIDAVIT OF CHRISTOPHER D. WEHRMAN IN SUPPORT OF**
**PETITION FOR PROSPECTIVE ATTORNEYS' FEES,**
**AND ALLOCATION OF EXPERT AND GAL FEES**

I, Christopher D. Wehrman, herein certify under penalty of perjury pursuant to Section 5/1-

109 of the Code of Civil Procedure as to the following:

1.    I am the partner primarily responsible for representing PETER MATT in the above
captioned matter.

2.    The information stated in the attached Petition for Prospective Attorney Fees and
Allocation of Expert and GAL Fees the status of the proceedings in this cause and the
estimates of fees and costs PETER MATT is likely to incur to participate adequately
in the litigation of this cause are matters within my personal knowledge and expertise
which are true and correct to the best of my knowledge, and if called upon to testify in
this cause, I would do so consistently with the allegations contained hereinabove.

**FURTHER AFFIANT SAYETH NOT.**

DATED: 6/3/2022 _____

DocuSigned by:

*Christopher D. Wehrman*

E99FF188EC8F4AA

CHRISTOPHER D. WEHRMAN

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure,
I certify that the statements set forth in this instrument are true and correct except as to matters therein
stated to be on information and belief and as to such matters I certify that I verily believe the same to
be true.

DocuSigned by:

*Christopher D. Wehrman*

E99FF188EC8F4AA

CHRISTOPHER D. WEHRMAN

8

## ATTORNEY'S STATEMENT

I, the undersigned, state that I am one of the attorneys employed by the firm of KATZ, GOLDSTEIN & WARREN and representing the party who has signed the foregoing pleading. I certify that I have read the foregoing pleading and that to the best of my knowledge, information and belief, formed after reasonable inquiry of my client, said pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that said pleading is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

KATZ, GOLDSTEIN & WARREN

DocuSigned by:

By: _Christopher D. Wehrman_

E99FF188EC8F4AA...

One of the attorneys for PETER MATT

## CLIENT'S VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, I certify that the statements set forth in this instrument are true and correct except as to matters therein stated to be on information and belief and as to such matters I certify that I verily believe the same to be true.

_____

PETER MATT

Christopher D. Wehrman (cwehrman@kgwlaw.com)
Katz, Goldstein & Warren
410 N. Michigan Ave., Ste. 400
Chicago, Illinois 60611
(847) 317-9500
#35921

## EXHIBIT XX

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE: THE MARRIAGE OF )
PETER MATT, )
      Petitioner, )
                 )    Case No. 2016 D 9534
      and )
                 )
MEGAN MATT, )
      Respondent. )

*[Stamp: ENTERED — Judge Robert Johnson-2156 — AUG 03 2022 — IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL]*

### ORDER

This cause coming before the Court for an evidentiary hearing on Peter Matt's Rule 137 Petition for Sanctions, both parties appearing remotely on July 5, 2022 and July 19, 2022, Peter Matt appearing with counsel, and the Guardian Ad Litem being present, both parties having an opportunity to present witnesses and evidence and provide closing arguments, and the Court being advised,

THE COURT FINDS:

A. Megan Matt filed a Motion to Dismiss Peter Matt's February 9, 2022 Petition for Rule to Show Cause. The Motion to Dismiss makes allegations as contained in Peter Matt's Rule 137 Petition for Sanctions. The Motion to Dismiss was argued on April 4, 2022 and the motion was denied pursuant to a Court Order entered on April 4, 2022.

B. Megan Matt admitted that she presented evidence in support of her Motion to Dismiss at the time that it was set for hearing and argued before the Court on April 4, 2022. Megan Matt did not present any evidence to refute Peter Matt's Rule 137 Petition for Sanctions at the evidentiary hearing, instead resting on her Motion to Dismiss and previously tendered exhibits.

C. Megan Matt testified that she researched the basis for her allegations contained within the Motion to Dismiss and stands by said allegations.

1

D. Megan Matt filed a Petition for Substitution of Judge (for cause) on November 31, 2021. The Petition for Substitution of Judge makes allegations as contained in Peter Matt's Rule 137 Petition for Sanctions. The Petition for Substitution of Judge was argued on January 11, 2022 and the petition was denied pursuant to a Court Order entered on January 11, 2022.

