# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MEGAN MASON,<br>Plaintiff;<br><br>**Vs.**<br><br>IRIS MARTINEZ, Defendant, et al | Case Number: 1:22-CV-2315 |

**PLAINTIFF'S AFFIDAVIT IN SUPPORT OF TEMPORARY RESTRAINING ORDER**

**Argument**

   Any one of the acts committed by Iris Martinez and other defendants subsequent to my testimony against them as a federal witness and subsequent to my appearance as plaintiff in this lawsuit on May 3, 2022, would, to my mind, be reason enough to immediately require them to sever their relationship to any other legal proceeding in which I am a party. I believe any number or any one of these questionable events would be grounds to remove their access to the record of case 2016 D 9534 and to prevent any party named as a defendant in this suit from entering an order or filing a pleading in that case or in any other case in which I am a participant. These acts not only show that there is a likelihood of harm or that there is a likelihood that problematic behavior will continue, they show that the defendants in this case have used this action as a basis to punish, harass and intimidate me using the authority of the state. It is continuing and presumably will without the intervention of this court. This is unconscionable.

   I am therefore begging this court to issue an immediate Temporary Restraining Order barring The Clerk or any of the above named parties from entering any order or pleading or otherwise altering the record of case 2016 D 9534, effective immediately. However, such an order, though necessary and overwhelmingly justified, would also impede and bar my access to justice unless at the same time I am given access to a neutral venue where domestic relations matters may be decided in either adjoining Lake or DuPage County by means of an ordered transfer of venue.

   I believe the prima facie basis for an immediate order to remove defendants in this case from involvement in any other case in which I am a party, is most clear in the case of Ms. Iris Martinez as Clerk of the Circuit Court of Cook County where the records for underlying Case 2016 D 9534 should be kept and protected. Ms. Martinez, through her wanton disregard for litigants' rights to a secure identity and uncorrupted data, continues to participate in fraudulent

acts to change the Docket in an attempt to hide prior criminal acts, over two years after Mr. Trowbridge and Unknown Clerk Employees committed the first known acts of fraud in this case. Ms. Martinez has refused for five months to correct my service contact and indeed, as of this writing, I do not receive automatic emails from The Clerk when new filings are entered into the record by other parties, though I have made every effort to enroll in this electronic service.

In fact the First, Fourth and Fourteenth Amendment violations detailed in my complaint are all ongoing which means, effectively, I do not have access to justice until a transfer is ordered.

I understand that federal injunctions and federal temporary restraining orders are rare and I understand why. But I do believe that I have a straightforward and obvious right to be removed from the control of Ms. Iris Martinez given the ongoing fraud in the record of case 2016 D 9534 and that I have a clear and obvious basis for a temporary restraining order to stop her ongoing acts to alter, destroy and commit fraud upon the record in this case. But I am in an impossible situation because, more urgently, as a mother I must act to attempt to rescue my children from the abuses of Robert Johnson and his co conspirators, who removed them from my home and have prevented me from being with them in an effort to intimidate me into ceasing my public testimony against them. If I "freeze" this case for two weeks by barring Ms. Martinez from further corrupting the docket, without someone appointed in her stead, I also "freeze" my right to litigate to protect my children, who are daily suffering and being harmed by the abusive acts of Iris Martinez, Robert Johnson, Kaye Mason, Christopher Wehrman, and Michael Bender.

I am begging this court to thoughtfully and equitably resolve this seemingly impossible situation. I believe I have reason to ask for an immediate Temporary Restraining Order on the basis of Ms. Martinez's actions alone while at the same time, I have a right to immediate access to a municipal court and clerk. This requires immediate and swift transfer of Case 2016 D 9534

to another court that is convenient to parties. Geographically this would be adjoining Lake or DuPage County in the interest of justice. Both I and the other party in case 2016 D 9534 live in Wilmette, Illinois and, to attend court or visit the clerk in The Daley Center we must drive an hour in traffic. Parking is often at least $20. The courthouses in Wheaton, IL (DuPage County) is, according to Google Maps, about an hour and twenty minute drive from our home. The courthouse in Waukegan, IL (Lake County)is, according to Google Maps, about fifty minutes drive. Both courthouses, I believe, have convenient, free parking. Prior orders in case 2016 D 9534 have required us driving to Wheaton, IL for interviews with court appointees and Lake County Courthouse seems on average a shorter drive. Both would be suitable venues for a post-decree Illinois divorce case and marke no change or imposition of an unde burden.

