IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MEGAN MASON,<br>Plaintiff;<br><br>**Vs.**<br><br>Iris Martinez, Defendant, et al; | Case Number: 1:22-CV-2315 |

**PLAINTIFF'S MOTION TO RECUSE THE HONORABLE JUDGE JORGE LUIS ALONSO UNDER RULE 28 U.S. CODE § 455**

I, Megan Mason, plaintiff pro se, respectfully ask that the Honorable Judge Jorge Alonso recuse himself from case 1:22-CV-2315 under Rule 28 U.S. Code § 455 and that this case, and all pending matters before this court, be immediately transferred to the calendar of another Federal District Judge in The Northern District of Illinois who may preside over this case in accordance with Federal Rule 28 U.S. CODE § 455.

In support thereof I state as follows:

**Recusal is necessary under Federal Rule 28 U.S. CODE § 455 subsection (b)(1)**

1. Under Federal Rule 28 U.S. CODE § 455 subsection (b)(1), any federal judge shall disqualify himself *"Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;"*

2. It is my understanding and belief that the Honorable Judge Jorge Luis Alonso served as an associate judge in The Circuit Court of Cook County, Illinois from 2003 to 2014. It is my understanding that Judge Alonso was personally selected and appointed by Chief Judge Timothy Evans of The Circuit Court of Cook County to fill this position. It is my understanding that Defendant Dorothy Brown was Clerk of The Circuit Court of Cook County during Judge Alonso's tenure as an associate judge in The Circuit Court of Cook County and that she was his professional colleague for more than ten years.

3. At the core of my case before this court are claims that individuals in authority in The Circuit Court of Cook County have participated in, allowed, or witnessed

2

criminal violations of my civil rights. It is my belief that Judge Alonso's personal relationships with Judge Timothy Evans, Grace Dickler, and Dorothy Brown would make it impossible for him to consider their actions or testimony before this court without bias.

4. Because of Judge Alonso's own career history, particularly as an appointee of Timothy Evans, it is my sincere belief that Judge Alonso has a personal, intimate understanding of the individuals, customs, and facts related to the operation of The Circuit Court of Cook County and The Clerk of The Circuit Court of Cook County that would make it impossible for Judge Alonso to consider facts in this case impartially.

5. A critical claim I have made and continue to make in the suit before this court is that defendant Robert Johnson has conspired in criminal violations of my civil rights, motivated by a desire to maintain his appointment as an associate judge and in order to secure future political appointments. A critical claim I have made and continue to make is that defendant Bradley Trowbridge engaged in numerous violations of my civil rights and federal crimes to "throw my case" in exchange for a nomination as a democratic circuit court judge candidate in an uncontested race. A critical claim I have made and continue to make is that defendant Michael Bender received his own appointment as a Guardian Ad Litem and bestows this lucrative appointment on others due to his political influence. A critical claim I have made and will continue to make is that Michael Bender was able to induce Bradley Trowbridge to "throw my case" by promising Mr. Trowbridge a nomination to fill a circuit judge position

3

in an uncontested race.

6. In the above claims against defendants Johnnson, Trowbridge, and Bender I have asserted that there is in fact a political patronage system in The Circuit Court of Cook County Illinois, known colloquially as "The Cook County Machine". I understand that the nature of The Cook County Machine is a matter of dispute. In fact I believe that the existence of The Cook County Machine is a matter of dispute. I believe that the extent and nature of political influence in the appointment of associate judges in Cook County is a topic with which Judge Alonso has opinions and *personal knowledge of disputed evidentiary facts concerning the proceeding*.

7. I know full well that Judge Alonso may have every intention to act impartially and according to the law in any case before him. I have absolutely no reason to believe or to suggest that Judge Alonso's own professional and ethical background is anything but exemplary. Nevertheless, I believe it would be impossible for Judge Alonso to consider the possibility of bias and corruption in the process of selecting and appointing associate judges and judicial candidates in Cook County, Illinois given that this might be, however unfairly, perceived as related to his own prior appointment.

8. In addition to appointments and nominations, as part of this lawsuit, I have asserted a number of unique customs in the office of The Clerk of The Circuit Court of Cook County that are the basis for Monell liability. These customs include harassment and interference with marginalized pro se litigants by Clerk employees, prevention of appeals by clerk appointees and identity theft of pro se litigants. A multitude of

potentially *disputed evidentiary facts concerning the proceeding* relate to the customs and procedures of office of The Clerk of The Circuit Court of Cook County with which Judge Alonso is deeply and personally familiar.

9. Any judge or trial attorney, of course, would understand how the office of a Clerk of a Circuit Court generally operates and is expected to operate under state law. In this case, however, the core basis of my claim that The Clerk of the Circuit Court of Cook County is subject to Monell Liability is that the office of The Clerk has unique customs and procedures not codified in Illinois law, with which Judge Alonso has deep, personal knowledge as a former employee in the division.

10. It is my understanding and belief that Judge Alonso has personal relationships with Judge Timothy Evans, Judge Grace Dickler, Clerk Iris Martinez and Clerk Dorothy Brown, who are all witnesses, defendants, or both in this case.

