IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MEGAN MASON, Plaintiff; <br><br> **Vs.** <br><br> Iris Martinez, Defendant, et al; | Case Number: 1:22-CV-2315 |

**PLAINTIFF'S MOTION TO COMPEL RESPONSE FROM DEFENDANT ROBERT JOHNSON AND MOTION TO ORDER SERVICE OF SUMMONSES ON DEFENDANTS BRADLEY TROWBRIDGE, MICHAEL BENDER, CHRISTOPHER WEHRMAN AND JONATHAN PALEN**

Summary

I, Megan Mason, plaintiff pro se, desperately seek intervention by this court in order to enforce Rule 4 of The Federal Rules of Civil Procedure. Defendant Robert Johnson is represented by counsel but has at the time of this filing refused to sign and return a Waiver of Summons form despite repeated requests by myself to his attorney. Defendants Bradley Trowbridge, Michael

Bender, Christopher Wehrman and Jonathan Palen have aggressively evaded, denied and refused to receive or waive service in this case.

I am therefore begging this court to assist me in effecting service of process on these parties and in allowing my sincere and just claims to be heard in a court of law. Please let these individuals, whether they are attorneys or judges, respond to these sincere claims through trial of fact, not by evading, intimidating and forestalling me as I seek their response to the incredibly serious issues raised in my complaint.

**Facts**

1. Defendants Iris Martinez, Kaye Mason, James Murphy-Aguilu, Talitha Miller, Dorothy Brown, Lori Garner, and Tyler Technologies have all returned a signed consent to waive summons and to my knowledge have acted in compliance with Rule 4 of the Federal Rules of Civil Procedure.

2. On July 12, 2022, following a complaint that was later dismissed without prejudice, I filed an Emergency Motion to Order US Marshal Service on defendants Bradley Trowbridge, Michael Bender, Christopher Wehrman and Jonathan Palen. In this motion I documented exhaustive efforts to contact these parties and to receive their signed waiver of service that predates the complaint before this court.

3. On October 7, 2022 I mailed by US First Class Mail the following documents to defendants Bradley Trowbridge, Michael Bender, Christopher Wehrman and Jonathan Palen: The October 5, 2022 Amended Complaint; A Notice of A request to Waive Service; Two Waiver of Service Forms and a stamped envelope to return signed waivers to plaintiff, and a signed Consent to Magistrate hearing form.

4. Since I filed this complaint on October 5, 2022 and since receiving the above documents

Michael Bender and Christopher Wehrman, both officers of the court, continue to communicate with me regularly in person, over zoom and by email. They are fully aware that they are defendants in this suit and their refusal to acknowledge this case is willful.

5. Robert Johnson is represented by counsel but has refused to return a signed Waiver of Summons form despite three email requests. He continues to meet with me regularly in person and over zoom and to issue rulings in case 2016 D 9534.

6. Defendant Jonathan Palen is in regular contact with these parties and receives email communications from me. It is not plausible that Jonathan Palen doesn't know he's been named as a defendant in the case before this court.

7. Defendant Bradley Trowbridge maintains the same business address, phone number and email he used in all communications with me while my attorney and uses this same contact information for his campaign for Circuit Court judge. It is not plausible that he did not receive the the October 5th Amended Complaint or the most recent waiver of service form. He knows he's being sued in this case and willfully refuses to acknowledge the lawsuit.

8. Christopher Wehrman and Jonathan Palen have used fraudulent business addresses for over a year in both court filings and, in Dr. Palen's case, in his public website. This is to say, Mr. Wehrman is an officer of the court who represents his business address to be located in an office that is not his office, but that of Oil Dri Corporation. Dr. Palen acts as a court approved Custody Evaluator and Illinois licensed social worker while representing his business address to be that of a Home Health Agency. I have personally visited both fraudulent business addresses - that of Dr. Palen and that of Mr. Wehrman - and confirmed they are not in fact the defendants' places of business.

