UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
Eastern Division

Megan Mason, et al.
                          Plaintiff,

v.                                                           Case No.: 1:22–cv–02315
                                                               Honorable Martha M. Pacold

Iris Martinez, et al.
                          Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, November 7, 2022:

       MINUTE entry before the Honorable Martha M. Pacold: Upon fresh examination of Plaintiff's amended complaint [38], the court dismisses it without prejudice as inconsistent with Fed. R. Civ. P. 8(a)(2). Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Though Plaintiff's complaint is shorter than her original, 299–page complaint [1], it nevertheless does not meet Rule 8's standard. The amended complaint is 76 pages and contains no fewer than 198 paragraphs (though broken down into subparagraphs there are many more). It consists of a long and winding history of Plaintiff's state–court litigation–interspersed with various legal theories and conclusory legal arguments–that the court cannot follow or organize into discrete parts. As Judge Norgle noted when dismissing Plaintiff's previous complaint for the same reason, "Plaintiff['s] lack of basic coherence and organization create an unintelligible web of factual assertions and legal theories that make it impossible for the fifteen... defendants or the Court to ascertain which facts are relevant to which claims and to which defendant(s)." [37]. Plaintiff's "kitchen sink approach" from the original complaint carried over to this one. The complaint's lack of organization and clarity frustrate the purposes of Rule 8(a) by failing to state what plaintiff is claiming in a way that would permit the defendants to respond appropriately in an answer or other pleading. Longstanding Seventh Circuit precedent requires plaintiffs to avoid this approach so that litigation can proceed in an orderly fashion. See, e.g., Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d 939, 946–47 (7th Cir. 2013); Stanard v. Nygren, 658 F.3d 792, 797–800 (7th Cir. 2011); United States ex rel. Garst v. Lockheed–Martin Corp., 328 F.3d 374, 376–79 (7th Cir. 2003) ("Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter."). This is not to say that Plaintiff necessarily has no claims that could make it past the pleading stage if presented consistent with Rule 8(a)(2); the court just cannot discern what those claims are, if any, given the "morass" presented to it. Beyrer, 722 F.3d at 947. For those reasons, Plaintiff's first amended complaint [38] is dismissed without prejudice. As there is no longer an operative complaint, Plaintiff's motion for a preliminary injunction and temporary restraining order [40] and for a briefing schedule on that motion [53] are denied as moot. Plaintiff may file an amended complaint by 12/2/2022 if plaintiff can do so consistent with this order. If plaintiff does not file an amended complaint by that date, the court will enter final judgment and close the case.

(rao, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.