E. Megan Matt admitted that she presented evidence in support of her Petition for Substitution of Judge at the time that it was set for hearing and argued before the Court on January 11, 2022. Megan Matt did not present any evidence to refute Peter Matt's Rule 137 Petition for Sanctions at the evidentiary hearing, instead resting on her Petition for Substitution of Judge and previously tendered exhibits.

F. Megan Matt testified that she researched the basis for her allegations contained within the Petition for Substitution of Judge and stands by said allegations.

G. Megan Matt filed a 36 page Petition to Transfer Venue in the Interest of Justice on February 16, 2022. The Petition to Transfer Venue in the Interest of Justice on February 16, 2022 makes allegations as contained in Peter Matt's Rule 137 Petition for Sanctions. The Petition to Transfer Venue in the Interest of Justice on February 16, 2022 was dismissed for want of prosecution after Megan Matt's refusal to engage in the hearing schedule for April 4, 2022 and pursuant to a Court Order entered on April 4, 2022.

H. Megan Matt admitted that she presented evidence in support of her Petition to Transfer Venue in the Interest of Justice when she filed her petition and had the opportunity to argue the motion at the time that it was set for hearing and argued before the Court on April 4, 2022. Megan Matt did not present any evidence to refute Peter Matt's Rule 137 Petition for Sanctions at the evidentiary hearing, instead resting on her Petition to Transfer Venue in the Interest of Justice and her filed exhibits.

I.  Jillian Westerfield testified that she executed an affidavit on behalf of Megan Matt attached to the Petition to Transfer Venue in the Interest of Justice as Exhibit H. She testified that she attended two (2) court appearances, one before Judge Johnson and one before Judge Link. She admitted that she recorded the hearing before Judge Link on the Petition for Substitution of Judges and tendered the recording to Megan Matt before destroying same. She testified that she did not do any investigation into the action and signed the affidavit at the request of Megan Matt.

J.  Jillian Westerfield further testified that she is not an attorney, does not have any legal training, and works at the church where Megan Matt attends.

K.  Jillian Westerfield testified that the affidavit continuing her name and attached to the Petition to Transfer Venue in the Interest of Justice as Exhibit G was not signed by her, nor anyone else. She further testified that the affidavit contained her name as well as the name of Delane Haro but that she did not know Delane Haro.

L.  Megan Matt testified that she researched the basis for her allegations contained within the Petition to Transfer Venue in the Interest of Justice and stands by said allegations.

M.  Peter Matt testified that he caused responses to be filed to the pleadings identified in his Rule 137 Petition for Sanctions and incurred legal fees related to same.

N.  Peter Matt testified that he caused his counsel to participate in the hearings identified in his Rule 137 Petition for Sanctions and incurred legal fees related to same.

O.  Megan Matt signed each of the pleadings identified herein certifying that she read the documents, made reasonable inquiries into their basis, and believed that the statements contained therein were well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not

interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

P. Peter Matt's Rule 137 Petition for Sanctions detailed numerous allegations related to the pleadings identified herein alleging that said pleadings were not well grounded in fact and were not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law as required by *Cretton v. Protestant Mem'l Med. Ctr., Inc.*, 371 Ill. App. 841, 864 (5th Dist. 2007).

Q. Peter Matt's allegations contained within his Rule 137 Petition for Sanctions are found to be true and accurate.

R. Peter Matt has met his burden of proof that Megan Matt's Motion to Dismiss, Motion for Substitution of Judge for Cause, and Petition to Transfer Venue in the Interest of Justice were signed in violation of Illinois Supreme Court Rule 137 and therefore an appropriate sanction may be imposed.

S. Megan Matt did not present any evidence to refute the allegations contained in Peter Matt's Rule 137 Petition for Sanctions.

T. Peter Matt was forced to pay attorney's fees to not only respond to the allegations in these pleadings, but also to litigate them. Megan Matt's Motion to Dismiss was denied and she was found in contempt of court following an evidentiary hearing on Peter Matt's Petition for Rule to Show Cause, her Petition for Substitution of Judge for Cause was denied, and she chose not to prosecute her Motion to Transfer Venue following the hearing on the Petition for Rule to Show Cause.