  To this end, I ask that this court enter an immediate temporary restraining order enjoining Iris Martinez from making any alterations to the record of case 2016 D 9534, barring Robert Johnson from issuing any rulings in case 2016 D 9534, and barring Michael Bender, Christopher Wehrman, and Kaye Mason from any action or involvement in this case.

  At the same time,  no citizen of Illinois ought to be denied the services of a Circuit Court and a Circuit Court Clerk for any period of time, particularly on the basis that she has been defrauded. For this reason, upon entry of this TRO I ask that this court order Presiding Judge Grace Dickelr to  immediately transfer  case 2016 D 9534 to adjoining Lake or DuPage County at the expense of The Circuit Court of Cook County. I believe this is the only possible and equitable solution that addresses the need to stop ongoing and voluminous fraud by individuals employed by Iris Martinez while also protecting my right to due process and to my right petition my government, which ought not to be paused for any reason.

  In weighing the factors to consider, I would remind this court that no party named in this

federal suit or against whom injunctive relief is sought has a beneficial interest in case 2016 D 9534. This is to say, whether personally or in their official capacities, Iris Martinez, Robert Johnson, Kaye Mason, Michael Bender and Christopher Wehrman are all presumed to be neutral court actors who are not required to participate in case 2016 D 9534 for any legal, moral or logical reason. I am the mother to A.D.M. and T.M.M. and was married to Peter Matt who is their father. I do not have the ability to have a "new case" or to not be a party in divorce case other than case 2016 D 9534.

   Without exception the parties named as defendants in this suit, who persist in remaining parties in a separate state court action, have no real interest in this case. They must on the face of it be considered to have no interest or claim in participating in court activity wherein it is their neutrality that is valued. It cannot matter to a neutral court what neutral court hears a case. Arguably, a neutral court is able at any time to hand over its cases and records without fear of disclosing crimes, fraud or misconduct by its employees and appointees. And, arguably, only a corrupted court would fight such disclosures. A judge cannot and should not want to preside over a particular litigant. Where a judge persists in retaining the power to preside over a specific litigant, despite very obvious professional standards that require his recusal, he is obviously not neutral or able to be a judge in that case. It demeans the court to allow for such disturbing professional conflicts, which is why judges are almost universally expected to recuse themselves from cases when there is the slightest hint of conflict . The same is true for any court employee or appointee, they cannot "want" a case because the only basis would be bias.

   My adversary in case 2016 D 9534 is Peter Matt, not named in this suit. While it is true that his counsel, Mr. Christopher Wehrman, could argue that withdrawing from his client Peter Matt's state court case would harm his client, this is but one aspect of the attorney-client relationship. I

also have alleged that Mr. Wehrman has engaged in criminal acts with Mr. Matt and in an effort to cover up Mr. Matt's ongoing federal criminal tax evasion, Mr. Matt's ongoing fraud schemes and Mr. Matt's money laundering schemes. Since at least December, 2021, Mr. Wherman has been named to IRS criminal investigators as well as other law enforcement agencies as a participant and conspirator after the fact in Mr. Matt's crimes. So, when weighing the interest of parties impacted by the proposed action, it is also important to consider that as a potential target of federal criminal investigations himself, it would be impossible for Mr. Wehrman to be neutral and wholly focused on Mr. Matt's interests in the underlying case 2016 D 9534 when his actions in this lawsuit might impact decisions about federal charges and sentencing in outside court actions. In fact, rather than Mr. Matt's interest conflicting with mine, we both have an interest in accessing the efficient lawful administration of justice which can only be achieved if individuals with conflicts of interest, including attorneys, are swiftly removed. Mr. Wehrman ought not to be opposing counsel in case 2016 D 9534 but he also ought not to be Mr. Matt's attorney in any case.