11. I believe it is necessary for Judge Alonso to recuse himself based on a personal relationship with any defendant in a case before him.

**Recusal is necessary under Federal Rule 28 U.S. CODE § 455 subsection (b)(4)**

12. On November 5, 2019, The Nominating Committee of The Circuit Court of Cook County issued a press release announcing the names of the 30 candidates for Associate Judge in The Circuit Court of Cook County. The press release quoted Judge Timothy Evans and named Judge Grace Dickler as a member of the nominating committee that selected the thirty applicants. The press release listed the nominees, one of whom was Amee Elizabeth Alonso. (Exhbit A1)

13. Amy Elizabeth Alonso was appointed as a Circuit Court Judge in 2020 by Judge

5

Timothy Evans, Judge Grace Dickler and the rest of the nominating committee.

14. It is my belief and understanding that Judge Amy Alonso is the spouse of Judge Jorge Alonso.

15. According to **Federal Rule 28 U.S. CODE § 455 subsection (b)(4)**, a judge must voluntarily recuse himself in cases where *"(4)He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;"*

16. As an employee of The Circuit Court of Cook County, I believe Judge Amee Alonso has a financial interest in protecting the reputation of The Circuit Court of Cook County, particularly in matters that might impact her continued appointment as an associate judge. Under Federal Rule 28 U.S. CODE § 455 subsection (b)(4), I believe Judge Alonso ought to voluntarily recuse himself because I believe he knows that his wife's salary and his own financial well being may be impacted by litigations involving The Circuit Court of Cook County.

**Recusal is necessary under Federal Rule 28 U.S. CODE § 455 subsection (a)**

17. In addition to the specific grounds for recusal, it is my belief that Judge Aonso ought to voluntarily recuse himself because in general his impartiality might reasonably be questioned in rulings related to the municipal entity that is his wife's current employer and his prior employer.

18. According to **Federal Rule 28 U.S. CODE § 455 (a)**, *"any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in*

6

*which his impartiality might reasonably be questioned".* Under this same rule, however, *"Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification."*

19. I believe the aggregate of factors here are sufficient to suggest that impartiality by Judge Alonso in this matter would be reasonably questioned.
20. I believe, just as one must be extremely sensitive and cautious in raising claims of judicial impropriety, one must be extremely sensitive and cautious in addressing concerns about public perception of judicial impropriety. It is simply unimaginable that a reasonable citizen of Illinois would believe that an individual who served as a judge in The Circuit Court of Cook County and is married to a judge working in The Circuit Court of Cook County is the appropriate person to hear a case alleging systemic corruption in The Circuit Court of Cook County.

This motion, as I am pro se, also serves as my personal affidavit asserting that the facts raised herein are true to the best of my knowledge and I make them as truthfully as I would if appearing personally under oath.

Wherefor I ask that this court:

21. Enter an order immediately recusing Judge Jorge Alonso from presiding over Case Number: 1:22-CV-2315.
22. That this case be immediately transferred to a judge with no personal, family or

professional conflicts that would render it impossible to preside impartially in this case.

Respectfully Submitted,

/S/ Megan Mason

Plaintiff Pro Se

EXHIBIT A1



HOME | COURT LOCATIONS | CONTACT US |

Select Language
Powered by Google Translate

Search Our Site for...

Honorable Timothy C. Evans, Chief Judge    Thursday, October 13, 2022

ABOUT THE COURT | FOR ATTORNEYS / LITIGANTS | FOR JURORS | FOR PEOPLE WITHOUT LAWYERS | MEDIA

PRESS RELEASE
FOR IMMEDIATE RELEASE

### Associate Judge finalists announced

Released On 11/05/2019

The Nominating Committee of the Circuit Court of Cook County today announced its selection of the 30 candidates who will seek appointment to 15 Associate Judge vacancies by a vote of the Circuit Judges. All of the candidates received across-the-board positive ratings from the bar associations.

"I am pleased to submit the names of these candidates for consideration to join the bench of the Circuit Court of Cook County," Chief Judge Timothy C. Evans said. "With their bar association evaluations, legal experience and diverse backgrounds, these candidates represent excellence. Any one of them is ready to serve the public as a member of the judiciary."

"The interview process presented a wealth of talented applicants, and we thank them all. The challenge the Nominating Committee faces every time is that there are more excellent applicants than the number of candidates we can nominate," Chief Judge Evans said.

The Nominating Committee employed a comprehensive approach in the nomination process that considered multiple aspects such as a variety of legal experience in the public and private sectors, and diversity of race, ethnicity and gender.