9. Defendant Robert Johnson is a judge. Defendant Michel Bender is a prominent political figure, a court appointed guardian ad litem and a former judge. Defendant Christopher Wherman is an attorney and opposing counsel in the underlying case 2016 D 9534, and defendant Jonathan Palen is a court approved parenting coordinator and custody evaluator. Bradley Trowbridge is my former attorney and candidate for Circuit Court Judge. All these men work in high profile or sensitive professions.

10. I have never been arrested for any crime, much less anything involving violence. I have never been disciplined in the workplace for misconduct. I am a vice president at an investment bank and a licensed financial advisor. In my earlier career I worked for a decade as an early childhood educator, also licensed. Both these jobs are characterized by very high levels of stress and require employees working in these fields to maintain incredibly high standards of decorum and professionalism. I have never been diagnosed with a mental condition associated with violence, inappropriate behaviors, obsessive behaviors or an impaired sense of my environment and reality. I have never been hospitalized for a mental illness or addiction. There is no basis in fact to suggest I am a threat to any party or myself.

11. My actions in this federal lawsuit have been referenced multiple times by defendants who continue involvement in Illinois case 2016 D 9534 as a basis to suggest I am dangerous and unsafe. On October 7, 2022 at a meeting at which neither I nor anyone representing my beneficial interest was present, in an action for which to my knowledge no evidence has ever been presented, defendant Robert Johnson, under the color of law, found that I demonstrated: *"Risk of harm to other persons including, but not limited to…court personnel, attorneys, past and present court appointed persons, and/or the family of any*

*of these persons"* (Exhibit OOO).

12. I have only ever attempted to contact court personnel and other sensitive parties in attempts to coordinate service of a summons in this federal lawsuit. I have only ever been forced to try to find out where these sensitive parties live because they have refused to receive or acknowledge communications at their places of business. Defendant Michael Bender has instructed security in his office building to bar me or anyone sent by me from entering his office. And of course, by using fraudulent business addresses and ignoring my emails, defendants Palen and Wehrman have truly forced me to seek other means of service.

**Argument**

13. I have made every effort to sever personal contact from defendants in this case and to confine all communications to appropriate legacy actions before this court or necessary communications between attorneys and myself. It is these parties who both force me to have contact with them outside this federal lawsuit and refuse to waive service so as to remove the need for any further personal contact. And yet, paradoxically, these defendants are using the extraordinary efforts I must make to "track them down", due to their willful acts of evasion, to disparage me and imply that I am unsafe in state court actions. This makes swift intervention by this court necessary in the interest of justice.

14. As a pro se litigant I am profoundly disadvantaged compared to defendants who have not only the resources to retain attorneys but, as is the case with four of the five recalcitrant defendants, are themselves attorneys. At the very least I would hope that I can have access to the basic minimum standards according to law. At this filing it has been more than thirty days since these defendants received the complaint before this court. They

have en masse willfully refused to sign the Waiver of Summons forms.

15. Robert Johnson, Michael Bender, and Christopher Wehrman persist in acting as judge, guardian ad litem and attorney, respectively, in case 2016 D 9534, in which I am respondent. They speak to me, email me and see me regularly. It insults this court to even ponder whether these individuals are unaware of the case or somehow require more time to respond.

16. I believe Rule 4(d) of the Federal Rules of Civil Procedure makes clear that: *"An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons."* This is true, I understand, for any litigant. But an officer of the court or a court appointee must certainly be held to the highest standard of respect for the judiciary, including compliance with procedures and deadlines. For this reason, I would ask this court to impose the strictest standards of timeliness and responsiveness and order defendants Johnson, Trowbridge, Bender, Wehrman and Palen.

17. In addition to assistance from this court in holding parties to standards and deadlines as codified in The Federal Rules of Civil Procedure, I particularly require assistance in service of process due to both the nature of my relationship to defendants Johnson, Trowbridge, Bender, Wehrman and Palen and to the sensitivity of their professions. There are specific laws in Illinois to protect the privacy of judges and a general, and understandable, expectation by law enforcement that litigants do not stalk, harass or approach judges, court appointees and opposing counsel privately.

18. Any actions I might take privately to coordinate contact between these parties and an appropriate adult to provide service of process might put me in physical and legal

jeopardy.