U. Megan Matt's unsupported allegations are in violation of Rule 137 and sanctions are appropriate.

IT IS ORDERED:

4

**EXHIBIT XX Continued**

1. Peter Matt's Rule 137 Petition for Sanctions is granted.

2. Megan's Matt's Motion to Dismiss, Motion for Substitution of Judge for Cause, and Petition to Transfer Venue in the Interest of Justice were signed in violation of Illinois Supreme Court Rule 137 and therefore an appropriate sanction may be imposed.

3. Megan Matt is sanctioned for violating Rule 137 and Peter Matt is entitled to attorney's fees and costs associated with the response and defense of Megan's Matt's Motion to Dismiss, Motion for Substitution of Judge for Cause, and Petition to Transfer Venue in the Interest of Justice.

4. Peter Matt is entitled to attorney's fees associated with the prosecution of his Rule 137 Petition for Sanctions.

5. Peter Matt shall tender to the Court and to Megan Matt all invoices associated with the attorney's fees incurred by Peter Matt related to Megan's Matt's Motion to Dismiss, Motion for Substitution of Judge for Cause, and Petition to Transfer Venue in the Interest of Justice within 28 days of entry of this order for the Court's consideration and determination on the total amount of the sanction.

ENTERED:

_____
JUDGE

#35921
Christopher D. Wehrman
Katz, Goldstein & Warren
410 N. Michigan Ave., Ste. 400
Chicago, IL 60611
847/317-9500
Attorneys for Peter Matt
pleadings@kgwlaw.com

5

**EXHIBIT YY**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE: THE MARRIAGE OF      )
PETER MATT,                   )
      Petitioner,           )

                           )  Case No. 2016 D 9534

      and               )

MEGAN MATT,            )
      Respondent.       )

ENTERED
Judge Robert Johnson-2156
JUL 05 2022
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## ORDER

      This cause coming before the Court for a hearing on Peter Matt's Motion of Entry of

Qualified Medical Child Support Order, Peter Matt's Motion to Modify Parenting Time and

Allocation of Parental Responsibility, and Peter Matt's Rule 137 Petition for Sanctions, and the

GAL's presentment of Petition for Rule to Show Cause against Megan Matt, and Peter Matt's

presentment of Motion for Section 508(b) Fees, Motion for 215 Examination, and Peter Matt's

Motion for Attorneys' Fees, both parties appearing remotely, Peter Matt appearing with counsel,

and the Guardian Ad Litem appearing, and the Court holding the beginning of an evidentiary

hearing on the Rule 137 Petition for Sanctions, and otherwise being advised, with Megan Matt

having her mother and another male witness present during the proceeds as they are not called as

witnesses to the underlying pleadings, and the Court being advised,

      IT IS ORDERED:

1.  Megan Matt's Motion to Dismiss motions set for hearing on this date and served on

     July 4, 2022 is denied.

2.  Megan Matt's oral motion to transfer to Judge Dickler is denied.

1

3.  Peter Matt's Motion for Entry of Qualified Medical Child Support Order is granted. Megan Matt shall provide the information to complete same to counsel for Peter Matt by July 12, 2022.

4.  Megan Matt has until August 2, 2022 to respond to the pleadings presented on this date, with the Court being advised that a response to the Petition for Rule to Show Cause was filed. Said pleadings shall be scheduled for hearing at the next court date.

5.  Megan Matt shall contact the Section 604.10(b) evaluator to complete the necessary testing by July 12, 2022.

6.  Peter Matt's Rule 137 Petition for Sanctions started and is continued to July 18, 2022 at 5:00 p.m. via Zoom. Peter Matt's Motion to Modify Parenting Time and Allocation of Parental Responsibility is set to the same date to begin thereafter.