So I would ask this court to consider that I am in fact the only party with an unseverable, direct interest in where and by whom case 2016 D 9534 is heard. According to what I understand about caselaw and principles of court ordered changes of judges, venue and personnel, it is almost generally understood that as the plaintiff seeking relief I don't have to prove that I was or am being discriminated against or prove that I am the victim of documented crimes by parties in authority in The Circuit Court of Cook County. Because the maintenance of public trust in the judiciary is so essential to our nation's governance, it is enough that I have stated understandable reasons that I will feel discriminated against and that I have credible reasons to suspect individuals have engaged in criminal acts against me to demand parties named be removed from

position of authority over me. I really believe as an American that what we want in America is courts that *feel* fair, and they don't feel fair when there is the slightest hint of corruption.

In fact, the only legitimate reason I can think of to delay or forestall transfer of case 2016 D 9534 to adjoining Lake or DuPage County would be the possible cost to the taxpayers of Cook County, Illinois. But I believe even here my right to trial in a neutral venue, by means of immediate transfer, could be met while considering the right of The Clerk of The Circuit Court of Cook County to avoid unreasonable expenses to the taxpayer. For one thing, it is my belief that The Clerk caused and enabled the fraud that makes transfer necessary and that it is therefore in the interest of the taxpayers of Cook County to transfer the case because a law abiding judiciary is "worth the expense".

If a state employed maintenance worker were to spill a gallon of toxic cleaning products in a facility such as a school owned by the state, it is obvious that the taxpayers' interests are served by cleaning up this toxic material and protecting the citizens of Illinois from contact with this toxic substance. This is true even though, obviously, it would be better and less costly to take measures to avoid toxic spills in the first place. The Clerk has paid the salaries of employees, including Ms. Iris Martinez herself, who have acted recklessly and caused voluminous corruption of this record. So too can The Clerk pay to correct these actions by transferring the record to a neutral venue.

Further, if by some way The Clerk could prove that I fabricated all of the serious allegations and forged the hundreds of documents demonstrating a corrupted record in Case 2016 D 9534 - only a portion of which have been submitted with this complaint - The Clerk and others would have every right to seek to recover the cost of transfer as well as all other legal costs through action in this court. If it is in fact my fault, to continue the analogy, that an employee spilled

toxic materials in a school, then of course the the state entity has every right to recover direct costs, damages and legal costs for subsequent future actions. But this is not basis to forestall swift and essential action to stop ongoing abuses.

 Therefore, it is necessary and appropriate to immediately order Iris Martinez, Robert Johnson, Kaye Mason, Michael Bender and Kaye Mason to cease any involvement in Illinois case 2016 D 9534 and to be enjoined from entering any order or taking any action to modify or alter the record of this case. In order to ensure that I and my minor children are given continued access to justice, it is therefore also necessary to order Presiding Judge Grace Dickler to immediately transfer this case to adjoining Lake or DuPage County in the interest of justice. The cost of transfer is necessary to assure Cook County citizens that our court is fair. I have submitted exhaustive evidence of not just Ms. Martinez's errors and negligence with regard to my record, but of my desperate, relentless efforts to compel Ms. Martinez to fix these issues herself. In five months Ms. Martinez has neither responded nor addressed these matters, and in at least one case has committed or enabled further fraud.  The Office of The Clerk ought to pay the transfer costs unless it can somehow be shown that I am liable for these errors myself.

Respectfully Submitted by

/s/Megan Mason

Megan Mason, Plaintiff  Pro Se

October 4, 2022