The Nominating Committee is made up of the following judges:

- Honorable Timothy C. Evans, Chief Judge
- Honorable Mary Ellen Coghlan, Justice, Illinois Appellate Court
- Honorable Grace G. Dickler, Presiding Judge, Domestic Relations Division
- Honorable James P. Flannery Jr., Presiding Judge, Law Division
- Honorable Sophia H. Hall, Administrative Presiding Judge, Juvenile Justice and Child Protection Resource Section
- Honorable Moshe Jacobius, Presiding Judge, Chancery Division
- Honorable Raymond L. Jagielski, Presiding Judge, Fifth Municipal District
- Honorable LeRoy K. Martin Jr., Presiding Judge, Criminal Division
- Honorable Sharon M. Sullivan, Presiding Judge, County Division
- Honorable Shelley Sutker-Dermer, Presiding Judge, Second Municipal District
- Honorable E. Kenneth Wright Jr., Presiding Judge, First Municipal District

A total of 212 licensed attorneys originally submitted applications for consideration, and 18 applicants withdrew from the process before interviews. The Nominating Committee interviewed 194 applicants. However, one applicant withdrew after being interviewed, leaving 193 applicants. The selection of the 30 candidates was unanimous.

Below is the list of the 30 candidates that was forwarded to the Administrative Office of the Illinois Courts:

- ALONSO, Amee Elizabeth
- AMMENDOLA, Marina E.
- ANDREOU, Frank John
- AYALA-GONZALEZ, Laura
- BATES, Fredrick Hayze
- BHANDARI, Aileen
- BROOKS, Lloyd James
- COLEMAN, Jennifer Frances
- FAIRMAN, John Abbrey
- FORTI, Michael Angelo
- FOTOPOULOS, John S.
- GUDINO, Ruth Isabel
- HOGAN, Michael James, Jr.
- MALONEY, Edward James
- MAYS, Celestia Laurene
- O'DELL, Katherine Angela
- PATTERSON, Monique Lenee'
- PAYNE, Jennifer Joyce
- PEZANOSKI, Diane Marie

**EXHIBIT A1 Continued**

- PLOTNICK, Paul William
- RAKOWSKI, Leo Steven
- ROSENBERG, Geri Pinzur
- ROSS, Curtis Bennett
- SAUCEDA, Eric Michael
- SHALABI, Rouhy J.
- SIMON, John Anthony
- SMITH, Levander, Jr.
- SMITH, Theresa Marie
- TIERNAN, Daniel Owen
- WALTON, Tyria Beatrice

The 252 Circuit Judges have the constitutional authority to fill associate judge vacancies and are required to follow the procedures outlined in Rule 39 of the Rules of the Illinois Supreme Court. Under Supreme Court Rule 39, the Nominating Committee must select twice as many qualified candidates as there are vacancies to be filled; in this case, 30 candidates were selected to fill 15 vacancies.

The Chief Judge must then notify the Director of the Administrative Office of the Illinois Courts of the names of the candidates selected by the Committee and request the Director to begin the balloting process. Within 14 days after the Chief Judge's notification, the Director mails a secret ballot with the names of each candidate to each circuit judge. The judges vote for one candidate for each vacancy to be filled. The judges must return the ballots to the Director within 14 days of the date the ballots were distributed. The Director then counts the ballots which are accompanied by a signed card, tabulates the results and certifies them to the Chief Judge – at all times maintaining the secrecy of the ballots.

Bar evaluations were issued for all of the associate judge applicants by The Chicago Bar Association and the Alliance of Bar Associations for Judicial Screening, at the request of Chief Judge Evans. The Alliance is made up of 12 minority and ethnic bar organizations as follows: the Asian American Bar Association of the Greater Chicago Area, the Black Women Lawyers' Association of Greater Chicago, the Chicago Council of Lawyers, the Cook County Bar Association, the Decalogue Society of Lawyers, the Hellenic Bar Association of Illinois, the Hispanic Lawyers Association of Illinois, the Illinois State Bar Association, the Lesbian and Gay Bar Association of Chicago, the Puerto Rican Bar Association, the Women's Bar Association of Illinois and the Arab American Bar Association of Illinois.

Each bar association issued its own ratings for individual Associate Judge applicants. Attached with this press release are the evaluations of the 30 candidates. Chief Judge Evans thanks The Chicago Bar Association and the Alliance for the considerable time and resources that were expended to produce the ratings. During the next few weeks, the candidates will present their credentials to the Circuit Judges. The Nominating Committee, in an effort to assist the process, has established receptions in Chicago for Circuit Judges to meet the candidates. The schedule is as follows:

Tuesday, November 12, 2019, 4 p.m. – 6 p.m.

Richard J. Daley Center

Jury Assembly Room – 17th Floor

50 West Washington Street, Chicago, Illinois 60602


Wednesday, November 13, 2019, 4 p.m. – 6 p.m.

Leighton Criminal Courthouse

Jury Assembly Room

2650 South California Avenue, 3rd Floor

Chicago, Illinois 60608

Thursday, November 14, 2019, 4 p.m. – 6 p.m.

Cook County Juvenile Center

The Atrium, 2nd Floor

1100 South Hamilton Avenue, Chicago, Illinois 60612


To further minimize disruption of court proceedings, set times also have been established in additional courthouses for judges to meet the candidates.

###

Follow the court on Twitter @CookCntyCourt

🖨