19. I have also not been able to find a private process server who a. Understands why you would need to arrange service of process on a local working attorney or court employee or appointee and b. is willing to do this for me.

Wherefore I pray that this court:

A. Order service of a summons on the following defendants by US Marshal, Us Marshal Deputy or any other appropriate party that the court deems fit:

    i. Bradley Trowbridge
    3257 N Sheffield Ave #104
    Chicago, IL 60657
    (773) 784-9900
    brad@bradtrowbridge.com

    ii. Michael Bender
    150 N Michigan Ave #2130
    Chicago, IL 60601
    (312) 236-1500
    mbender@caesarbenderlaw.com

    iii. Christopher Wehrman
    847-317-9500
    cwehrman@kgwlaw.com

    iv. Jonathan Palen
    847-967-1695
    jpalen@johnpalenphd.com

B. That this court order respective fees for their personal service to be paid by each party served including expenses incurred by myself, plaintiff.

C. Compel defendant Robert Johnson to, within ten days, sign and return the Waiver of Summons form his attorney Erin Walsh received by email on October 6, 2022, or provide a response to this court as to why he refuses to do so.

D. Order defendants Johnson, Trowbridge, Bender, Wehrman and Palen to respond to the

complaint or by December 8, 2022 or enter a default judgment against them.

E. Any other relief that this court deems fit.

Respectfully Submitted by,

/S/ Megan Mason

Plaintiff Pro Se

November 7, 2022

EXHIBIT OOO

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE THE MARRIAGE OF: )
)
PETER MATT, ) No. 2016 D 9534
*Petitioner*, )
and )
) Calendar: 23
MEGAN MASON, )
*Respondent*. )

ENTERED
Judge Robert Johnson-2156
OCT 07 2022
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### ORDER FOR SUPREME COURT RULE 215(D) IMPARTIAL PHYSICAL OR MENTAL EXAMINATION

This matter coming to be heard for Megan Mason's presentment of her "Section 2-1401 Petition to Vacate the August 25, 2022 Finding of Contempt and Order," and "Motion to Terminate Guardian Ad Litem Appointment;" Peter Matt appearing through counsel; the Guardian *ad Litem* appearing; the parties having proper notice; Megan Mason failing to appear; the Court being fully advised in the premises; Megan Mason having sent a threatening communication to courtroom personnel; Megan Mason having previously argued to the Court without a rationally explainable basis for her words; and Megan Mason having previously been found to be an endangerment to her children;

IT IS HEREBY ORDERED AS FOLLOWS:

1. Megan Mason is ordered to submit to an Illinois Supreme Court Rule 215 Evaluation (Rule 215).

2. The Rule 215 evaluator is to provide a diagnosis, prognosis, treatment plan, as well as needed safety precautions regarding Megan Mason's risk of harm to other persons including, but not limited to, her children, Peter Matt, the Court, court personnel, attorneys, past and present court appointed persons, and/or the families of any of these persons. Additionally, this evaluation is to include without limitation an assessment of Megan Mason's ability to understand her environment, as well as any psychosis, neurosis, and ability to maintain rational thoughts.

3. Respondent shall appear for the examination with a physician chosen by the Administrative Office of the Illinois Courts, at a time, date and place arranged by the Administrative Office of the Illinois Courts, unless otherwise ordered by this Court.

4. The physician within twenty-one (21) days of the examination, shall file their report with the Administrative Office of the Illinois Courts. The Administrative Office shall make and distribute copies of the report to this court and the attorneys for the parties.

5. The Respondent's failure to appear for the examination and evaluation on the date, time and place arranged by the Administrative Office of the Illinois Courts may subject the Respondent to sanctions ordered by this court under Supreme Court Rule 219(c).

1

6. A signed copy of this order shall be sent to Ms. Monica Allen, Court Services Manager and the Administrative Office of the Illinois Courts located at 3101 Old Jackson Road, Springfield, IL 62704-6488 or via email to Mallen@illinoiscourts.gov.

7. The Rule 215 Evaluation shall be paid for by Cook County.

8. The Court will determine who is to conduct the Rule 215 Evaluation.

ENTERED:

_____
JUDGE                       Date