ENTERED:

_____

J U D G E

#35921
Christopher D. Wehrman
Katz, Goldstein & Warren
410 N. Michigan Ave., Ste. 400
Chicago, IL 60611
847/317-9500
Attorneys for Peter Matt
pleadings@kgwlaw.com

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled

**EXHIBIT ZZ**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

FILED
6/28/2022 11:54 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2016D009534
Calendar, 23
18465362

FILED DATE: 6/28/2022 11:54 AM   2016D009534

|                               |   |                      |
|-------------------------------|---|----------------------|
| IN RE THE MARRIAGE OF:        | ) |                      |
| PETER MATT,                   | ) |                      |
|     Petitioner, | ) |                |
|                               | ) | No. 2016 D 9534      |
| And                           | ) |                      |
|                               | ) |                      |
| MEGAN MATT,                   | ) |                      |
|     Respondent. | ) |                  |

**MOTION FOR SUPREME COURT RULE 215 EXAMINATION**

NOW COMES the Petitioner, PETER MATT, by and through his attorneys, KATZ, GOLDSTEIN & WARREN, and pursuant to Illinois Supreme Court Rule 215 and other relevant provisions of the Illinois Marriage and Dissolution of Marriage Act ("IMDMA"), requests that this Court to order a psychiatric evaluation of the Respondent, *instanter*. In support of thereof, PETER MATT states as follows:

1.    The parties were married on January 24, 2007 in New York.

2.    As a result of their marriage, two children were born to parties, namely: Angus, born August of 2008; and Theodore, born February of 2012.

3.    On September 27, 2017 a Judgment for Dissolution of Marriage (Judgment), incorporating a Marital Settlement Agreement, was entered in this matter, thereby dissolving the bonds of matrimony between the parties. A copy of the Judgment is attached hereto and incorporated herein *by reference only* as **Exhibit "A."**

4.    On September 27, 2017, an Allocation Judgment and Joint Parenting Agreement (JPA) was also entered in this matter allocating parenting time and joint decision-making authority amongst the parties. A copy of the JPA is attached hereto and incorporated herein *by reference only* as **Exhibit "B."**

FILED DATE: 6/28/2022 11:54 AM   2016D009534

5.      The parties' eldest child, Angus, has been diagnosed with mental health disabilities requiring medical care and court ordered ABA Therapy.

6.      The parties' long standing post-decree litigation has caused the appointment of a GAL, a parenting coordinator, and Section 604.10(b) evaluator.

7.      In an attempt to disrupt these proceedings, MEGAN MATT has failed to participate fully and completely in the evaluation of the Court's 601.10(b) evaluator, instead filing a lawsuit against him.

8.      Nevertheless, the Court's 604.10(b) evaluator did prepare an initial report on February 7, 2022 recommending that PETER MATT be the sole decision maker for Angus's treatment and that PETER MATT should have sole decision making for Theodore.

9.       Since then, MEGAN MATT has continued to engage in conduct that is concerning to PETER MATT and causes concerns as to the health and welfare of the children. To wit:

> A.   MEGAN MATT had terminated the services of the ABA Therapist in violation of court orders;
>
> B.   MEGAN MATT has failed to ensure Angus's participation in ABA Therapy in violation of court orders and has been found in contempt of court for same;
>
> C.   MEGAN MATT undermines the ABA Therapy and will not allow it to occur during her parenting time at a time that the therapists are available;
>
> D.   MEGAN MATT refuses to participate in ABA Therapy for Angus's during the week when it is inconvenient for her;
>
> E.   MEGAN MATT has caused multiple ABA therapists to be unable to work

2

FILED DATE: 6/28/2022 11:54 AM    2016D009534

with Angus;

F.   MEGAN MATT has caused multiple changes in medical providers unminding the efficacy of medical care for Angus;

G.   MEGAN MATT undermines PETER MATT in the selection and participation of extra-curricular activities for Theodore, including convincing Theodore to claim extra educational activities was causing him to be suicidal;

H.   MEGAN MATT has refused to complete working with the Section 604.10(b) evaluator to allow the final report and recommendations to be tendered to the court;

I.   MEGAN MATT has contacted DCFS against PETER MATT notwithstanding the involvement of a GAL, Parenting Coordinator, and Section 604.10(b) Evaluator in this matter;

J.   On Jun 10, 2022, MEGAN MATT sent a correspondence to Angus's medical providers stating, in part:

As it happens many parties, including Matt, face imminent indictment for their participation in a bribery scheme as well as Mr. Matt's financial crimes. Mr. Matt faces imprisonment and deportation. Michael Bender, who has served in the past as the children's guardian ad litem, Mr. Wehrman (Mr. Matt's attorney) and Doctors Gerald Blechman and John Palen are also under federal investigation for their crimes. I have no idea how long the federal prosecution will take but I can assure you it is very active and these criminals will be stopped.

10.   Illinois Supreme Court Rule 215(d) allows for the Court to order a physical or mental examination in an action where the physical or mental condition is in controversy.

11.   Illinois Supreme Court Rule 215(d) states:

3

FILED DATE: 6/28/2022 11:54 AM   2016D009534

(d)Impartial Medical Examiner.

    (1) *Examination Before Trial.* A reasonable time in advance of the trial, the court may on its own motion or that of any party, order an impartial physical or mental examination of a party where conflicting medical testimony, reports or other documentation has been offered as proof and the party's mental or physical condition is thereby placed in issue, when in the court's discretion it appears that such an examination will materially aid in the just determination of the case. The examination shall be made by a member or members of a panel of physicians chosen for their special qualifications by the Administrative Office of the Illinois Courts.

12.    Here, the mental condition of MEGAN MATT is at issue as her failure to participate in the Section 604.10(b) examination, false allegations of abuse, failure to ensure Angus's therapy continues, and manipulating Theodore into making claims of suicide, among other issues, impacts her ability to parent the children.

13.    Based upon the allegations raised by PETER MATT, the investigation and recommendations of the GAL, and the investigation and preliminary report with recommendations of Dr. Blechman, this Court should entered an order obligating MEGAN MATT to appear for a psychiatric examination.

WHEREFORE, the Petitioner, PETER MATT, by and through his attorneys, Katz, Goldstein & Warren, respectfully prays as follows:

A.    That the Court enter an order requiring MEGAN MATT to present for a Rule 215(d) examination;

B.    That the Court suspect MEGAN MATT's parenting time until the examination is complete and report tendered to the Court; and,

C.     For such other relief as this Court deems equitable and just.

Respectfully submitted,

_____
PETER MATT

Christopher D. Wehrman (cwehrman@kgwlaw.com)
Katz, Goldstein & Warren
410 N. Michigan Ave., Ste. 400
Chicago, Illinois  60611
(847) 317-9500
#35921

FILED DATE: 6/28/2022 11:54 AM   2016D009534

## ATTORNEY'S STATEMENT

I, the undersigned, state that I am one of the attorneys employed by the firm of KATZ, GOLDSTEIN & WARREN and representing the party who has signed the foregoing pleading. I certify that I have read the foregoing pleading and that to the best of my knowledge, information and belief, formed after reasonable inquiry of my client, said pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that said pleading is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

KATZ, GOLDSTEIN & WARREN

By: _____
One of the attorneys for PETER MATT

## CLIENT'S VERIFICATION

UPON PENALTY OF PERJURY, I, the undersigned, state that I have read the foregoing pleading. I further state that this pleading is being filed with my consent and as part of my attorney's required duties in representing me. I further state that my attorney has explained to me that by signing this pleading and this verification, I am acknowledging that my attorney is acting with my consent and at my direction and that my attorney has based his statement on the factual information provided to him by me, as well as upon his investigation thereof.

_____
PETER MATT

Christopher D. Wehrman (cwehrman@kgwlaw.com)
Katz, Goldstein & Warren
410 N. Michigan Ave., Ste. 400
Chicago, Illinois 60611
(847) 317-9500
#35921

6

FILED DATE: 6/28/2022 11:54 AM   2016D009534

**EXHBIT AAA**

FILED
6/21/2022 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2016D009534
Calendar, 23
18351129

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS**
**DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **PETER MATT,** | ) | Case No: 2016 D 9534 |
| | ) | |
| Petitioner, | ) | |
| and | ) | |
| | ) | |
| **MEGAN MASON,** | ) | Calendar: 23 |
| | ) | |
| Respondent. | ) | |

**PETITION FOR RULE TO SHOW CAUSE AND FOR A FINDING OF INDIRECT**
**CIVIL CONTEMPT**

NOW COMES the Guardian *ad litem*, MICHAEL IAN BENDER, of CAESAR & BENDER, LLP, and pursuant to 750 ILCS 5/506, asks this Honorable Court to issue a Rule to Show Cause against Respondent, MEGAN MASON ("MEGAN"), to show cause why she should not be held in indirect civil contempt for her contumacious disregard of this Court's November 16, 2021 Order, and in support thereof states as follows:

1. On June 6, 2019, this Honorable Court appointed MICHAEL IAN BENDER as Guardian *ad litem* in this matter. A true and correct copy of the June 6, 2019 Order is attached hereto as **Exhibit A.**

2. On November 16, 2021, this Honorable Court entered an order that states in pertinent part as follows:

> "4. Respondent, Megan Mason, owes Michael Bender $4,629.75 for fees incurred through October 7, 2021. Megan Mason shall pay Michael Bender $500 per month until the $4,629.75 is paid in full. Said payments shall begin on December 15, 2021 and shall continue on the 15th of each month thereafter."

1

A true and correct copy of the November 16, 2021 Order is attached hereto as **Exhibit B.**

3. MEGAN has paid $50.00 towards the November 16, 2021 Order and is in violation in the amount of $2,950.00.

4. A finding of indirect civil contempt requires proof of a valid court order and a willful violation of that order. *Cetera v. DiFilippo*, 404 Ill.App.3d 20, 41 (2010). The burden initially falls on the opposing party to show a violation of a court order by a preponderance of the evidence. *Id*. The burden then shifts to the alleged contemnor to show that the violation was not willful or contumacious and that he had a valid reason for noncompliance. *Id.*

5. A Rule should issue against MEGAN, and she show cause, if any, as to why she should not be held in indirect civil contempt of court for her failure to comply with this Honorable Court's Order. Said Rule should be returnable *instanter.*

WHEREFORE, the Guardian *ad litem*, MICHAEL IAN BENDER, asks this Honorable Court for the following relief:

A. Enter an Order *instanter* issuing a Rule to Show Cause for MEGAN MASON to show cause, if any, why she should not be held in indirect civil contempt of court for her violation of the November 16, 2021 Order;

B. Cause MEGAN MASON to demonstrate as to why she should not be held in indirect civil contempt of court;

C. Find MEGAN MASON in willful indirect civil contempt and set a $2,950.00 purge;

D. Remand MEGAN MASON to custody of the Sheriff of Cook County; and

FILED DATE: 6/21/2022 12:00 AM   2016D009534

**EXHBIT AAA Continued**

E. For any and all other relief this Honorable Court deems just and equitable.

FILED DATE: 6/21/2022 12:00 AM   2016D009534

Respectfully submitted,

/s/ Michael Ian Bender
Guardian ad litem

Michael Ian Bender CAESAR & BENDER, LLP
*Guardian ad litem*
150 N Michigan Ave., Suite 2130
Chicago, Il 60601
(312) 236-1500
Attorney No.: 63030
service@caesarbenderlaw.com

**EXHBIT AAA Continued**

<u>VERIFICATION</u>

Under the penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Illinois Code of Civil Procedure, the undersigned verifies that the statements set forth in this pleading are true and correct, except to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

<u>/s/ Michael Ian Bender</u>
Guardian ad litem

Michael Ian Bender CAESAR & BENDER, LLP
*Guardian ad litem*
150 N Michigan Ave., Suite 2130
Chicago, Il 60601
(312) 236-1500
Attorney No.: 63030
service@caesarbenderlaw.com

FILED DATE: 6/21/2022 12:00 AM   2016D009534

**EXHIBIT BBB**

United States Bankruptcy Court
Northern District of Illinois

# Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 13 of the United States Bankruptcy Code, entered on 09/08/2022 at 2:19 PM and filed on 09/08/2022.

**Megan Elizabeth Mason**
419 Greenleaf Ave.
Wilmette, IL 60091
SSN / ITIN: xxx-xx-3327
*dba* **Augl**
*dba* **The Books Right**

The bankruptcy trustee is:

**Thomas H. Hooper**
Office of the Chapter 13 Trustee
55 E. Monroe St.
Suite 3850
Chicago, IL 60603
312-294-5900

The case was assigned case number 22-10247 to Judge Carol A. Doyle.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page http://www.ilnb.uscourts.gov/ or at the Clerk's Office, Eastern Division, 219 S Dearborn, 7th Floor, Chicago, IL 60604.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Jeffrey P. Allsteadt**
**Clerk, U.S. Bankruptcy Court**